UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. |
| Plaintiff | : | |
| v. | : | |
| COSTCO WHOLESALE CORPORATION, ET AL | : | |
| Defendant | : | JUNE 25, 2024 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1336, §1441, and §1446, the defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. hereby submit this Notice of Removal of the above lawsuit returnable in the Superior Court of Connecticut for the Judicial District of Hartford with a Return Date of August 13, 2024 to the United States District Court for the District of Connecticut.

The basis for such removal is diversity jurisdiction pursuant to 28 U.S.C. §1332 as the plaintiff is a citizen of Massachusetts, the defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. are corporations with a principal place of business in Issaquah, WA, and the defendant Freshwater MZL LLC is a Delaware limited liability company with a principal place of business in Delaware. Further, upon information and belief, the managing member of the LLC is Freshwater Manager, LLC, a New York limited liability company. The State

Court Complaint alleges a traumatic brain injury and does not specify the amount of alleged damages other than to allege that such damages exceed the jurisdictional minimum of the Superior Court of fifteen thousand dollars. However, while the defendants deny plaintiff's claims of injuries, plaintiff alleges permanent bodily injuries, the value of which may exceed $75,000.00. A copy of the Summons and Complaint in Hartford Superior Court is attached hereto as Exhibit "A".

Costco Wholesale Corporation and Costco Wholesale Membership, Inc. will notify the Connecticut Superior Court of the filing of this Notice of Removal when the case is returned to the Connecticut Superior Court. A copy of the Notice of removal in the Connecticut Superior Court will then be filed with the United States District Court for the District of Connecticut.

The defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc. were served on June 24, 2024 and, therefore this removal is timely.

Pursuant to the Standing Order on removed cases, a Statement of Removed Case and a Notice of Pending Motions are being filed simultaneously herewith.

Finally, the defendants submit a Civil Cover Sheet attached hereto as Exhibit "B".

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.

/s/ Miles Esty
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. |
| Plaintiff | : | |
| v. | : | |
| COSTCO WHOLESALE CORPORATION, ET AL | : | |
| Defendant | : | JUNE 25, 2024 |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2024 a copy of this document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
/s/ Miles Esty

Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867



**SUMMONS - CIVIL**
JD-CV-1 Rev. 11-19
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

**For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.***

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| **95 Washington St., Hartford, CT 06106** | **( 860 ) 548 – 2700** | **08/13/2024** |

☒ Judicial District ☐ Housing Session ☐ G.A. Number: | At *(City/Town)* **Hartford** | Case type code *(See list on page 2)* Major: **T** Minor: **12**

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| **Law Offices of Balzano & Tropiano PC, 321 Whitney Ave., New Haven, CT 06511** | **428258** |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| **( 203 ) 891 – 6336** | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*: **BTlit@balzanoandtropiano.com**

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | **Name:** Labroad, Nancy E. **Address:** 40 West Colonial rd Wilbraham MA 01095 | P-01 |
| **Additional plaintiff** | **Name:** **Address:** | P-02 |
| **First defendant** | **Name:** Costco Wholesale Corporation c/o Attorney Miles Esty - Esty & Buckmir, LLC ( AGREES TO ACCEPT SERVICE FOR) **Address:** 2285 Whitney Avenue, Hamden, CT 06518 + agent for service: C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | D-01 |
| **Additional defendant** | **Name:** Costco Wholesale Membership, Inc. c/o Attorney Miles Esty - Esty & Buckmir, LLC ( AGREES TO ACCEPT SERVICE FOR) **Address:** 2285 Whitney Avenue, Hamden, CT 06518 + agent for service: C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | D-02 |
| **Additional defendant** | **Name:** Freshwater MZL LLC c/o agent for service: Corporation Service Company **Address:** Goodwin Square, 225 Asylum St., 20th Flr, Hartford, CT 06103 | D-03 |
| **Additional defendant** | **Name:** **Address:** | D-04 |

**Total number of plaintiffs: 1** | **Total number of defendants: 3** | ☐ Form JD-CV-2 attached for additional parties

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.

