UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD                             :        CIVIL NO. 3:24-CV-01102
                                          :
        Plaintiff                         :
                                          :
                                          :
v.                                        :
                                          :
                                          :
COSTCO WHOLESALE                          :
CORPORATION; COSTCO                       :
WHOLESALE MEMBERSHIP, INC.;               :
FRESHWATER MZL LLC                        :
                                          :
        Defendant                         :        AUGUST 22, 2024

**Form 26(f)**
**Report of Parties Planning Meeting**

Date Complaint Filed:            Not filed in State Court
                                 Removed to Federal Court June 25, 2024
Date Complaint Served:           June 24, 2024
Date of Defendants' Appearance:  June 25, 2024

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and D. Conn. L. Civil R. 16 a

conference was held on August 20, 2024 and August 22, 2024 and the participants were:

Brendan Nelligan, Esquire, for the plaintiff, Nancy Labroad
Miles Esty, Esquire, for the defendants, Costco Wholesale Corporation and Costco Membership, Inc.

Freshwater MZL LLC has not appeared to date. However, Freshwater MZL LLC has

tendered its defense and indemnity to Costco Wholesale Corporation by letter dated August 8,

2024 and said parties are negotiating same.

**I.    Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the

nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt

settlement or other resolution of the case and, in consultation with their clients, have developed the

following proposed case management plan. Counsel further certify that they have forwarded a copy

of this report to their clients.

II.    **Jurisdiction**

    A.    Subject Matter Jurisdiction: Diversity of Citizenship, 28 U.S.C. §1332.

    B.    Personal Jurisdiction: Not in dispute.

III.    **Brief Description of Case**

Plaintiff claims that on June 22, 2022 she was at the Costco Wholesale Corporation ("Costco") located at 75 Freshwater Boulevard, Enfield, Connecticut and she was walking in the crosswalk leading to/from the primary entrance/exit of Costco when she was struck by a vehicle, resulting in injuries including, but not limited to, a fractured left tibia, a fractured right tibia, a fractured left fibula, a fractured right fibula, a fractured left femur, a fracture about her lateral tibial plateau requiring surgical repair and bilateral knee immobilizers, a fractured left ankle requiring a splint, and abrasions, stiffness, soreness, discomfort, tenderness, swelling, and pain. Plaintiff contends that the alleged incident and injuries were caused by the defendants' negligence. The Complaint is brought in three counts alleging negligence.

The defendants deny plaintiff's claims. Further, the defendants intend on asserting the affirmative defense of plaintiff's contributory/comparative negligence. The defendants further dispute the nature and extent of the plaintiff's claimed injuries, damages and losses.

    A.    Claims of Plaintiff(s):  See above.

    B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant(s): See above.

    C.    Defenses and Claims of Third Party Defendant(s):  N/A

IV.    **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state the following material facts are undisputed:

1. On June 22, 2022, the defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc. were foreign corporations located in Washington, duly licensed and authorized to transact business within the State of Connecticut.

**V.      Case Management Plan**

A.      Standing Order on Scheduling in Civil Cases

The parties **do request** modification of the deadlines in the Standing Order on Scheduling in Civil Cases. Due to the nature of the injuries claimed, the parties have agreed upon a discovery schedule that provides ample time to conduct and conclude discovery.

B.      Scheduling Conference with the Court

The parties **do not request** a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rules of Civil Procedure 16(b).

C.      Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time and the parties wish to engage in discovery.

2. The parties **do not request** an early settlement conference.

3. At this time, the parties are **not** interested in a settlement conference with a magistrate judge.

4.    The parties **do not request** a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

D.    Joinder of Parties and Amendment of Pleadings

1.    Plaintiff should be allowed until **November 1, 2024** to file motions to join additional parties and to file motions to amend the pleadings.

2.    Defendants should be allowed until **October 1, 2024** to file motions to join additional parties. Specifically, the defendants are considering the potential addition of the driver of the motor vehicle involved in the incident, Regina Felper, as an apportionment defendant.

E.    Discovery

a.    The parties anticipate that discovery will be needed on the following subjects: liability and damages.

b.    All discovery, including depositions of expert witnesses pursuant to Federal Rules of Civil Procedure 26(b)(4), will be commenced by **October 1, 2024**, and completed (not propounded) by **October 1, 2025**.

c.    Discovery will not be conducted in phases.

d.    N/A.

e.    The parties anticipate that the plaintiff will require **2-5** depositions of fact witnesses and that the defendants will require a total of **2-5** depositions of fact

witnesses. The parties reserve the right to conduct additional depositions as necessary. The depositions will commence by **December 1, 2024**, and be completed by **October 1, 2025**.

     f.     The parties **will request** permission to serve more than twenty-five (25) interrogatories.

     g.     Plaintiff **does intend** to call expert witnesses at trial, including treating physicians.

     h.     Defendants **do intend** to call expert witnesses at trial.

Plaintiff will designate all trial experts and provide opposing counsel with reports from such experts by **April 1, 2025**. Defendants will designate all trial experts and provide opposing counsel with reports from such experts by **July 1, 2025**. Depositions of all such experts will be completed by **October 1, 2025**.

     i.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by **April 1, 2025**.

     j.     Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preservice electronically stored information, and the allocation of costs of assembling and producing such information. The parties do not

foresee that electronically stored information will be an issue in this case.

k.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver or privilege or work-product protection, including procedures for asserting privilege claims after production.

F.      Dispositive Motions

Dispositive motions will be filed on or before **November 1, 2025**.

G.      Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **December 1, 2025**, or thirty days after the decision on a dispositive motion, whichever is later.

VI.    **Trial Ready**

The case will be ready for trial by **December 1, 2025**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF                                    DEFENDANT
NANCY LABROAD                         COSTCO WHOLESALE CORPORATION
By /s/Brendan Nelligan                   By    /s/Miles Esty
   Brendan Nelligan                           Miles Esty
   Federal Bar #ct                              Federal Bar #ct08867
   Kennedy, Johnson, Schwab & Roberge, LLC    Esty & Buckmir, LLC
   555 Long Wharf Drive, 13th Floor        2285 Whitney Avenue
   New Haven, CT 06511                      Hamden, CT 06518
   bnelligan@kennedyjohnson.com             mesty@estyandbuckmir.com
   Phone 203-865-8430                       Phone 203-248-5678