UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD            :       CIVIL NO. 3:24-CV-01102
                             :
      Plaintiff           :
                             :
v.                            :
                             :
COSTCO WHOLESALE          :
CORPORATION; COSTCO         :
WHOLESALE MEMBERSHIP, INC.;   :
FRESHWATER MZL LLC        :
                             :
      Defendants         :       OCTOBER 4, 2024

## **APPORTIONMENT COMPLAINT**

By Complaint dated June 21, 2024 with a Return Date of

August 13, 2024, the plaintiff, Nancy LaBroad, brought an action against the

defendants/apportionment plaintiffs, Costco Wholesale Corporation and Costco

Wholesale Membership, Inc., alleging injuries and damages as a result of an

incident that occurred on June 22, 2022 in the parking lot of the Costco

Warehouse in Enfield, Connecticut. The plaintiff's Complaint is the operative

complaint and is attached hereto as **Exhibit A**. The defendants/apportionment

plaintiffs now bring this action against Regina Felper.

**COUNT ONE:**   <u>**COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE MEMEBRSHIP, INC. v. REGINA FELPER**</u>

1.   The plaintiff's, Nancy LaBroad, Complaint alleges that on June 22, 2022 while exiting the Costco Warehouse in Enfield she was struck by a motor vehicle. The plaintiff alleges that she sustained personal injuries in the accident and that the accident was caused by the defendants/apportionment plaintiffs' negligence in that the premises were not maintained in a reasonably safe and good condition.

2.   At all relevant times, the apportionment defendant, Regina Felper, is a natural person and resides at 40 West Colonial, Wilbraham, MA 01095.

3.   At the time of the incident giving rise to this matter, the apportionment defendant, Regina Felper, was operating a motor vehicle in the parking lot of the Costco Warehouse in Enfield.

4.   That if plaintiff, Nancy LaBroad, sustained the injuries and losses in the manner and to the extent alleged in his Complaint, which the defendants/apportionment plaintiffs deny, then said injuries and losses were the result of the apportionment defendant, Regina Felper, in one or more of the following ways:

a.   Failed to keep a reasonable and proper lookout and was inattentive;

b.   Failed to  stop at the posted stop sign;

c.   Failed to yield the right of way to the pedestrian;

d.   Failed to avoid striking the plaintiff by stopping, swerving, turning or otherwise maneuvering the vehicle;

e.   Failed to take reasonable precautions to avoid striking the plaintiff;

f.   Failed to sound the horn or give any warning of her approach when reasonable care so required;

g.   Operated said vehicle at an unreasonable speed given the fact she was in a parking lot; and

h.   Made a left-hand turn and struck the plaintiff when it was unsafe to do so.

8.    The defendants/apportionment plaintiffs, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., are entitled to apportionment of liability and damages pursuant to Connecticut General Statutes §52-572h and §52-102b.

WHEREFORE, the defendants/apportionment plaintiffs claim:

A. Apportionment of liability pursuant to Connecticut General Statutes §52-572h and §52-102b; and

B. Apportionment of damages pursuant to Connecticut General Statutes §52-572h and §52-102b.

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. 3:24-CV-01102 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION; COSTCO | : | |
| WHOLESALE MEMBERSHIP, INC.; | : | |
| FRESHWATER MZL LLC | : | |
| | : | |
| Defendant | : | OCTOBER 4, 2024 |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024 a copy of this Apportionment
Complaint was filed electronically and served by mail on anyone unable to accept
electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation
of the Court's electronic filing system or by mail to anyone unable to accept
electronic filing as indicated on the Notice of Electronic Filing.  Parties may access
this filing through the Court's CM/ECF System.

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 11-19
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT |
|---|---|
| | **SUPERIOR COURT** |
| | www.jud.ct.gov |

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington St., Hartford, CT 06106 | ( 860 ) 548 – 2700 | 08/13/2024 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | Hartford | Major: T | Minor: 12 |

For the plaintiff(s) enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Law Offices of Balzano & Tropiano PC, 321 Whitney Ave., New Haven, CT 06511 | 428258 |
| Telephone number | Signature of plaintiff (if self-represented) | |
| ( 203 ) 891 – 6336 | | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
|---|---|
| | BTilt@balzanoandtropiano.com |

