## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. 3:24-CV-01102 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION; COSTCO | : | |
| WHOLESALE MEMBERSHIP, INC.; | : | |
| FRESHWATER MZL LLC | : | |
| | : | |
| Defendant | : | SEPTEMBER 15, 2025 |

## MOTION FOR PROTECTIVE ORDER AND TO QUASH PLAINTIFF'S NOTICES OF DEPOSITION OF CORPORATE DESIGNEE AND BILL STANFIELD

Defendant Costco Wholesale Corporation ("Costco") hereby moves for a

protective order and to quash Plaintiff's Notice of Deposition of the Person Most

Knowledgeable at Costco on the grounds that both the listed topics and the

requested documents requested are disproportionate to, and outside the scope

of, discovery pursuant to Federal Rule of Civil Procedure 26(b)(1). Further, the

areas of inquiry and request for production are so broad as to make compliance

impossible. In addition, the areas of inquiry are not described with reasonable

particularity. Finally, to the extent the Notice of Deposition requests persons

most knowledgeable to testify on designated topics, this notice misquotes the

federal standard for 30(b)(6) deponents. The Defendant, under this rule, is

1

merely required to provide a deponent to testify as to information "known or reasonably available" to the corporation. The Notice of Deposition, therefore, should be quashed.

Further, as discussed in the Defendant's Memorandum of Law, Costco has already produced voluminous discovery concerning the Enfield, Connecticut Warehouse where the subject incident occurred and which, the Defendant submits, is the appropriate relevant and proportionate scope of discovery.

In addition, the Defendant moves for a protective order regarding the deposition of Costco employee Bill Stanfield who lives in Redmond, Washington and works in Issaquah, Washington. Therefore, the Notice of Deposition violates Federal Rule of Civil Procedure 45(c)(1)(A) which requires that subpoenas command attendance only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c). Some courts have held that this geographic limitation applies even to remote testimony via videoconference, establishing that absent a valid subpoena within these geographic constraints, a plaintiff cannot compel the individual testimony of an out-of-state corporate employee.

2

In further support of this motion, Costco relies upon and incorporates

herein its Memorandum of Law, as well as the Affidavit of Miles Esty, Esq.

WHEREFORE, for the reasons set forth above, Costco respectfully

requests that this Court GRANT its motion and QUASH Plaintiff's Notices of

Deposition of Costco's corporate designee and Bill Stanfield.

> THE DEFENDANT,
> COSTCO WHOLESALE CORPORATION
> _____/s/ Miles Esty_____
> Miles Esty, Esq.
> Esty & Buckmir, LLC
> 2285 Whitney Avenue
> Hamden, CT 06518
> Tel: (203) 248-5678/Fax: (203) 288-9974
> E-Mail: mesty@estyandbuckmir.com
> Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. 3:24-CV-01102 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION; COSTCO | : | |
| WHOLESALE MEMBERSHIP, INC.; | : | |
| FRESHWATER MZL LLC | : | |
| | : | |
| Defendant | : | SEPTEMBER 15, 2025 |

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this date a copy of this document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                    THE DEFENDANT,
                    COSTCO WHOLESALE CORPORATION
                    _____/s/ Miles Esty_____
                    Miles Esty, Esq.
                    Esty & Buckmir, LLC
                    2285 Whitney Avenue
                    Hamden, CT 06518
                    Tel: (203) 248-5678/Fax: (203) 288-9974
                    E-Mail: mesty@estyandbuckmir.com
                    Fed Bar No. CT#: 08867

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. 3:24-CV-01102 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION; COSTCO | : | |
| WHOLESALE MEMBERSHIP, INC.; | : | |
| FRESHWATER MZL LLC | : | |
| | : | |
| Defendant | : | SEPTEMBER 15, 2025 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND TO QUASH PLAINTIFF'S NOTICES OF DEPOSITION OF CORPORATE DESIGNEE AND BILL STANFIELD

Defendant Costco Wholesale Corporation ("Costco") hereby moves under

Federal Rule of Civil Procedure 26(c) for a protective order to quash Plaintiff's

Notice of Deposition of Costco's corporate representative, attached hereto as

Exhibit A. The listed topics in the Plaintiff's Notice of Deposition and the

requested documents requested are disproportionate to the needs of the case

and outside the scope of permissible discovery pursuant to Federal Rule of Civil

Procedure 26(b)(1). Further, this Notice of Deposition creates an undue burden

and significant costs and expenses to the Defendant.

