UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **NANCY LABROAD** | : | CIVIL ACTION NO. 3:24-cv-01102 |
| **PLAINTIFF** | : | |
| V. | : | |
| **COSTCO WHOLESALE CORP.** | : | |
| **COSTCO WHOLESALE MEMBERSHIP, INC.** | : | NOVEMBER 10, 2025 |
| **DEFENDANTS** | : | |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT WITNESSES AND ASSOCIATED DISCOVERY DEADLINES IN LIGHT OF ORDER NO. 41 ON MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH**

Pursuant to Federal Rule of Civil Procedure 29(b) and Local Rule 7(b), the plaintiff in the above matter respectfully request the Court modify the discovery deadlines and scheduling order as set forth below. As set forth herein, the plaintiff requests an extension of time to disclose experts in the present matter, with a corresponding extension of the remaining discovery deadlines in the case. The Court's order on the parties previous Motion for Extension of Discovery Deadlines provided for thirty days from the entry of a decision on the then pending Motion for Protective Order before the Honorable David Vatti. Docket No. 36. The ruling on the defendant's Motion for Protective Order and

Motion to Quash granted in part the plaintiff's request for additional depositions and documentary production. <u>Docket No. 41</u>. In light of the order and for the reasons set forth herein, the plaintiff submits that additional time is needed to secure the applicable discovery, provide the same to potential expert witnesses, and requests the Court to permit the same. Specifically, the plaintiff is requesting an extension of the discovery deadlines as follows:

|  | CURRENT | PROPOSED |
|---|---|---|
| Plaintiff's Expert Witness Disclosure | 11/22/2025 | 2/1/2026 |
| Defendant's Expert Witness Disclosure | 1/22/2026 | 4/1/2026 |
| Close of Discovery | 3/1/2026 | 6/1/2026 |
| Dispositive Motions | 2/1/2026 | 5/1/2026 |

This action arises out of an incident which is alleged to have occurred outside of the Costco Wholesale warehouse in Enfield, Connecticut. The plaintiff alleges that she sustained serious injuries to her lower extremities as a result of being struck by a motor vehicle shortly after exiting the Costco Wholesale warehouse. The plaintiff's claims sound in negligence and allege that the defendant negligently maintained, operated, and designed the subject parking lot. The parties have exchanged substantial written discovery and have conducted depositions of various parties. In furtherance of the same, the plaintiff had noticed the deposition of the defendant's corporate designee pursuant to FRCP 30(b)(6) on several occasions, most recently to be held on September 15, 2025.

The corporate designee deposition sought, <u>inter alia</u>, information and documents pertaining to pedestrian safety and policies and protocols relative to traffic patterns and pedestrian safety in Costco parking lots. The plaintiff also noticed the deposition of Bill Stanfield, whom is believed to be a Costco employee involved in a construction project at the subject premises shortly before the subject incident.

In response to these deposition notices and after an inability to reach an agreement on the scope of these depositions, on September 15, 2025 the defendant filed a Motion for Protective Order and Motion to Quash, <u>Docket. No. 30.</u> On September 17, 2025, the matter was referred to the Honorable David Vatti for ruling on the defendant's Motion. <u>Docket No. 31</u>.

The matter was argued before Judge Vatti on October 22, 2025. Following the argument, Judge Vatti issued an order on the defendant's Motion for Protective Order on October 23, 2025. <u>Docket No. 41</u>. The order permits the deposition of Bill Stanfield and likewise ordered the production of a Rule 30(b)(6) witness and associated production. <u>Id.</u> The defendant was ordered to provide the name of the witness and corresponding documentary production by November 21, 2025.

It is the plaintiffs understanding that production of these documents and the designation of the witness is underway. As such, the plaintiff is requesting an extension of

time to disclose her experts. The information sought by way of the remaining depositions and production are highly germane to the issues in this matter and will need to be reviewed by expert witnesses following the completion of the deposition. Good cause exists for the granted extension as it arises only in the context of the pending Motion for Protective Order filed on September 15, 2025 and the Court's subsequent ruling granting additional discovery on October 22, 2025. The substance of the discovery ordered by Judge Vatti is highly relevant and germane to issues of negligence and liability and the substance of these depositions will impact the opinions and anticipated expert testimony for both parties.

Given that the rulings on the Motion for Protective Order and the plaintiff's corresponding objection will effect the disclosure of experts, the plaintiff would request up until February 1, 2026, or such other time as the Court orders, so that she may secure the deposition of the corporate designee and associated discovery and provide the same to potential expert witnesses. The current deadline to disclose experts in accordance with the Court's previous order is November 22, 2025. Given that the plaintiff will not be in possession of the identify and documentary production until November 21, 2025, it is logistically impossible to secure the depositions by the current deadline. Additionally, plaintiff's counsel is commencing jury selection and evidence in the matter of Estate of Ali v. Cynthia Corrao, Docket No. CV21 HHD 6150049S, a wrongful death matter that is

anticipated to require three weeks of evidence, commencing December 2, 2025. As such the plaintiff would request that the Court grant her Motion and order that the deadlines be modified as set forth herein to permit her to obtain the discovery ordered by Judge Vatti and properly disclose expert witnesses.

                        THE PLAINTIFF

                        By:  /s/ ct 30224
                        Brendan K. Nelligan, Esq. [ct30224]
                        Kennedy, Johnson, Schwab & Roberge, LLC
                        Long Wharf Maritime Center
                        555 Long Wharf Dr. Suite 13A
                        New Haven, CT 06511
                        Tel:  203-865-8430
                        E-mail:  bnelligan@kennedyjohnson.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Connecticut by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Miles David Newman Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Ave
Hamden, CT  06518
mesty@estyandbuckmir.com


                                    */s/  ct30224*
                              Brendan K. Nelligan, Esq.