**The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | | Name of person signing |
|---|---|---|---|
| **06/21/2024** | [signature] | ☒ Commissioner of Superior Court ☐ Clerk | **Andrew Boivin** |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

THIS IS A TRUE COPY
ATTEST:
FRANK P. SANDILLO
STATE MARSHAL NEW HAVEN COUNTY
AND AN INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|
| | | | |

**Instructions**

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*
   *Do not use this summons for the following actions:*
   - *(a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
   - *(b) Any actions or proceedings in which an attachment, garnishment or replevy is sought*
   - *(c) Applications for change of name*
   - *(d) Probate appeals*
   - *(e) Administrative appeals*
   - *(f) Proceedings pertaining to arbitration*
   - *(g) Summary Process (Eviction) actions*
   - *(h) Entry and Detainer proceedings*
   - *(i) Housing Code Enforcement actions*

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| **Contracts** | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 90 | All other |
| **Eminent Domain** | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| **Housing** | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| **Miscellaneous** | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/ Minor | MINOR DESCRIPTION |
|---|---|---|
| **Property** | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| **Torts (Other than Vehicular)** | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| **Vehicular Torts** | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other<br>*Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| **Wills, Estates and Trusts** | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | | |
|---|---|---|
| RETURN DATE: AUGUST 13, 2024 | : | SUPERIOR COURT |
| NANCY E. LABROAD | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| COSTCO WHOLESALE CORP., ET AL. | : | JUNE 21, 2024 |

**COMPLAINT**

**COUNT ONE: NANCY E. LABROAD v. COSTCO WHOLESALE CORPORATION**

1. On June 22, 2022, and for some time prior thereto, the defendant, COSTCO WHOLESALE CORPORATION, was and is a foreign stock corporation organized and existing under the laws of the State of Washington that is registered and authorized to do business in the State of Connecticut.

2. At all times mentioned herein, COSTCO WHOLESALE CORPORATION, was and is in the business of, inter alia, owning and maintaining a series of commercial wholesale retail properties, which includes the premises known as the "COSTCO Enfield Warehouse", that exists with the business address of 75 Freshwater Boulevard, Enfield, CT 06082 (hereinafter "the premises" and/or the "COSTCO Enfield Warehouse" premises).

3. At all times mentioned herein, the defendant, COSTCO WHOLESALE CORPORATION, possessed, controlled, leased, maintained, managed, and/or owned the above-mentioned "COSTCO Enfield Warehouse" premises, which it

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

held open for the use and convenience of the public.

4. At all times mentioned herein, the defendant, COSTCO WHOLESALE CORPORATION, possessed, controlled, leased, maintained, managed, and/or owned the parking lot that was located at and serviced the "COSTCO Enfield Warehouse" premises.

5. At all times mentioned herein, the defendant, COSTCO WHOLESALE CORPORATION, and/or its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, was charged with the duty of maintaining, repairing, and exercising reasonable care over the "COSTCO Enfield Warehouse" premises, including the parking lot, which it possessed, controlled, leased, maintained, managed, and/or owned.

6. At all times mentioned herein, multiple pedestrian crosswalks existed within said parking lot that led to/from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises.

7. At said time and place, there existed a defective, unsafe, dangerous, and/or hazardous condition at the "COSTCO Enfield Warehouse" parking lot in that there were insufficient traffic control signals, devices, and/or signs to regulate the flow and circulation of motor vehicle traffic at its intersection with the above-

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

described pedestrian crosswalks leading to/from the primary entrance/exit of the premises, including the crosswalk utilized by the pedestrian plaintiff at the time this incident occurred.

8. At all times mentioned herein, there existed defective, unsafe, dangerous, and/or hazardous conditions at the "COSTCO Enfield Warehouse" parking lot in that the flow of motor vehicle traffic was not directed and/or circulated away from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff, Nancy Labroad, at the time this incident occurred.

9. On June 22, 2022, at approximately 11:50 a.m., the plaintiff, Nancy E. Labroad, was lawfully present on or at said "COSTCO Enfield Warehouse" premises, as a business invitee, customer, guest, member, and/or patron of the defendant, COSTCO WHOLESALE CORPORATION.

10. At said time and place, the plaintiff, Nancy E. Labroad, a pedestrian, exited the "COSTCO Enfield Warehouse" premises and proceeded to traverse said pedestrian crosswalk to reach her vehicle in the parking lot.