| Parties | | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|---|
| First plaintiff | Name: | Labroad, Nancy | P-01 |
| | Address: | 40 West Colonial rd Wilbraham MA 01095 | |
| Additional plaintiff | Name: | | P-02 |
| | Address: | | |
| First defendant | Name: | Costco Wholesale Corporation  c/o Attorney Miles Esty - Esty & Buckmir, LLC ( AGREES TO ACCEPT SERVICE FOR) | D-01 |
| | Address: | 2285 Whitney Avenue, Hamden, CT 06518 + agent for service: C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | |
| Additional defendant | Name: | Costco Wholesale Membership, Inc.  c/o Attorney Miles Esty - Esty & Buckmir, LLC ( AGREES TO ACCEPT SERVICE FOR) | D-02 |
| | Address: | 2285 Whitney Avenue, Hamden, CT 06518 + agent for service: C T Corporation System, 67 Burnside Ave., East Hartford, CT 06108 | |
| Additional defendant | Name: | Freshwater MZL LLC  c/o agent for service: Corporation Service Company | D-03 |
| | Address: | Goodwin Square, 225 Asylum St, 20th Flr, Hartford, CT 06103 | |
| Additional defendant | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 1 | Total number of defendants: 3 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
The court staff is not allowed to give advice on legal matters.

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 06/21/2024 | | ☐ Clerk | Andrew Boivin |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| | For Court Use Only |
|---|---|
| | THIS IS A TRUE COPY |
| | ATTEST: |
| | FRANK P. SANDILLO |
| | STATE MARSHAL NEW HAVEN COUNTY |
| | AND AN INDIFFERENT PERSON |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.

2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.

3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.

4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.

5. Use this summons for the case type codes shown below.

   Do not use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)

   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought

   (c) Applications for change of name

   (d) Probate appeals

   (e) Administrative appeals

   (f) Proceedings pertaining to arbitration

   (g) Summary Process (Eviction) actions

   (h) Entry and Detainer proceedings

   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | | | |
| | M 10 | Receivership | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 20 | Mandamus | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 05 | Motor Vehicles* - Property Damage only |
| | M 40 | Arbitration | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 50 | Declaratory Judgment | | V 09 | Motor Vehicle* - All other |
| | M 63 | Bar Discipline | | V 10 | Boats |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 20 | Airplanes |
| | | | | V 30 | Railroads |
| | M 68 | Bar Discipline - Inactive Status | | V 40 | Snowmobiles |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | V 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | W 90 | All other |
| | M 90 | All other | | | |

RETURN DATE: AUGUST 13, 2024      :      **SUPERIOR COURT**

**NANCY E. LABROAD**      :      **J.D. OF HARTFORD**

**V.**      :      **AT HARTFORD**

**COSTCO WHOLESALE CORP., ET AL.**      :      **JUNE 21, 2024**

### COMPLAINT

### COUNT ONE: NANCY E. LABROAD v. COSTCO WHOLESALE CORPORATION

1.    On June 22, 2022, and for some time prior thereto, the defendant, COSTCO WHOLESALE CORPORATION, was and is a foreign stock corporation organized and existing under the laws of the State of Washington that is registered and authorized to do business in the State of Connecticut.

2.    At all times mentioned herein, COSTCO WHOLESALE CORPORATION, was and is in the business of, inter alia, owning and maintaining a series of commercial wholesale retail properties, which includes the premises known as the "COSTCO Enfield Warehouse", that exists with the business address of 75 Freshwater Boulevard, Enfield, CT 06082 (hereinafter "the premises" and/or the "COSTCO Enfield Warehouse" premises).

3.    At all times mentioned herein, the defendant, COSTCO WHOLESALE CORPORATION, possessed, controlled, leased, maintained, managed, and/or owned the above-mentioned "COSTCO Enfield Warehouse" premises, which it

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6335

held open for the use and convenience of the public.

4.    At all times mentioned herein, the defendant, COSTCO WHOLESALE
CORPORATION, possessed, controlled, leased, maintained, managed, and/or
owned the parking lot that was located at and serviced the "COSTCO Enfield
Warehouse" premises.

5.    At all times mentioned herein, the defendant, COSTCO WHOLESALE
CORPORATION, and/or its agents, apparent agents, contractors, employees,
lessees, tenants, and/or servants, was charged with the duty of maintaining,
repairing, and exercising reasonable care over the "COSTCO Enfield
Warehouse" premises, including the parking lot, which it possessed, controlled,
leased, maintained, managed, and/or owned.

6.    At all times mentioned herein, multiple pedestrian crosswalks existed within said
parking lot that led to/from the primary entrance/exit of the "COSTCO Enfield
Warehouse" premises.

7.    At said time and place, there existed a defective, unsafe, dangerous, and/or
hazardous condition at the "COSTCO Enfield Warehouse" parking lot in that
there were insufficient traffic control signals, devices, and/or signs to regulate the
flow and circulation of motor vehicle traffic at its intersection with the above-

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 891-6336

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6335

described pedestrian crosswalks leading to/from the primary entrance/exit of the premises, including the crosswalk utilized by the pedestrian plaintiff at the time this incident occurred.