In addition, the Defendant moves for a protective order regarding the

deposition of Costco employee Bill Stanfield who lives and works in Washington

State. See Notice of Deposition, Exhibit B hereto. Accordingly, pursuant to Federal Rule of Civil Procedure 45, Plaintiff cannot compel his deposition either in person or by video in the State of Connecticut.

## I. BACKGROUND

The Plaintiff's Complaint, initially filed in Connecticut Superior Court at the Judicial District of Hartford with a Return Date of August 13, 2024, alleges that the Plaintiff, while walking in the parking lot at the Enfield Costco Wholesale, was struck by a motor vehicle and sustained various injuries.

Plaintiff's Complaint alleges that Costco was negligent in that the parking lot at the Enfield Warehouse was not reasonably safe in a variety of ways. See generally Plaintiff's Complaint dated June 21, 2024.

The Notice of Deposition sets forth the following four areas of inquiry:

1. Safety and risk management concerning the design, maintenance, layout, construction, and operation of parking lots abutting Costco Wholesale warehouses.

2. Training, education, instructions, and guidelines provided by Costco Wholesale to its employees concerning traffic safety, traffic warnings, traffic patterns, and pedestrian safety in Costco Wholesale parking lots.

3. Pedestrian safety and risk mitigation in Costco Wholesale parking lots, parking areas, and exterior walkways.

4. Investigation, reports, and complaints concerning instances of pedestrian vs. motor vehicle incidents occurring in Costco Wholesale warehouse parking lots in the Northeast Region.

It should be noted that the areas of inquiry are not limited by date or by location. Further, the areas of inquiry conceivably encompass decades of information and materials across hundreds of locations and job classifications. While inquiry no. 4 references parking lots in the Northeast Region, it is also unlimited by date.

The Notice of Deposition also seeks the production of five groups of documents:

1. Standards, protocols, guidelines, manuals, handbooks, instructions, or other documents published by Costco Wholesale concerning the design, layout, construction, installation, and operation of parking lots abutting Costco Wholesale warehouses.

2. Standards, protocols, guidelines, manuals, handbooks, instructions, or other documents consulted, maintained, or utilized by Costco Wholesale concerning the design, layout, construction, installation, and operation of parking lots abutting Costco Wholesale warehouses.

3. Any and all documents, notes memoranda, plans, drawings, diagrams, statements, emails, messages, video recordings, audio recordings, in physical or electronic form concerning accidents between pedestrians and motor vehicles in Costco Wholesale warehouse parking lots in the State of Connecticut prior to June 22, 2022.

4. Any and all data, statistics, reports, or records maintained by Costco Wholesale concerning pedestrian accidents between pedestrians and motor vehicles in Costco Wholesale warehouse parking lots.

5. Any and all protocols, standards, guidelines, handbooks, instructional materials, or documents concerning the placement of traffic signs, controls, signals, alerts, warnings and/or traffic safety devices in parking lots and traffic areas abutting Costco Wholesale warehouses.

The requests are overly broad and not limited to the Enfield, Connecticut Warehouse. Further, the requests are not sufficiently limited in time, scope or location.

On September 4, 2025, the parties conferred in a good-faith attempt to resolve their differences concerning the scope of the deposition notice. It was decided during that conference that Plaintiff's counsel would attempt to narrow the areas of inquiry and the production requests without prejudice as to potentially conducting additional depositions in the future. On Thursday, September 11, 2025 the undersigned received an email with some proposed changes to the areas of inquiry and the production requests. These proposed changes are still objectionable to the Defendant. Despite these discussions, the parties were unable to agree concerning Costco's principal objection that Plaintiff's request be limited to information from the Warehouse at issue in this case.

## II. COSTCO HAS ALREADY PRODUCED DOCUMENTS REGARDING THE ENFIELD WAREHOUSE

It must be noted that Costco has already produced, without objection, voluminous documents regarding the Enfield, Connecticut Warehouse. Therefore, before the Court even considers Plaintiff's overly broad and excessive

requests, the Court should be aware of the Defendant's production of all relevant and proportionate discovery concerning the facts at issue in this case.