11. At said time and place, as the plaintiff, Nancy E. Labroad, while exercising due care and diligence, was walking through or directly next to the pedestrian

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

crosswalk leading to/from the primary entrance/exit of "COSTCO Enfield Warehouse" premises, she was suddenly, and without warning, forcefully struck by a motor vehicle, thereby causing the plaintiff to forcefully fall to the ground.

12. As a result of being struck by a vehicle and caused to forcefully strike and land on the parking lot pavement, and due to the aforementioned defective, unsafe, dangerous, and/or hazardous conditions, the plaintiff, Nancy E. Labroad, was caused sustain the injuries and damages alleged herein.

13. The presence of and/or failure to maintain, remedy, or repair said defective, unsafe, dangerous, and/or hazardous conditions that existed at the "COSTCO Enfield Warehouse" premises parking lot constituted a violation or breach of duty owed to its business invitees, customers, guests, members, and/or patrons such as the plaintiff, Nancy E. Labroad, by the defendant, COSTCO WHOLESALE CORPORATION.

14. As a result of the aforementioned negligence and carelessness of the defendant, COSTCO WHOLESALE CORPORATION, and/or by and through an act or omission of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, the plaintiff, Nancy E. Labroad, was caused to sustain and/or exacerbate injuries of a serious, painful, and/or permanent nature, in that:

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-0336

a. She sustained and suffers from a fracture about her left proximal tibia;

b. She sustained and suffers from a fracture about her right proximal tibia;

c. She sustained and suffers from a fracture about her left proximal fibula;

d. She sustained and suffers from a fracture about her right proximal fibula;

e. She sustained and suffers from a nondisplaced fracture about her left distal femur centered on the medial epicondyle;

f. She sustained and suffers from a displaced fracture about her lateral tibial plateau;

g. She was caused to undergo an invasive surgical repair procedure about her tibial plateau;

h. She was caused to wear bilateral knee immobilizers;

i. She sustained and suffers from a bimalleolar fracture about her left ankle;

j. She was caused to wear a splint about her left ankle;

k. She sustained and suffers from an abrasion about her left medial ankle, associated with erythema;

l. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right knee;

m. She experiences pain, stiffness, soreness, discomfort, tenderness, and

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

swelling about her left knee;

n. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left ankle;

o. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right ankle;

p. She experiences a decrease in range of motion about her left knee;

q. She experiences a decrease in range of motion about her right knee;

r. She experiences a decrease in range of motion about her left ankle;

s. She experiences a decrease range of motion about her right ankle;

t. She was caused to use a wheelchair;

u. She was caused to endure headaches;

v. She was caused to endure difficulty sleeping;

w. She experienced an acute anxiety reaction, accompanied by its usual symptoms; and,

x. She endured, and continues to endure, great pain to the mind and body.

15. As a result of her injuries, the plaintiff, Nancy E. Labroad, incurred expenses in the form of ambulance transportation, emergency room care, orthopedic care, orthopedic surgery, physical therapy, X-Rays, CT scans, ankle splints, knee

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 691-8336

immobilizers, medical care, medications, and for matters incidental thereto and will be required to incur similar expenses in the future.

16. At the time of said incident, the plaintiff, Nancy E. Labroad, was able to engage in common activities, but due to said injuries, she has, in the past, and may be in the future, unable to engage in all of life's activities and enjoyments.

17. Said occurrence was due to the breach by the defendant, COSTCO WHOLESALE CORPORATION, and/or by and through the acts or omissions of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, of its duty to use reasonable care to keep and maintain the "COSTCO Enfield Warehouse" premises in a reasonably safe and good condition, including the parking lot where the pedestrian plaintiff was struck by a motor vehicle, in any one or more of the following ways and/or any combination thereof, in that:

a. It failed to consider, establish or maintain reasonably safe pedestrian paths through the parking lot, thereby compelling pedestrians to move through the vehicular travel lanes and to/from their individual parked vehicles;

b. It allowed, caused, and/or permitted the flow of motor vehicle traffic to be directed and/or circulated towards the primary entrance/exit of the