8.   At all times mentioned herein, there existed defective, unsafe, dangerous, and/or hazardous conditions at the "COSTCO Enfield Warehouse" parking lot in that the flow of motor vehicle traffic was not directed and/or circulated away from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff, Nancy Labroad, at the time this incident occurred.

9.   On June 22, 2022, at approximately 11:50 a.m., the plaintiff, Nancy E. Labroad, was lawfully present on or at said "COSTCO Enfield Warehouse" premises, as a business invitee, customer, guest, member, and/or patron of the defendant, COSTCO WHOLESALE CORPORATION.

10.  At said time and place, the plaintiff, Nancy E. Labroad, a pedestrian, exited the "COSTCO Enfield Warehouse" premises and proceeded to traverse said pedestrian crosswalk to reach her vehicle in the parking lot.

11.  At said time and place, as the plaintiff, Nancy E. Labroad, while exercising due care and diligence, was walking through or directly next to the pedestrian

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 881-6335

crosswalk leading to/from the primary entrance/exit of "COSTCO Enfield Warehouse" premises, she was suddenly, and without warning, forcefully struck by a motor vehicle, thereby causing the plaintiff to forcefully fall to the ground.

12.    As a result of being struck by a vehicle and caused to forcefully strike and land on the parking lot pavement, and due to the aforementioned defective, unsafe, dangerous, and/or hazardous conditions, the plaintiff, Nancy E. Labroad, was caused sustain the injuries and damages alleged herein.

13.    The presence of and/or failure to maintain, remedy, or repair said defective, unsafe, dangerous, and/or hazardous conditions that existed at the "COSTCO Enfield Warehouse" premises parking lot constituted a violation or breach of duty owed to its business invitees, customers, guests, members, and/or patrons such as the plaintiff, Nancy E. Labroad, by the defendant, COSTCO WHOLESALE CORPORATION.

14.    As a result of the aforementioned negligence and carelessness of the defendant, COSTCO WHOLESALE CORPORATION, and/or by and through an act or omission of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, the plaintiff, Nancy E. Labroad, was caused to sustain and/or exacerbate injuries of a serious, painful, and/or permanent nature, in that:

4

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 691-6356

a.    She sustained and suffers from a fracture about her left proximal tibia;

b.    She sustained and suffers from a fracture about her right proximal tibia;

c.    She sustained and suffers from a fracture about her left proximal fibula;

d.    She sustained and suffers from a fracture about her right proximal fibula;

e.    She sustained and suffers from a nondisplaced fracture about her left distal femur centered on the medial epicondyle;

f.    She sustained and suffers from a displaced fracture about her lateral tibial plateau;

g.    She was caused to undergo an invasive surgical repair procedure about her tibial plateau;

h.    She was caused to wear bilateral knee immobilizers;

i.    She sustained and suffers from a bimalleolar fracture about her left ankle;

j.    She was caused to wear a splint about her left ankle;

k.    She sustained and suffers from an abrasion about her left medial ankle, associated with erythema;

l.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right knee;

m.    She experiences pain, stiffness, soreness, discomfort, tenderness, and

swelling about her left knee;

n.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left ankle;

o.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right ankle;

p.    She experiences a decrease in range of motion about her left knee;

q.    She experiences a decrease in range of motion about her right knee;

r.    She experiences a decrease in range of motion about her left ankle;

s.    She experiences a decrease range of motion about her right ankle;

t.    She was caused to use a wheelchair;

u.    She was caused to endure headaches;

v.    She was caused to endure difficulty sleeping;

w.    She experienced an acute anxiety reaction, accompanied by its usual symptoms; and,

x.    She endured, and continues to endure, great pain to the mind and body.

15.    As a result of her injuries, the plaintiff, Nancy E. Labroad, incurred expenses in the form of ambulance transportation, emergency room care, orthopedic care, orthopedic surgery, physical therapy, X-Rays, CT scans, ankle splints, knee

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE • NEW HAVEN, CT 06511 • (203) 691-6338

6

immobilizers, medical care, medications, and for matters incidental thereto and will be required to incur similar expenses in the future.

16. At the time of said incident, the plaintiff, Nancy E. Labroad, was able to engage in common activities, but due to said injuries, she has, in the past, and may be in the future, unable to engage in all of life's activities and enjoyments.