To date, Costco has produced the following documents:

1. CCTV footage

2. Costco Wholesale Corporation's Privileged and Confidential Warehouse Incident Report

3. Enfield Police Department Police Report

4. 18 photographs taken by Attorney Miles Esty on July 18, 2022

5. Proposed Costco Wholesale

6. ADA Improvement Plan for Costco Wholesale

7. Upcoming ADA Parking Revisions

8. Town of Enfield Planning & Zoning

9. Lease

10. Sale documents (including Notice of Sale, Notice of Tenants, and Notice of Transfer)

11. Site map dated October 27, 2014

12. Email thread from Rose Paving to Todd Cunningham Warehouse Manager dated March 3, 2022 to March 14, 2022

13. Email thread between Rose Paving and Todd Cunningham Warehouse Manager March 3, 2022 to March 30, 2022

14. Email thread between Rose Paving and Todd Cunningham Warehouse Manager regarding ADA project including punch list completion document dated May 25, 2022 and four photographs

15. Email dated May 3, 2022 with attached sign off sheet signed by Todd Cunningham Warehouse Manager

16. Email from Rose Paving to Todd Cunningham Warehouse Manager with attached letter addressing upcoming ADA parking revision dated January 31, 2022

17. Certificate of Occupancy

18. Traffic Study prepared by Greenman-Pedersen, Inc. June 2003

19. Minutes/Zoning Documents from Enfield, Connecticut

See Affidavit of Miles Esty, Esq., attached hereto as Exhibit C.

Further, it has complied with Plaintiff's Interrogatories and Requests for Production. Finally, it has already produced the Warehouse General Manager, Todd Cunningham, and the Assistant General Manager, Jason Lisee, for their depositions that were held on August 18, 2025. Therefore, Plaintiff has obtained relevant and extensive discovery concerning the Enfield Warehouse which the Defendant submits is the appropriate area of inquiry based on the Plaintiff's claims.

## III. LEGAL STANDARDS

The starting point for the application of the Federal Rules of Civil Procedure is Federal Rule of Civil Procedure 1 which states:

"These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

## A. CORPORATE DESIGNEE

Federal Rule of Civil Procedure 30(b)(6) provides that a party may notice the deposition of a corporate designee, but that the noticing party must "describe with reasonable particularity the matters on which examination is requested." F.R.C.P. 30(b)(6). "A Rule 30(b)(6) Notice is subject to limitations under Rule 26 which requires that the information sought not be unduly burdensome or duplicative. "A portion of a party's 30(b)(6) notice may be stricken if it is overbroad. The purpose of designating matters for the 30(b)(6) deposition is to give the opposing party notice of the areas of inquiry that will be pursued so that it can identify appropriate deponents and ensure they are prepared for the deposition." *Id.* (quotations and citation omitted).

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information

within this scope of discovery need not be admissible in evidence to
be discoverable.

Fed. R. Civ. P. 26(b)(1). For good cause shown, a district court may issue

an order to protect a party from annoyance, embarrassment, oppression, or

undue burden or expense.  Fed. R. Civ. P. 26(c)."Because the liberality of pretrial

discovery has a significant potential for abuse, courts may issue protective orders

which restrict permissible discovery if it would unduly annoy or burden the other

party." *Joseph L. v. Connecticut Dept. of Children and Families*, 225 F.R.D. 400,

401 (D. Conn. 2005). Fed. R. Civ. P. 26(c) states in part:

> The court may, for good cause, issue an order to protect a party or
> person from annoyance, embarrassment, oppression, or undue
> burden or expense, including one or more of the following:
>
> > (A)  forbidding the disclosure or discovery;
> >
> > (B)  specifying terms, including time and place or the
> >      allocation of expenses, for the disclosure or discovery;
> >
> > (C)  prescribing a discovery method other than the one
> >      selected by the party seeking discovery;
> >
> > (D)  forbidding inquiry into certain matters, or limiting the
> >      scope of disclosure or discovery to certain matters; …

Fed. R. Civ. P. 26(c). Good cause is established when [the moving]

party is able to show that a clearly defined, specific and serious injury will occur

in the absence of such an order. *Boudreau v. Smith*, 2019 U.S. Dist. LEXIS

75535, *3. As set forth below, the Plaintiff's unlimited requests that will require

counsel and its clients to canvas and obtain information from Costco's other 624 Warehouses will clearly result in excessive, undue, and unnecessary expense and cost. Therefore, the Defendant respectfully requests that the Court issue a protective order in this case and quash Plaintiff's Notice of Deposition of the Person Most Knowledgeable at Costco.