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

"COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff;

c. It failed to control the movement of vehicles through the use of traffic control signals, devices, stop signs, yield signs, speed limit signs, speed bumps, speed humps and hatched speed markings while compelling pedestrians to walk within vehicular travel lanes, thereby creating the likelihood of injury due to a vehicular collision with other vehicle(s) and/or pedestrian(s);

d. It failed to provide and/or mark designated safe pedestrian crossing areas that provided reasonably safe means for pedestrians to cross from the parking lot to the store;

e. It allowed, caused, and/or permitted said pedestrian crosswalks existing at the "COSTCO Enfield Warehouse" parking lot to exist and remain in a dangerous and confusing manner and arrangement, including as a result of multiple different line striping and the placement of cones;

f. It failed to warn drivers with signage, roadway markings, or other reasonable means of the presence of pedestrians;

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

g. It failed to timely and/or properly inspect the parking lot in order to ascertain the existence of the defective conditions of the parking lot set forth herein, nor were preventive measures taken to render said area less dangerous or defective;

h. It failed to reasonably, properly, and timely inspect the premises in the exercise of reasonable care and inspection;

i. It failed to discover or act upon the aforementioned defective conditions and should have taken measures to remedy and correct the same, but failed to do so;

j. It failed to warn pedestrians of the dangerous conditions that existed within the parking lot due to vehicular traffic and the traffic pattern existing thereon;

k. It knew or should have known of the dangerous and defective condition of the parking lot but failed to take reasonable measures to remedy the same; and

l. It failed to provide the plaintiff, who was lawfully on or at the "COSTCO Enfield Warehouse" premises, with reasonably safe conditions and premises.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 691-6336

18. The defendant, COSTCO WHOLESALE CORPORATION, and/or its agents, apparent agents, contractors, employees, lessees, tenants, or servants, knew or in the exercise of reasonable care and/or proper diligence should have known of the aforesaid conditions, yet failed to take reasonable and necessary precautions and measures to ensure that the plaintiff was not subjected to unreasonable risks of harm and/or injury while she was lawfully present on or at the "COSTCO Enfield Warehouse" premises.

**COUNT TWO: NANCY E. LABROAD v. COSTCO WHOLESALE MEMBERSHIP, INC.**

1. On June 22, 2022, and for some time prior thereto, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was and is a foreign stock corporation organized and existing under the laws of the State of California that is registered and authorized to do business in the State of Connecticut.

2. At all times mentioned herein, COSTCO WHOLESALE MEMBERSHIP, INC., was and is in the business of, inter alia, owning and maintaining a series of commercial wholesale retail properties, which includes the premises known as the "COSTCO Enfield Warehouse", that exists with the business address of 75 Freshwater Boulevard, Enfield, CT 06082 (hereinafter "the premises" and/or the "COSTCO Enfield Warehouse" premises).

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 691-6336

3. At all times mentioned herein, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., possessed, controlled, leased, maintained, managed, and/or owned the above-mentioned "COSTCO Enfield Warehouse" premises, which it held open for the use and convenience of the public.

4. At all times mentioned herein, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., possessed, controlled, leased, maintained, managed, and/or owned the parking lot that was located at and serviced the "COSTCO Enfield Warehouse" premises.

5. At all times mentioned herein, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., and/or its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, was charged with the duty of maintaining, repairing, and exercising reasonable care over the "COSTCO Enfield Warehouse" premises, including the parking lot, which it possessed, controlled, leased, maintained, managed, and/or owned.

6. At all times mentioned herein, multiple pedestrian crosswalks existed within said parking lot that led to/from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises.

7. At said time and place, there existed a defective, unsafe, dangerous, and/or

hazardous condition at the "COSTCO Enfield Warehouse" parking lot in that there were insufficient traffic control signals, devices, and/or signs to regulate the flow and circulation of motor vehicle traffic at its intersection with the above-described pedestrian crosswalks leading to/from the primary entrance/exit of the premises, including the crosswalk utilized by the pedestrian plaintiff at the time this incident occurred.

8. At all times mentioned herein, there existed defective, unsafe, dangerous, and/or hazardous conditions at the "COSTCO Enfield Warehouse" parking lot in that the flow of motor vehicle traffic was not directed and/or circulated away from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff, Nancy Labroad, at the time this incident occurred.

9. On June 22, 2022, at approximately 11:50 a.m., the plaintiff, Nancy E. Labroad, was lawfully present on or at said "COSTCO Enfield Warehouse" premises, as a business invitee, customer, guest, member, and/or patron of the defendant, COSTCO WHOLESALE MEMBERSHIP, INC.