17. Said occurrence was due to the breach by the defendant, COSTCO WHOLESALE CORPORATION, and/or by and through the acts or omissions of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, of its duty to use reasonable care to keep and maintain the "COSTCO Enfield Warehouse" premises in a reasonably safe and good condition, including the parking lot where the pedestrian plaintiff was struck by a motor vehicle, in any one or more of the following ways and/or any combination thereof, in that:

   a. It failed to consider, establish or maintain reasonably safe pedestrian paths through the parking lot, thereby compelling pedestrians to move through the vehicular travel lanes and to/from their individual parked vehicles;

   b. It allowed, caused, and/or permitted the flow of motor vehicle traffic to be directed and/or circulated towards the primary entrance/exit of the

7

"COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff;

c.    It failed to control the movement of vehicles through the use of traffic control signals, devices, stop signs, yield signs, speed limit signs, speed bumps, speed humps and hatched speed markings while compelling pedestrians to walk within vehicular travel lanes, thereby creating the likelihood of injury due to a vehicular collision with other vehicle(s) and/or pedestrian(s);

d.    It failed to provide and/or mark designated safe pedestrian crossing areas that provided reasonably safe means for pedestrians to cross from the parking lot to the store;

e.    It allowed, caused, and/or permitted said pedestrian crosswalks existing at the "COSTCO Enfield Warehouse" parking lot to exist and remain in a dangerous and confusing manner and arrangement, including as a result of multiple different line striping and the placement of cones;

f.    It failed to warn drivers with signage, roadway markings, or other reasonable means of the presence of pedestrians;

8

g.    It failed to timely and/or properly inspect the parking lot in order to
ascertain the existence of the defective conditions of the parking lot set
forth herein, nor were preventive measures taken to render said area less
dangerous or defective;

h.    It failed to reasonably, properly, and timely inspect the premises in the
exercise of reasonable care and inspection;

i.    **It failed to discover or act upon the aforementioned defective conditions
and should have taken measures to remedy and correct the same, but
failed to do so;**

j.    **It failed to warn pedestrians of the dangerous conditions that existed
within the parking lot due to vehicular traffic and the traffic pattern existing
thereon;**

k.    It knew or should have known of the dangerous and defective condition of
the parking lot but failed to take reasonable measures to remedy the
same; and

l.    It failed to provide the plaintiff, who was lawfully on or at the "COSTCO
Enfield Warehouse" premises, with reasonably safe conditions and
premises.

9

18.   The defendant, COSTCO WHOLESALE CORPORATION, and/or its agents, apparent agents, contractors, employees, lessees, tenants, or servants, knew or in the exercise of reasonable care and/or proper diligence should have known of the aforesaid conditions, yet failed to take reasonable and necessary precautions and measures to ensure that the plaintiff was not subjected to unreasonable risks of harm and/or injury while she was lawfully present on or at the "COSTCO Enfield Warehouse" premises.

**COUNT TWO: NANCY E. LABROAD v. COSTCO WHOLESALE MEMBERSHIP, INC.**

1.   On June 22, 2022, and for some time prior thereto, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., was and is a foreign stock corporation organized and existing under the laws of the State of California that is registered and authorized to do business in the State of Connecticut.

2.   At all times mentioned herein, COSTCO WHOLESALE MEMBERSHIP, INC., was and is in the business of, inter alia, owning and maintaining a series of commercial wholesale retail properties, which includes the premises known as the "COSTCO Enfield Warehouse", that exists with the business address of 75 Freshwater Boulevard, Enfield, CT 06082 (hereinafter "the premises" and/or the "COSTCO Enfield Warehouse" premises).

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 891-5335

10

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6338

3.    At all times mentioned herein, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., possessed, controlled, leased, maintained, managed, and/or owned the above-mentioned "COSTCO Enfield Warehouse" premises, which it held open for the use and convenience of the public.

4.    At all times mentioned herein, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., possessed, controlled, leased, maintained, managed, and/or owned the parking lot that was located at and serviced the "COSTCO Enfield Warehouse" premises.

5.    At all times mentioned herein, the defendant, COSTCO WHOLESALE MEMBERSHIP, INC., and/or its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, was charged with the duty of maintaining, repairing, and exercising reasonable care over the "COSTCO Enfield Warehouse" premises, including the parking lot, which it possessed, controlled, leased, maintained, managed, and/or owned.

6.    At all times mentioned herein, multiple pedestrian crosswalks existed within said parking lot that led to/from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises.

7.    At said time and place, there existed a defective, unsafe, dangerous, and/or

11

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6536

hazardous condition at the "COSTCO Enfield Warehouse" parking lot in that there were insufficient traffic control signals, devices, and/or signs to regulate the flow and circulation of motor vehicle traffic at its intersection with the above-described pedestrian crosswalks leading to/from the primary entrance/exit of the premises, including the crosswalk utilized by the pedestrian plaintiff at the time this incident occurred.