### B. BILL STANFIELD

By Notice dated August 26, 2025, Plaintiff noticed the deposition of Costco employee Bill Stanfield. See Exhibit B. A subpoena was not served in connection with Mr. Stanfield's Notice of Deposition. Notwithstanding the lack of a subpoena, a protective order should issue and to the extent necessary, the Notice of Deposition should be quashed by the court.

Federal Rule of Civil Procedure 45(c)(1)(A) requires that subpoenas command attendance only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45(d)(3)(A)(ii) directs the court to quash any subpoena that purports to compel compliance beyond the geographical limits specified in Rule 45(c). Some courts have held that this geographic limitation applies even to remote testimony via videoconference, establishing that absent a valid subpoena within these geographic constraints, a Plaintiff cannot compel the individual testimony of an out-of-state corporate employee. *Kirkland v. U.S. Bankr*, Court for the Central District of California (In re

Kirkland) 75 F.4th 1030 (9th Cir. 2023); See also; *Rochester Drug Cooperative, Inc. v. Campanelli*, 2023 WL 2945879, at \*2 (S.D.N.Y. Apr. 14, 2023); *Broumand v. Joseph*, 522 F. Supp.3d 8, 10 (S.D.N.Y. 2021); In re Epipen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation, 2021 WL 2822535, at \*4-6 (D. Kan. July 7, 2021); *Orbital Engineering, Inc. v. Buchko*, Civ Action No. 2:20-593 (W.D. PA 2022).

Mr. Stanfield lives in Redmond, Washington, and works at Costco's corporate headquarters located in Issaquah, Washington. Therefore, the Notice of Deposition violates Federal Rule of Civil Procedure 45. See Affidavit of Miles Esty attached here to as Exhibit C.

## IV. ARGUMENT

### A. The Areas of Inquiry Set Forth In The Notice Of Deposition Violate The Reasonable Particularity Standard

Rule 30(b)(6) mandates that the noticing party "must describe with *reasonable particularity* the matters for examination. "*Kalis v. Colgate-Palmolive Co.*, 241 F.3d 1049, 1057, Fn 5 (7th Cir. 2000) *citing Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D.Minn.2000) ("[T]he requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."). See *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74–80 (D.

Conn. 2010) (quashing noticed topics where discovery already taken appeared adequate, emphasizing need for specific boundaries in corporate depositions). "Where…the Defendant cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Reed v. Bennett,* 193 F.R.D. 689, 692 (D.Kan. 2000). Thus, if a notice uses phrases like "including but not limited to", the topic would put the corporation to the impossible task of preparing for an open-ended, and theoretically infinite subject. *Id.* Thus, the 30(b)(6) notice should "be limited to a relevant time period, geographic scope, and related to claims" that are at issue in the case. *Young v. United Parcel Serv. of Am., Inc.,* 2010 WL 1346423, *9 (D.Md. Mar. 30, 2010). Here, the areas of inquiry are not limited in any fashion whatsoever, and therefore are the functional equivalent of using prohibited phrases such as "including, but not limited to".

> **Topic 1: "Safety and risk management concerning the design, maintenance, layout, construction, and operation of parking lots abutting Costco Wholesale warehouses"**

This topic is unlimited by date and location. Further, it encompasses multiple distinct subject areas (design, maintenance, layout, construction, and operation) without any specific limitation to the Enfield, Connecticut Warehouse, or reference to the alleged defect or defects at issue in this case. It is not limited by date or scope.

**Topic 2: "Training, education, instructions, and guidelines provided by Costco Wholesale to its employees concerning traffic safety, traffic warnings, traffic patterns, and pedestrian safety in Costco Wholesale parking lots"**

This is unlimited by date or location. Further, this category fails to specify which employee categories, what time period, which locations, or what specific training materials are relevant. It could encompass decades of training materials across all job classifications and all store locations without clear boundaries.

**Topic 3: "Pedestrian safety and risk mitigation in Costco Wholesale parking lots, parking areas, and exterior walkways"**

This topic is duplicative of Topics 1 and 2 while adding "exterior walkways" without geographic or temporal limitations. Further, the phrase "risk mitigation" is not defined and could encompass corporate policies, individual store practices, or theoretical safety measures across all locations and time periods

**Topic 4: "Investigation, reports, and complaints concerning instances of pedestrian vs. motor vehicle incidents occurring in Costco Wholesale warehouse parking lots in the Northeast Region"**

While this request is geographically limited to the "Northeast Region", this topic is unlimited by date and would include locations that are not substantially similar to the Enfield Warehouse. Further, "complaints" are undefined and would

theoretically include customer, employee, regulatory, and/or internal complaints.