10. At said time and place, the plaintiff, Nancy E. Labroad, a pedestrian, exited the "COSTCO Enfield Warehouse" premises and proceeded to traverse said

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-8336

pedestrian crosswalk to reach her vehicle in the parking lot.

11. At said time and place, as the plaintiff, Nancy E. Labroad, while exercising due care and diligence, was walking through or directly next to the pedestrian crosswalk leading to/from the primary entrance/exit of "COSTCO Enfield Warehouse" premises, she was suddenly, and without warning, forcefully struck by a motor vehicle, thereby causing the plaintiff to forcefully fall to the ground.

12. As a result of being struck by a vehicle and caused to forcefully strike and land on the parking lot pavement, and due to the aforementioned defective, unsafe, dangerous, and/or hazardous conditions, the plaintiff, Nancy E. Labroad, was caused sustain the injuries and damages alleged herein.

13. The presence of and/or failure to maintain, remedy, or repair said defective, unsafe, dangerous, and/or hazardous conditions that existed at the "COSTCO Enfield Warehouse" premises parking lot constituted a violation or breach of duty owed to its business invitees, customers, guests, members, and/or patrons such as the plaintiff, Nancy E. Labroad, by the defendant, COSTCO WHOLESALE MEMBERSHIP, INC.

14. As a result of the aforementioned negligence and carelessness of the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., and/or by and through an act or

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-8336

omission of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, the plaintiff, Nancy E. Labroad, was caused to sustain and/or exacerbate injuries of a serious, painful, and/or permanent nature, in that:

a. She sustained and suffers from a fracture about her left proximal tibia;

b. She sustained and suffers from a fracture about her right proximal tibia;

c. She sustained and suffers from a fracture about her left proximal fibula;

d. She sustained and suffers from a fracture about her right proximal fibula;

e. She sustained and suffers from a nondisplaced fracture about her left distal femur centered on the medial epicondyle;

f. She sustained and suffers from a displaced fracture about her lateral tibial plateau;

g. She was caused to undergo an invasive surgical repair procedure about her tibial plateau;

h. She was caused to wear bilateral knee immobilizers;

i. She sustained and suffers from a bimalleolar fracture about her left ankle;

j. She was caused to wear a splint about her left ankle;

k. She sustained and suffers from an abrasion about her left medial ankle, associated with erythema;

l. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right knee;

m. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left knee;

n. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left ankle;

o. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right ankle;

p. She experiences a decrease in range of motion about her left knee;

q. She experiences a decrease in range of motion about her right knee;

r. She experiences a decrease in range of motion about her left ankle;

s. She experiences a decrease range of motion about her right ankle;

t. She was caused to use a wheelchair;

u. She was caused to endure headaches;

v. She was caused to endure difficulty sleeping;

w. She experienced an acute anxiety reaction, accompanied by its usual symptoms; and,

x. She endured, and continues to endure, great pain to the mind and body.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

15. As a result of her injuries, the plaintiff, Nancy E. Labroad, incurred expenses in the form of ambulance transportation, emergency room care, orthopedic care, orthopedic surgery, physical therapy, X-Rays, CT scans, ankle splints, knee immobilizers, medical care, medications, and for matters incidental thereto and will be required to incur similar expenses in the future.

16. At the time of said incident, the plaintiff, Nancy E. Labroad, was able to engage in common activities, but due to said injuries, she has, in the past, and may be in the future, unable to engage in all of life's activities and enjoyments.

17. Said occurrence was due to the breach by the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., and/or by and through the acts or omissions of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, of its duty to use reasonable care to keep and maintain the "COSTCO Enfield Warehouse" premises in a reasonably safe and good condition, including the parking lot where the pedestrian plaintiff was struck by a motor vehicle, in any one or more of the following ways and/or any combination thereof, in that:

a. It failed to consider, establish or maintain reasonably safe pedestrian paths through the parking lot, thereby compelling pedestrians to move through the vehicular travel lanes and to/from their individual parked