8.  At all times mentioned herein, there existed defective, unsafe, dangerous, and/or hazardous conditions at the "COSTCO Enfield Warehouse" parking lot in that the flow of motor vehicle traffic was not directed and/or circulated away from the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff, Nancy Labroad, at the time this incident occurred.

9.  On June 22, 2022, at approximately 11:50 a.m., the plaintiff, Nancy E. Labroad, was lawfully present on or at said "COSTCO Enfield Warehouse" premises, as a business invitee, customer, guest, member, and/or patron of the defendant, COSTCO WHOLESALE MEMBERSHIP, INC.

10. At said time and place, the plaintiff, Nancy E. Labroad, a pedestrian, exited the "COSTCO Enfield Warehouse" premises and proceeded to traverse said

pedestrian crosswalk to reach her vehicle in the parking lot.

11.   At said time and place, as the plaintiff, Nancy E. Labroad, while exercising due
      care and diligence, was walking through or directly next to the pedestrian
      crosswalk leading to/from the primary entrance/exit of "COSTCO Enfield
      Warehouse" premises, she was suddenly, and without warning, forcefully struck
      by a motor vehicle, thereby causing the plaintiff to forcefully fall to the ground.

12.   As a result of being struck by a vehicle and caused to forcefully strike and land
      on the parking lot pavement, and due to the aforementioned defective, unsafe,
      dangerous, and/or hazardous conditions, the plaintiff, Nancy E. Labroad, was
      caused sustain the injuries and damages alleged herein.

13.   The presence of and/or failure to maintain, remedy, or repair said defective,
      unsafe, dangerous, and/or hazardous conditions that existed at the "COSTCO
      Enfield Warehouse" premises parking lot constituted a violation or breach of duty
      owed to its business invitees, customers, guests, members, and/or patrons such
      as the plaintiff, Nancy E. Labroad, by the defendant, COSTCO WHOLESALE
      MEMBERSHIP, INC.

14.   As a result of the aforementioned negligence and carelessness of the defendant,
      COSTCO WHOLESALE MEMBERSHIP, INC., and/or by and through an act or

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE · NEW HAVEN, CT 06511 · (203) 691-6335

omission of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, the plaintiff, Nancy E. Labroad, was caused to sustain and/or exacerbate injuries of a serious, painful, and/or permanent nature, in that:

a.  She sustained and suffers from a fracture about her left proximal tibia;

b.  She sustained and suffers from a fracture about her right proximal tibia;

c.  She sustained and suffers from a fracture about her left proximal fibula;

d.  She sustained and suffers from a fracture about her right proximal fibula;

e.  She sustained and suffers from a nondisplaced fracture about her left distal femur centered on the medial epicondyle;

f.  She sustained and suffers from a displaced fracture about her lateral tibial plateau;

g.  She was caused to undergo an invasive surgical repair procedure about her tibial plateau;

h.  She was caused to wear bilateral knee immobilizers;

i.  She sustained and suffers from a bimalleolar fracture about her left ankle;

j.  She was caused to wear a splint about her left ankle;

k.  She sustained and suffers from an abrasion about her left medial ankle, associated with erythema;

14

l.   She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right knee;

m.   She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left knee;

n.   She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left ankle;

o.   She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right ankle;

p.   She experiences a decrease in range of motion about her left knee;

q.   She experiences a decrease in range of motion about her right knee;

r.   She experiences a decrease in range of motion about her left ankle;

s.   She experiences a decrease range of motion about her right ankle;

t.   She was caused to use a wheelchair;

u.   She was caused to endure headaches;

v.   She was caused to endure difficulty sleeping;

w.   She experienced an acute anxiety reaction, accompanied by its usual symptoms; and,

x.   She endured, and continues to endure, great pain to the mind and body.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE · NEW HAVEN, CT 06511 · (203) 891-6336

15.    As a result of her injuries, the plaintiff, Nancy E. Labroad, incurred expenses in

the form of ambulance transportation, emergency room care, orthopedic care,

orthopedic surgery, physical therapy, X-Rays, CT scans, ankle splints, knee

immobilizers, medical care, medications, and for matters incidental thereto and

will be required to incur similar expenses in the future.

16.    At the time of said incident, the plaintiff, Nancy E. Labroad, was able to engage in

common activities, but due to said injuries, she has, in the past, and may be in

the future, unable to engage in all of life's activities and enjoyments.