### B. Plaintiff's Notice Of Deposition Is Disproportional To The Needs Of A Simple Motor Vehicle Accident

This is a routine tort case in which discovery should be limited to the configuration of the parking lot at the Enfield Costco Wholesale Warehouse. The Notice of Deposition issued to Costco should be quashed because it ignores due consideration of proportionality as required under Rule 26(b)(1). On December 1, 2015, Rule 26(b)(1) was amended to expressly require that discovery must be proportional to the needs of a case.[1] Rule 26(b)(1) now states in part:

> **Parties may obtain discovery** regarding any nonprivileged matter that is relevant to any party's claim or defense and **proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.** Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added). While proportionality was always an element of the rule, this amendment represented a fundamental

---

[1] *See Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, 2016 WL 4485568, at *5 (S.D. Cal. Aug. 19, 2016).

change of emphasis on proportionality based on the actual needs and nature of the case:

> What will change—hopefully—is mindset. No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.

*Gilead Scis., Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016). Thus, discovery must be proportional to the actual needs and nature of the case.

Here, the breadth of Plaintiff's Notice of Deposition is plainly and vastly disproportionate to the matters at hand. Again, this is a straightforward motor vehicle accident in the parking lot. Despite this simple fact pattern, Plaintiff seeks decades of information, from hundreds of other Warehouses without any preliminary showing that these other locations are in any way similar to the Enfield, Connecticut Warehouse.

Further, the only way to attempt to respond to Plaintiff's deposition notice would be with the testimony of a high-ranking corporate officer who could speak to the general workings of all of Costco locations—this person would lack first-hand knowledge of Plaintiff's incident and would have no involvement in the specific day-to-day operations giving rise to Plaintiff's suit.

18

**C. The Scope Of The Production Requests Are Overly Broad,
Unduly Burdensome and Not Proportional To The Needs Of The
Case**

The Notice of Deposition also seeks the production of five groups of

documents. Each request is objectionable for a variety of reasons.

1. Standards, protocols, guidelines, manuals, handbooks,
   instructions, or other documents published by Costco Wholesale
   concerning the design, layout, construction, installation, and
   operation of parking lots abutting Costco Wholesale
   warehouses.

**Objection:** Unlimited by date, location, similarity of parking lot, and whether

documents were actually followed or utilized at the Enfield location on the date of

the alleged incident. This request would require the Defendant to locate and

produce decades of documents from every Costco location. Further, it would

require the location and production of documents not related to any issue raised

by the allegations of the Complaint.

2. Standards, protocols, guidelines, manuals, handbooks,
   instructions, or other documents consulted, maintained, or
   utilized by Costco Wholesale concerning the design, layout,
   construction, installation, and operation of parking lots abutting
   Costco Wholesale warehouses.

**Objection:** Unlimited by date, location, similarity of parking lot, and whether

documents were actually followed or utilized at the Enfield location on the date of

the alleged incident. This request would require the Defendant to locate and

produce decades of documents from every Costco location. Further, it would

require the location and production of documents not related to any issue raised

by the allegations of the Complaint.

3. Any and all documents, notes memoranda, plans, drawings, diagrams, statements, emails, messages, video recordings, audio recordings, in physical or electronic form concerning accidents between pedestrians and motor vehicles in Costco Wholesale warehouse parking lots in the State of Connecticut prior to June 22, 2022.

**Objection:** Unlimited by date. Further, while limited to warehouses in the State of

Connecticut, the request is not limited to similar parking lots, and whether

documents were actually followed or utilized at the Enfield location on the date of

the alleged incident. This request would require the Defendant to locate and

produce decades of documents from seven other Costco locations dating back

35 years. Further, it would require the location and production of documents not

related to any issue raised by the allegations of the Complaint.

4. Any and all data, statistics, reports, or records maintained by Costco Wholesale concerning pedestrian accidents between pedestrians and motor vehicles in Costco Wholesale warehouse parking lots.

**Objection:** Unlimited by date, location, similar parking lots. Further, the request

is not limited to the location or type of incident at issue and would

require the location and production of documents not related to any issue

raised by the allegations of the Complaint.