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

vehicles;

b. It allowed, caused, and/or permitted the flow of motor vehicle traffic to be directed and/or circulated towards the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff;

c. It failed to control the movement of vehicles through the use of traffic control signals, devices, stop signs, yield signs, speed limit signs, speed bumps, speed humps and hatched speed markings while compelling pedestrians to walk within vehicular travel lanes, thereby creating the likelihood of injury due to a vehicular collision with other vehicle(s) and/or pedestrian(s);

d. It failed to provide and/or mark designated safe pedestrian crossing areas that provided reasonably safe means for pedestrians to cross from the parking lot to the store;

e. It allowed, caused, and/or permitted said pedestrian crosswalks existing at the "COSTCO Enfield Warehouse" parking lot to exist and remain in a dangerous and confusing manner and arrangement, including as a result

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

of multiple different line striping and the placement of cones;

f. It failed to warn drivers with signage, roadway markings, or other reasonable means of the presence of pedestrians;

g. It failed to timely and/or properly inspect the parking lot in order to ascertain the existence of the defective conditions of the parking lot set forth herein, nor were preventive measures taken to render said area less dangerous or defective;

h. It failed to reasonably, properly, and timely inspect the premises in the exercise of reasonable care and inspection;

i. It failed to discover or act upon the aforementioned defective conditions and should have taken measures to remedy and correct the same, but failed to do so;

j. It failed to warn pedestrians of the dangerous conditions that existed within the parking lot due to vehicular traffic and the traffic pattern existing thereon;

k. It knew or should have known of the dangerous and defective condition of the parking lot but failed to take reasonable measures to remedy the same; and

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

l. It failed to provide the plaintiff, who was lawfully on or at the "COSTCO Enfield Warehouse" premises, with reasonably safe conditions and premises.

18. The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., and/or its agents, apparent agents, contractors, employees, lessees, tenants, or servants, knew or in the exercise of reasonable care and/or proper diligence should have known of the aforesaid conditions, yet failed to take reasonable and necessary precautions and measures to ensure that the plaintiff was not subjected to unreasonable risks of harm and/or injury while she was lawfully present on or at the "COSTCO Enfield Warehouse" premises.

**COUNT THREE: NANCY E. LABROAD v. FRESHWATER MZL LLC**

1. On June 22, 2022, and for some time prior thereto, the defendant, FRESHWATER MZL LLC, was and is a foreign limited liability company organized and existing under the laws of the State of Delaware that is registered and authorized to do business in the State of Connecticut.

2. At all times mentioned herein, FRESHWATER MZL LLC, was and is in the business of, inter alia, owning and maintaining a series of commercial wholesale retail properties, which includes the premises known as the "COSTCO Enfield

Warehouse", that exists with the business address of 75 Freshwater Boulevard, Enfield, CT 06082 (hereinafter "the premises" and/or the "COSTCO Enfield Warehouse" premises).

3. At all times mentioned herein, the defendant, FRESHWATER MZL LLC, possessed, controlled, leased, maintained, managed, and/or owned the above-mentioned "COSTCO Enfield Warehouse" premises, which it held open for the use and convenience of the public.

4. At all times mentioned herein, the defendant, FRESHWATER MZL LLC, possessed, controlled, leased, maintained, managed, and/or owned the parking lot that was located at and serviced the "COSTCO Enfield Warehouse" premises.

5. At all times mentioned herein, the defendant, FRESHWATER MZL LLC, and/or its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, was charged with the duty of maintaining, repairing, and exercising reasonable care over the "COSTCO Enfield Warehouse" premises, including the parking lot, which it possessed, controlled, leased, maintained, managed, and/or owned.

6. At all times mentioned herein, multiple pedestrian crosswalks existed within said parking lot that led to/from the primary entrance/exit of the "COSTCO Enfield

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

Warehouse" premises.

7. At said time and place, there existed a defective, unsafe, dangerous, and/or hazardous condition at the "COSTCO Enfield Warehouse" parking lot in that there were insufficient traffic control signals, devices, and/or signs to regulate the flow and circulation of motor vehicle traffic at its intersection with the above-described pedestrian crosswalks leading to/from the primary entrance/exit of the premises, including the crosswalk utilized by the pedestrian plaintiff at the time this incident occurred.

8. At all times mentioned herein, there existed defective, unsafe, dangerous, and/or hazardous conditions at the "COSTCO Enfield Warehouse" parking lot in that the flow of motor vehicle traffic was not directed and/or circulated away from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff, Nancy Labroad, at the time this incident occurred.