17.    Said occurrence was due to the breach by the defendant, COSTCO

WHOLESALE MEMBERSHIP, INC., and/or by and through the acts or omissions

of its agents, apparent agents, contractors, employees, lessees, tenants, and/or

servants, of its duty to use reasonable care to keep and maintain the "COSTCO

Enfield Warehouse" premises in a reasonably safe and good condition, including

the parking lot where the pedestrian plaintiff was struck by a motor vehicle, in any

one or more of the following ways and/or any combination thereof, in that:

a.    It failed to consider, establish or maintain reasonably safe pedestrian

paths through the parking lot, thereby compelling pedestrians to move

through the vehicular travel lanes and to/from their individual parked

vehicles;

b.    It allowed, caused, and/or permitted the flow of motor vehicle traffic to be directed and/or circulated towards the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff;

c.    **It failed to control the movement of vehicles through the use of traffic control signals, devices, stop signs, yield signs, speed limit signs, speed bumps, speed humps and hatched speed markings while compelling pedestrians to walk within vehicular travel lanes, thereby creating the likelihood of injury due to a vehicular collision with other vehicle(s) and/or pedestrian(s);**

d.    It failed to provide and/or mark designated safe pedestrian crossing areas that provided reasonably safe means for pedestrians to cross from the parking lot to the store;

e.    It allowed, caused, and/or permitted said pedestrian crosswalks existing at the "COSTCO Enfield Warehouse" parking lot to exist and remain in a dangerous and confusing manner and arrangement, including as a result

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE · NEW HAVEN, CT 06511 · (203) 691-6335

of multiple different line striping and the placement of cones;

f.  It failed to warn drivers with signage, roadway markings, or other reasonable means of the presence of pedestrians;

g.  It failed to timely and/or properly inspect the parking lot in order to ascertain the existence of the defective conditions of the parking lot set forth herein, nor were preventive measures taken to render said area less dangerous or defective;

h.  It failed to reasonably, properly, and timely inspect the premises in the exercise of reasonable care and inspection;

i.  It failed to discover or act upon the aforementioned defective conditions and should have taken measures to remedy and correct the same, but failed to do so;

j.  It failed to warn pedestrians of the dangerous conditions that existed within the parking lot due to vehicular traffic and the traffic pattern existing thereon;

k.  It knew or should have known of the dangerous and defective condition of the parking lot but failed to take reasonable measures to remedy the same; and

18

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE · NEW HAVEN, CT 06511 · (203) 891-6335

l.     It failed to provide the plaintiff, who was lawfully on or at the "COSTCO

Enfield Warehouse" premises, with reasonably safe conditions and

premises.

18.    The defendant, COSTCO WHOLESALE MEMBERSHIP, INC., and/or its agents,

apparent agents, contractors, employees, lessees, tenants, or servants, knew or

in the exercise of reasonable care and/or proper diligence should have known of

the aforesaid conditions, yet failed to take reasonable and necessary precautions

and measures to ensure that the plaintiff was not subjected to unreasonable risks

of harm and/or injury while she was lawfully present on or at the "COSTCO

Enfield Warehouse" premises.

## COUNT THREE: NANCY E. LABROAD v. FRESHWATER MZL LLC

1.    On June 22, 2022, and for some time prior thereto, the defendant,

FRESHWATER MZL LLC, was and is a foreign limited liability company

organized and existing under the laws of the State of Delaware that is registered

and authorized to do business in the State of Connecticut.

2.    At all times mentioned herein, FRESHWATER MZL LLC, was and is in the

business of, inter alia, owning and maintaining a series of commercial wholesale

retail properties, which includes the premises known as the "COSTCO Enfield

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6538

Warehouse", that exists with the business address of 75 Freshwater Boulevard, Enfield, CT 06082 (hereinafter "the premises" and/or the "COSTCO Enfield Warehouse" premises).

3.  At all times mentioned herein, the defendant, FRESHWATER MZL LLC, possessed, controlled, leased, maintained, managed, and/or owned the above-mentioned "COSTCO Enfield Warehouse" premises, which it held open for the use and convenience of the public.

4.  At all times mentioned herein, the defendant, FRESHWATER MZL LLC, possessed, controlled, leased, maintained, managed, and/or owned the parking lot that was located at and serviced the "COSTCO Enfield Warehouse" premises.

5.  At all times mentioned herein, the defendant, FRESHWATER MZL LLC, and/or its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, was charged with the duty of maintaining, repairing, and exercising reasonable care over the "COSTCO Enfield Warehouse" premises, including the parking lot, which it possessed, controlled, leased, maintained, managed, and/or owned.

6.  At all times mentioned herein, multiple pedestrian crosswalks existed within said parking lot that led to/from the primary entrance/exit of the "COSTCO Enfield

Warehouse" premises.

7.   At said time and place, there existed a defective, unsafe, dangerous, and/or
     hazardous condition at the "COSTCO Enfield Warehouse" parking lot in that
     there were insufficient traffic control signals, devices, and/or signs to regulate the
     flow and circulation of motor vehicle traffic at its intersection with the above-
     described pedestrian crosswalks leading to/from the primary entrance/exit of the
     premises, including the crosswalk utilized by the pedestrian plaintiff at the time
     this incident occurred.