5. Any and all protocols, standards, guidelines, handbooks, instructional materials, or documents concerning the placement of traffic signs, controls, signals, alerts, warnings and/or traffic safety devices in parking lots and traffic areas abutting Costco Wholesale warehouses.

**Objection:** Unlimited by date, location, similarity of parking lot, and whether documents were actually followed or utilized at the Enfield location on the date of the alleged incident. This request would require the Defendant to locate and produce decades of documents from every Costco location dating back decades. Further, it would require the location and production of documents not related to any issue raised by the allegations of the Complaint.

To respond to Plaintiff's requests for similar incidents at other Warehouses, and to search each of these Warehouses would be overwhelmingly burdensome and costly. Costco currently has 624 Warehouses in the United States. See Affidavit of Miles Esty, Esq., attached hereto as Exhibit C.

To the extent the requests for production apply to other Warehouses across the country, not only are the topics "overly broad" but, also, they are not proportional to the needs of the case. *Martinez v. Costco Wholesale*, case no. 8:18-CV-01296-JVS-KES (Central District of California) (2019), involved a lawsuit arising out of an accident in its Fullerton, California Warehouse. In Martinez, Plaintiff claimed the parking lot was negligent designed. The court ruled on a

similar Notice of Deposition and Production Request that requested the

production of documents regarding accidents in all of its southern California

locations. It held:

> "Costco's objection that the RFPs are overbroad is well-taken. One
> can imagine many kinds of "accidents" or "pedestrian injuries" that
> might occur at a Costco (such as forklift accidents involving
> employees, slip and falls, or shopping cart collisions) that would have
> nothing to do with the condition of any parking lot, let alone the
> Fullerton parking lot. Even "vehicular incidents" is too broad.
> Evidence that drivers sometimes back into each other while pulling
> out of parking spots would not shed any light on the parties' claims
> or defenses in this case. If Plaintiffs had tied their negligent design
> and maintenance claims to specific conditions (for example,
> overgrown shrubs that allegedly blocked visibility), then they might
> have asked about vehicular accidents caused by the same
> conditions at other Costco parking lots. As drafted, however,
> Plaintiffs' RFPs are overly broad."

Any analysis of proportionality necessarily includes a consideration of the

amount in controversy, the relevance of the information sought, the burden

imposed upon the responding party and the scope of the requests. *See Utd.*

*Therapeutics Corp. v. Watson Labs, Inc.*, 200 F. Supp. 3d 272, 280 (D. Mass.

2016). The amount in controversy in this case does not warrant such extensive,

out-of-bounds discovery. As a result of the subject incident, Plaintiff sustained

leg/ankle fractures that required surgery. While Plaintiff has not yet made a

demand, prior filings indicate that Plaintiff has incurred approximately

$164,147.00 in medical bills to date. The information sought is not relevant to the underlying tort claim. The extensive list of topics and documents sought creates a significant burden, and cost, because it requires the deponent to search for a substantial number of documents and to prepare extensively on all of those topics, requiring significant and disproportionate preparation and expense.

The scope of the requests, as discussed, is irrelevant, unlimited and onerous. Good cause is demonstrated. Given all of these factors, the deposition notice should be quashed in this motor vehicle case.

### D. The Notice Of Deposition Improperly Requests The Person "Most Knowledgeable" To Appear, Contravening The Standard Set Forth In The Federal Rule For Corporate Depositions

The subject Notice of Deposition requires Person Most Knowledgeable at Costco to appear and testify at to Plaintiff's categories.   This is not and never has been the law. *See Estate of Rosado-Rosario v. Falken Tire Corp.*, 319 F.R.D. 71, 74 (D.P.R. 2016) ("The selected individual need not be the 'most knowledgeable individual' regarding a designated subject."), *citing Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y. 2003) (Maas, J.). Rather, the rule requires a deponent to testify as to information "known or reasonably available" to the corporation. *See* Fed. R. Civ. P. 30(b)(6); *see also Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 229 (S.D.N.Y. 2015) (Maas, J.) ("[I]t is settled law that a party need not produce the organizational representative with the

greatest knowledge about a subject; instead, it need only produce a person with knowledge whose testimony will be binding on the party.")