9. On June 22, 2022, at approximately 11:50 a.m., the plaintiff, Nancy E. Labroad, was lawfully present on or at said "COSTCO Enfield Warehouse" premises, as a business invitee, customer, guest, member, and/or patron of the defendant, FRESHWATER MZL LLC.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

10. At said time and place, the plaintiff, Nancy E. Labroad, a pedestrian, exited the "COSTCO Enfield Warehouse" premises and proceeded to traverse said pedestrian crosswalk to reach her vehicle in the parking lot.

11. At said time and place, as the plaintiff, Nancy E. Labroad, while exercising due care and diligence, was walking through or directly next to the pedestrian crosswalk leading to/from the primary entrance/exit of "COSTCO Enfield Warehouse" premises, she was suddenly, and without warning, forcefully struck by a motor vehicle, thereby causing the plaintiff to forcefully fall to the ground.

12. As a result of being struck by a vehicle and caused to forcefully strike and land on the parking lot pavement, and due to the aforementioned defective, unsafe, dangerous, and/or hazardous conditions, the plaintiff, Nancy E. Labroad, was caused sustain the injuries and damages alleged herein.

13. The presence of and/or failure to maintain, remedy, or repair said defective, unsafe, dangerous, and/or hazardous conditions that existed at the "COSTCO Enfield Warehouse" premises parking lot constituted a violation or breach of duty owed to its business invitees, customers, guests, members, and/or patrons such as the plaintiff, Nancy E. Labroad, by the defendant, FRESHWATER MZL LLC

14. As a result of the aforementioned negligence and carelessness of the defendant,

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 691-6336

FRESHWATER MZL LLC, and/or by and through an act or omission of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, the plaintiff, Nancy E. Labroad, was caused to sustain and/or exacerbate injuries of a serious, painful, and/or permanent nature, in that:

a. She sustained and suffers from a fracture about her left proximal tibia;

b. She sustained and suffers from a fracture about her right proximal tibia;

c. She sustained and suffers from a fracture about her left proximal fibula;

d. She sustained and suffers from a fracture about her right proximal fibula;

e. She sustained and suffers from a nondisplaced fracture about her left distal femur centered on the medial epicondyle;

f. She sustained and suffers from a displaced fracture about her lateral tibial plateau;

g. She was caused to undergo an invasive surgical repair procedure about her tibial plateau;

h. She was caused to wear bilateral knee immobilizers;

i. She sustained and suffers from a bimalleolar fracture about her left ankle;

j. She was caused to wear a splint about her left ankle;

k. She sustained and suffers from an abrasion about her left medial ankle,

associated with erythema;

l. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right knee;

m. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left knee;

n. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left ankle;

o. She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right ankle;

p. She experiences a decrease in range of motion about her left knee;

q. She experiences a decrease in range of motion about her right knee;

r. She experiences a decrease in range of motion about her left ankle;

s. She experiences a decrease range of motion about her right ankle;

t. She was caused to use a wheelchair;

u. She was caused to endure headaches;

v. She was caused to endure difficulty sleeping;

w. She experienced an acute anxiety reaction, accompanied by its usual symptoms; and,

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

x. She endured, and continues to endure, great pain to the mind and body.

15. As a result of her injuries, the plaintiff, Nancy E. Labroad, incurred expenses in the form of ambulance transportation, emergency room care, orthopedic care, orthopedic surgery, physical therapy, X-Rays, CT scans, ankle splints, knee immobilizers, medical care, medications, and for matters incidental thereto and will be required to incur similar expenses in the future.

16. At the time of said incident, the plaintiff, Nancy E. Labroad, was able to engage in common activities, but due to said injuries, she has, in the past, and may be in the future, unable to engage in all of life's activities and enjoyments.

17. Said occurrence was due to the breach by the defendant, FRESHWATER MZL LLC, and/or by and through the acts or omissions of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, of its duty to use reasonable care to keep and maintain the "COSTCO Enfield Warehouse" premises in a reasonably safe and good condition, including the parking lot where the pedestrian plaintiff was struck by a motor vehicle, in any one or more of the following ways and/or any combination thereof, in that:

a. It failed to consider, establish or maintain reasonably safe pedestrian paths through the parking lot, thereby compelling pedestrians to move