8.   At all times mentioned herein, there existed defective, unsafe, dangerous, and/or
     hazardous conditions at the "COSTCO Enfield Warehouse" parking lot in that the
     flow of motor vehicle traffic was not directed and/or circulated away from the
     primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the
     heaviest pedestrian use and walking occurs, including the crosswalk utilized by
     the pedestrian plaintiff, Nancy Labroad, at the time this incident occurred.

9.   On June 22, 2022, at approximately 11:50 a.m., the plaintiff, Nancy E. Labroad,
     was lawfully present on or at said "COSTCO Enfield Warehouse" premises, as a
     business invitee, customer, guest, member, and/or patron of the defendant,
     FRESHWATER MZL LLC.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 891-6336

21

10.  At said time and place, the plaintiff, Nancy E. Labroad, a pedestrian, exited the "COSTCO Enfield Warehouse" premises and proceeded to traverse said pedestrian crosswalk to reach her vehicle in the parking lot.

11.  At said time and place, as the plaintiff, Nancy E. Labroad, while exercising due care and diligence, was walking through or directly next to the pedestrian crosswalk leading to/from the primary entrance/exit of "COSTCO Enfield Warehouse" premises, she was suddenly, and without warning, forcefully struck by a motor vehicle, thereby causing the plaintiff to forcefully fall to the ground.

12.  As a result of being struck by a vehicle and caused to forcefully strike and land on the parking lot pavement, and due to the aforementioned defective, unsafe, dangerous, and/or hazardous conditions, the plaintiff, Nancy E. Labroad, was caused sustain the injuries and damages alleged herein.

13.  The presence of and/or failure to maintain, remedy, or repair said defective, unsafe, dangerous, and/or hazardous conditions that existed at the "COSTCO Enfield Warehouse" premises parking lot constituted a violation or breach of duty owed to its business invitees, customers, guests, members, and/or patrons such as the plaintiff, Nancy E. Labroad, by the defendant, FRESHWATER MZL LLC

14.  As a result of the aforementioned negligence and carelessness of the defendant,

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 891-8336

22

FRESHWATER MZL LLC, and/or by and through an act or omission of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, the plaintiff, Nancy E. Labroad, was caused to sustain and/or exacerbate injuries of a serious, painful, and/or permanent nature, in that:

a.    She sustained and suffers from a fracture about her left proximal tibia;

b.    She sustained and suffers from a fracture about her right proximal tibia;

c.    She sustained and suffers from a fracture about her left proximal fibula;

d.    She sustained and suffers from a fracture about her right proximal fibula;

e.    She sustained and suffers from a nondisplaced fracture about her left distal femur centered on the medial epicondyle;

f.    She sustained and suffers from a displaced fracture about her lateral tibial plateau;

g.    She was caused to undergo an invasive surgical repair procedure about her tibial plateau;

h.    She was caused to wear bilateral knee immobilizers;

i.    She sustained and suffers from a bimalleolar fracture about her left ankle;

j.    She was caused to wear a splint about her left ankle;

k.    She sustained and suffers from an abrasion about her left medial ankle,

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE   •   NEW HAVEN, CT 06511   •   (203) 691-6336

associated with erythema;

l.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right knee;

m.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left knee;

n.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her left ankle;

o.    She experiences pain, stiffness, soreness, discomfort, tenderness, and swelling about her right ankle;

p.    She experiences a decrease in range of motion about her left knee;

q.    She experiences a decrease in range of motion about her right knee;

r.    She experiences a decrease in range of motion about her left ankle;

s.    She experiences a decrease range of motion about her right ankle;

t.    She was caused to use a wheelchair;

u.    She was caused to endure headaches;

v.    She was caused to endure difficulty sleeping;

w.    She experienced an acute anxiety reaction, accompanied by its usual symptoms; and,

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6536

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE   •   NEW HAVEN, CT 06511   •   (203) 691-6338

    x.    She endured, and continues to endure, great pain to the mind and body.

15.    As a result of her injuries, the plaintiff, Nancy E. Labroad, incurred expenses in the form of ambulance transportation, emergency room care, orthopedic care, orthopedic surgery, physical therapy, X-Rays, CT scans, ankle splints, knee immobilizers, medical care, medications, and for matters incidental thereto and will be required to incur similar expenses in the future.

16.    At the time of said incident, the plaintiff, Nancy E. Labroad, was able to engage in common activities, but due to said injuries, she has, in the past, and may be in the future, unable to engage in all of life's activities and enjoyments.

17.    Said occurrence was due to the breach by the defendant, FRESHWATER MZL LLC, and/or by and through the acts or omissions of its agents, apparent agents, contractors, employees, lessees, tenants, and/or servants, of its duty to use reasonable care to keep and maintain the "COSTCO Enfield Warehouse" premises in a reasonably safe and good condition, including the parking lot where the pedestrian plaintiff was struck by a motor vehicle, in any one or more of the following ways and/or any combination thereof, in that:

    a.    It failed to consider, establish or maintain reasonably safe pedestrian paths through the parking lot, thereby compelling pedestrians to move

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE · NEW HAVEN, CT 06511 · (203) 691-6356

through the vehicular travel lanes and to/from their individual parked vehicles;

b.    It allowed, caused, and/or permitted the flow of motor vehicle traffic to be directed and/or circulated towards the primary entrance/exit of the "COSTCO Enfield Warehouse" premises where the heaviest pedestrian use and walking occurs, including the crosswalk utilized by the pedestrian plaintiff;

c.    It failed to control the movement of vehicles through the use of traffic control signals, devices, stop signs, yield signs, speed limit signs, speed bumps, speed humps and hatched speed markings while compelling pedestrians to walk within vehicular travel lanes, thereby creating the likelihood of injury due to a vehicular collision with other vehicle(s) and/or pedestrian(s);

d.    It failed to provide and/or mark designated safe pedestrian crossing areas that provided reasonably safe means for pedestrians to cross from the parking lot to the store;

e.    It allowed, caused, and/or permitted said pedestrian crosswalks existing at the "COSTCO Enfield Warehouse" parking lot to exist and remain in a

26

dangerous and confusing manner and arrangement, including as a result of multiple different line striping and the placement of cones;

f.   It failed to warn drivers with signage, roadway markings, or other reasonable means of the presence of pedestrians;

g.   It failed to timely and/or properly inspect the parking lot in order to ascertain the existence of the defective conditions of the parking lot set forth herein, nor were preventive measures taken to render said area less dangerous or defective;

h.   It failed to reasonably, properly, and timely inspect the premises in the exercise of reasonable care and inspection;

i.   It failed to discover or act upon the aforementioned defective conditions and should have taken measures to remedy and correct the same, but failed to do so;

j.   It failed to warn pedestrians of the dangerous conditions that existed within the parking lot due to vehicular traffic and the traffic pattern existing thereon;

k.   It knew or should have known of the dangerous and defective condition of the parking lot but failed to take reasonable measures to remedy the

same; and

I.     It failed to provide the plaintiff, who was lawfully on or at the "COSTCO Enfield Warehouse" premises, with reasonably safe conditions and premises.

18.    The defendant, FRESHWATER MZL LLC, and/or its agents, apparent agents, contractors, employees, lessees, tenants, or servants, knew or in the exercise of reasonable care and/or proper diligence should have known of the aforesaid conditions, yet failed to take reasonable and necessary precautions and measures to ensure that the plaintiff was not subjected to unreasonable risks of harm and/or injury while she was lawfully present on or at the "COSTCO Enfield Warehouse" premises.

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 691-6356

WHEREFORE, the plaintiff claims money damages.

Dated at New Haven, Connecticut, this 21st day of June, 2024.

THE PLAINTIFF,
NANCY E. LABROAD

By_____
Andrew T. Boivin, Esq.
Balzano & Tropiano, P.C.
321 Whitney Avenue
New Haven, Connecticut 06511
Telephone: (203) 891-6336
Fax: (203) 891-6136
Juris No.: 428258

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  ·  NEW HAVEN, CT 06511  ·  (203) 891-6336

29

| | | |
|---|---|---|
| RETURN DATE: AUGUST 13, 2024 | : | SUPERIOR COURT |
| NANCY E. LABROAD | : | J.D. OF HARTFORD |
| V. | : | AT HARTFORD |
| COSTCO WHOLESALE CORP., ET AL. | : | JUNE 21, 2024 |

### STATEMENT RE:  AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is:

[X]  not less than $15,000

THE PLAINTIFF,
NANCY E. LABROAD

By_____
    Andrew T. Boivin, Esq.
    Balzano & Tropiano, P.C.
    321 Whitney Avenue
    New Haven, Connecticut 06511
    Telephone: (203) 891-6336
    Fax: (203) 891-6136
    Juris No.: 428258

THE LAW OFFICES OF BALZANO & TROPIANO, PC
321 WHITNEY AVENUE  •  NEW HAVEN, CT 06511  •  (203) 891-6336

30

THIS IS A TRUE COPY
ATTEST:

FRANK P. SANDILLO
STATE MARSHAL NEW HAVEN COUNTY
AND AN INDIFFERENT PERSON