Here, Plaintiff requests a single individual most knowledgeable concerning such a wide array of topics that it would be impossible to produce a single individual that is most knowledgeable about all of these areas of inquiry. Further, the topics are so overly broad that the Defendant cannot even identify a single individual who would be most knowledgeable concerning all of the areas of inquiry. In sum, compliance with this request is impossible.

The Defendant requests an Order that any Notice of Deposition issued by Plaintiff for a 30(b)(6) deposition reference the correct standard by which a company representative is held to testify.

**CONCLUSION**

WHEREFORE, Defendant Costco respectfully requests that this Court grant this Motion for Protective Order and quash Plaintiff's Notice of Deposition of Costco's corporate designee and Bill Stanfield.

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION
_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD                           :        CIVIL NO. 3:24-CV-01102
                                        :
          Plaintiff                     :
                                        :
v.                                      :
                                        :
COSTCO WHOLESALE                        :
CORPORATION; COSTCO                     :
WHOLESALE MEMBERSHIP, INC.;             :
FRESHWATER MZL LLC                      :
                                        :
          Defendant                     :        SEPTEMBER 15, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of this document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANT,
COSTCO WHOLESALE CORPORATION
_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

26

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL ACTION NO. 3:24-cv-01102 |
| | : | |
| **PLAINTIFF** | : | |
| | : | |
| V. | : | |
| | : | |
| COSTCO WHOLESALE CORP. | : | |
| | : | |
| COSTCO WHOLESALE | : | **AUGUST 26, 2025** |
| MEMBERSHIP, INC. | : | |
| | : | |
| **DEFENDANTS** | | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of **CORPORATE DESIGNEE OF COSTCO WHOLESALE CORP.**, Monday, September 15, 2025 at 9:30 **a.m.,** by remote videoconferencing through ZOOM or a similar application to be used in the trial of the within action, and to continue day to day until said deposition is complete, in the presence of DelVecchio Court Reporting or other competent authority.

Corporate designee of Costco Wholesale Corporation is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of Costco Wholesale Corporation concerning the subject matter described in <u>Exhibit A</u>, appended hereto. Pursuant to Fed. R. Civ. P. 40, the deponent or deponents are further requested to produce any and all documents responsive set forth in <u>Exhibit B</u>.

EXHIBIT A (AREAS OF INQUIRY)
1.
Safety and risk management concerning the design, maintenance, layout, construction,

1

*Kennedy, Johnson, Schwab & Roberge P.C.* • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077

and operation of parking lots abutting Costco Wholesale warehouses.

2.

Training, education, instructions, and guidelines provided by Costco Wholesale to its employees concerning traffic safety, traffic warnings, traffic patterns, and pedestrian safety in Costco Wholesale parking lots.

3.

Pedestrian safety and risk mitigation in Costco Wholesale parking lots, parking areas, and exterior walkways.

4.

Investigation, reports, and complaints concerning instances of pedestrian vs. motor vehicle incidents occurring in Costco Wholesale warehouse parking lots in the Northeast Region

EXHIBIT B (PRODUCTION)

1.

Standards, protocols, guidelines, manuals, handbooks, instructions, or other documents published by Costco Wholesale concerning the design, layout, construction, installation, and operation of parking lots abutting Costco Wholesale warehouses.

2.

Standards, protocols, guidelines, manuals, handbooks, instructions, or other documents consulted, maintained, or utilized by Costco Wholesale concerning the design, layout, construction, installation, and operation of parking lots abutting Costco Wholesale warehouses.

3.

Any and all documents, notes memoranda, plans, drawings, diagrams, statements, emails, messages, video recordings, audio recordings, in physical or electronic form concerning accidents between pedestrians and motor vehicles in Costco Wholesale warehouse parking lots in the State of Connecticut prior to June 22, 2022.

4.

Any and all data, statistics, reports, or records maintained by Costco Wholesale concerning pedestrian accidents between pedestrians and motor vehicles in Costco Wholesale warehouse parking lots.

5.

Any and all protocols, standards, guidelines, handbooks, instructional materials, or documents concerning the placement of traffic signs, controls, signals, alerts, warnings and/or traffic safety devices in parking lots and traffic areas abutting Costco Wholesale warehouses.

2

*Kennedy, Johnson, Schwab & Roberge P.C.* • *ATTORNEYS AT LAW*
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077

3

THE PLAINTIFF


By:   /s/  ct 30224
Brendan K. Nelligan, Esq. [ct30224]
Kennedy, Johnson, Schwab & Roberge, LLC
Long Wharf Maritime Center
555 Long Wharf Dr. Suite 13A
New Haven, CT 06511
Tel:  203-865-8430
E-mail:  bnelligan@kennedyjohnson.com


## CERTIFICATE OF SERVICE

    I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on August 26, 2025, to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Miles David Newman Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Ave
Hamden, CT  06518
Via Email:  mesty@estyandbuckmir.com

DelVecchio Court Reporting
Via Email:  delvecchiorptg@aol.com


    /s/  ct30224
Brendan K. Nelligan, Esq.

*Kennedy, Johnson, Schwab & Roberge P.C.* • *ATTORNEYS AT LAW*
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL ACTION NO. 3:24-cv-01102 |
| | : | |
| **PLAINTIFF** | : | |
| | : | |
| V. | : | |
| | : | |
| **COSTCO WHOLESALE CORP.** | : | |
| | : | |
| **COSTCO WHOLESALE** | : | **AUGUST 26, 2025** |
| MEMBERSHIP, INC. | : | |
| | : | |
| **DEFENDANTS** | | |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that the plaintiff will take the deposition of **Bill Stanfied**

**of defendant, Costco Wholesale Corp., on Monday, September 15, 2025 at 11:30 a.m.,**

by remote videoconferencing through ZOOM or a similar application to be used in the

trial of the within action, and to continue day to day until said deposition is complete, in

the presence of Sanders, Gale & Russell/Veritext or other competent authority.

*Kennedy, Johnson, Schwab & Roberge P.C.* • *ATTORNEYS AT LAW*
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077

THE PLAINTIFF

By:   /s/ ct 30224
Brendan K. Nelligan, Esq. [ct30224]
Kennedy, Johnson, Schwab & Roberge, LLC
Long Wharf Maritime Center
555 Long Wharf Dr. Suite 13A
New Haven, CT 06511
Tel:  203-865-8430
E-mail:  jkennedy@kennedyjohnson.com

## CERTIFICATE OF SERVICE

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on August 26, 2025, to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

Miles David Newman Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Ave
Hamden, CT 06518
mesty@estyandbuckmir.com
aerickson@estyandbuckmir.com

DelVecchio Court Reporting
Via Email:  delvecchiorptg@aol.com

/s/ ct30224
Brendan K. Nelligan, Esq.

2

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD                          :        CIVIL NO. 3:24-CV-01102
                                       :
        Plaintiff                      :
                                       :
v.                                     :
                                       :
COSTCO WHOLESALE                       :
CORPORATION; COSTCO                    :
WHOLESALE MEMBERSHIP, INC.;            :
FRESHWATER MZL LLC                     :
                                       :
        Defendant                      :        SEPTEMBER 15, 2025

## **AFFIDAVIT**

1.      I am over the age of 18 and believe in the obligation of an oath.

2.      I am a founding member of the law firm of Esty & Buckmir, LLC located at

        2285 Whitney Avenue, Hamden, CT 06518.

3.      I represent Costco Wholesale Corporation in connection with the lawsuit

        entitled Nancy LaBroad v. Costco Wholesale Corporation, et al pending in

        the United States District Court for the District of Connecticut Civil Action No

        3:24-CV-01102.

4.      I have represented Costco Wholesale Corporation in various civil lawsuits

        pending in Connecticut since approximately 1994.

5. On September 4, 2025, the parties engaged in a good faith attempt to resolve Costco's objections to Plaintiff's Notices of Deposition in the above matter.

6. On Thursday, September 11, 2025 and Friday, September 12, 2025 additional communications occurred between the parties regarding the Notices of Deposition.

7. Despite these communications, the parties have been unable to resolve their differences regarding Plaintiff's Notices of Deposition.

8. Upon information and belief, Costco operates 624 Warehouses in the United States.

9. On the date of the subject incident there were 8 Costco Wholesale Warehouses operated in the State of Connecticut.

10. Upon information and belief, Bill Stanfield is a Costco employee who lives in Redmond, Washington and works at Costco's corporate headquarters located in Issaquah, Washington.

11. To date, Costco has produced the numerous documents enumerated in Costco's Motion for Protective Order to Plaintiff's counsel regarding the Enfield Connecticut Costco Wholesale Warehouse.

By: _____
    Miles Esty, Esq.

Sworn and subscribed to me this 15th day of September, 2025.

_____
Notary Public / My Commission Expires: 6/30/27