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-6336

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-5336

through the vehicular travel lanes and to/from their individual parked vehicles;

b. It allowed, caused, and/or permitted the flow of motor vehicle traffic to be directed and/or circulated towards the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff;

c. It failed to control the movement of vehicles through the use of traffic control signals, devices, stop signs, yield signs, speed limit signs, speed bumps, speed humps and hatched speed markings while compelling pedestrians to walk within vehicular travel lanes, thereby creating the likelihood of injury due to a vehicular collision with other vehicle(s) and/or pedestrian(s);

d. It failed to provide and/or mark designated safe pedestrian crossing areas that provided reasonably safe means for pedestrians to cross from the parking lot to the store;

e. It allowed, caused, and/or permitted said pedestrian crosswalks existing at the "COSTCO Enfield Warehouse" parking lot to exist and remain in a

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

dangerous and confusing manner and arrangement, including as a result of multiple different line striping and the placement of cones;

f. It failed to warn drivers with signage, roadway markings, or other reasonable means of the presence of pedestrians;

g. It failed to timely and/or properly inspect the parking lot in order to ascertain the existence of the defective conditions of the parking lot set forth herein, nor were preventive measures taken to render said area less dangerous or defective;

h. It failed to reasonably, properly, and timely inspect the premises in the exercise of reasonable care and inspection;

i. It failed to discover or act upon the aforementioned defective conditions and should have taken measures to remedy and correct the same, but failed to do so;

j. It failed to warn pedestrians of the dangerous conditions that existed within the parking lot due to vehicular traffic and the traffic pattern existing thereon;

k. It knew or should have known of the dangerous and defective condition of the parking lot but failed to take reasonable measures to remedy the

same; and

l. It failed to provide the plaintiff, who was lawfully on or at the "COSTCO Enfield Warehouse" premises, with reasonably safe conditions and premises.

18. The defendant, FRESHWATER MZL LLC, and/or its agents, apparent agents, contractors, employees, lessees, tenants, or servants, knew or in the exercise of reasonable care and/or proper diligence should have known of the aforesaid conditions, yet failed to take reasonable and necessary precautions and measures to ensure that the plaintiff was not subjected to unreasonable risks of harm and/or injury while she was lawfully present on or at the "COSTCO Enfield Warehouse" premises.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 881-5336

WHEREFORE, the plaintiff claims money damages.

Dated at New Haven, Connecticut, this 21st day of June, 2024.

THE PLAINTIFF,
NANCY E. LABROAD

By________________________

Andrew T. Boivin, Esq.
Balzano & Tropiano, P.C.
321 Whitney Avenue
New Haven, Connecticut 06511
Telephone: (203) 891-6336
Fax: (203) 891-6136
Juris No.: 428258

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6338

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 891-6336

| | | |
|---|---|---|
| **RETURN DATE: AUGUST 13, 2024** | : | **SUPERIOR COURT** |
| **NANCY E. LABROAD** | : | **J.D. OF HARTFORD** |
| **V.** | : | **AT HARTFORD** |
| **COSTCO WHOLESALE CORP., ET AL.** | : | **JUNE 21, 2024** |

**STATEMENT RE: AMOUNT IN DEMAND**

The amount in demand, exclusive of interest and costs, is:

[X] not less than $15,000

THE PLAINTIFF,
NANCY E. LABROAD

By______________________

Andrew T. Boivin, Esq.
Balzano & Tropiano, P.C.
321 Whitney Avenue
New Haven, Connecticut 06511
Telephone: (203) 891-6336
Fax: (203) 891-6136
Juris No.: 428258

THIS IS A TRUE COPY
ATTEST:

FRANK P. SANDILLO
STATE MARSHAL NEW HAVEN COUNTY
AND AN INDIFFERENT PERSON

# B

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nancy Labroad

**(b)** County of Residence of First Listed Plaintiff Hampden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew Boivin, Esq., Law Offices of Balzano & Tropiano PC, 321 Whitney Avenue, New Haven, CT 06511, 203-891-6336

## DEFENDANTS

Costco Wholesale Corporation; Costco Wholesale Membership, Inc.; Freshwater MZL LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Miles Esty, Esq., Esty & Buckmir, LLC, 2285 Whitney Avenue, Hamden, CT 06518, 203-248-5678 (for 2 Costco defendants)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1336, 1441, 1446

Brief description of cause:
Alleged premises liability resulting in alleged personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
06/25/2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Miles N. Esty

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE