UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

NANCY LABROAD
    *Plaintiff*                                                                 No. 3:24-cv-01102-KAD

v.

COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.,
FRESHWATER MZL LLC,
    *Defendants*

v.

REGINA FELPER,
    *Apportionment Defendant*                                        Tuesday, February 17, 2026

## DEFENDANTS' OBJECTION TO MAGISTRATE VATTI'S ORDER DATED FEBRUARY 5, 2026

The defendants hereby object to Magistrate Vatti's Order dated February 5, 2026 and provide the following memorandum in support of their objection.

"The party seeking discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, 1994 U.S. Dist. LEXIS 6187, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994) (Leisure, J.). Rule 26(b)(1) "does not allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Id*. at *1.

The facts of the pedestrian knock-down accident in this case are not in dispute. Indeed, it was captured on CCTV video which has been produced to plaintiff. 93-year-old defendant Regina Felper "turns left without stopping and collides with Labroad who was in the crosswalk." Ex. A at 7. Felper "failed to perceive a pedestrian who was approximately 14 into a clearly marked crosswalk" and admitted "she felt it was time for her not to drive based on her age and knowing this incident could have been a lot worse." *Id.* Felper's license was seized after the accident. *Id.* There were no prior incidents in this parking lot. Ex. B. Plaintiff has voluntarily withdrawn her claims against the lessor of the premises, defendant Freshwater MZL, LLC, ECF

1

25, and never brought suit against Felper, with whom she already settled; she has sought discovery from neither party, nor from any third party, to date.

As to defendants Costco Wholesale Corporation and Costco Wholesale Membership, Inc., however, plaintiff has only alleged the parking lot and the clearly marked crosswalk were somehow defective. Yet Costco has produced three witnesses for deposition already (Warehouse General Manager Todd Cunningham; Warehouse Assistant General Manager Jason Lisee; and Costco Construction Project Manager Bill Stanfield), together with 1,799 pages of documents comprising reports, guidelines, photographs, the design documents for the parking lot including plans, architectural drawings, contracts, correspondence, and studies, dating from the original construction of the warehouse in 2003 to the ADA upgrade of the parking lot in 2022. When ordered to still further produce a corporate witness to testify concerning guidelines concerning traffic safety provided to managers in District 2 of the Northeast region between 2017 and 2022, and guidelines concerning pedestrian safety in parking lots applicable that region during that time, Costco objected that it could not produce such a witness after reasonable inquiry. This was because there were no guidelines provided to managers, nor were there guidelines specifically applicable, **during that time and in that region**.

In response to that objection, the Court ordered Costco to nevertheless produce a witness to testify concerning the "existence or nonexistence" of such guidelines; the "efforts Costco took to investigate;" whether "design directives regarding vehicular traffic from the 2003 build of the Enfield warehouse were considered or implemented in the 2021/2022 ADA upgrade process;" and whether "Costco discussed parking lot/vehicular traffic related safety issues with the architect during the 2021/2022 ADA project." ECF 59. The Order, expanding the scope of the notice and requiring further testimony when the guidelines from both the original construction

and the ADA upgrade 20 years later are in the plaintiff's possession, contravenes the principle of proportionality under Federal Rule of Procedure 26, and was therefore clearly erroneous and contrary to law.  Indeed, it does not appear that the Court applied any of the criteria related to proportionality in its analysis.  After all, if three depositions, X pages of production including all relevant design documents dating back 20 years is not sufficient discovery *in a case where the accident itself is captured on video and it shows an elderly driver run into a pedestrian in plain view adjacent to a crosswalk,* the proportionality rule will have been rendered completely inapplicable.  That is not the law of the 2nd Circuit.

It appears from the  Order that the Court misapprehended that the Warehouse Development Guidelines applicable to the construction of the Enfield Warehouse in 2003 concerned **new construction only**, and, thus, had **no applicability** to modifications like the 2022 ADA upgrade. The Order also misapprehended the so-called  "foundation" testimony from Stanfield, who testified that the "predesign" process of Costco merely comprised Costco's request for designs from its architect, and did not imply involvement by Costco in the actual design process of parking lots, additions, or new warehouses altogether. This, too, was clearly erroneous and contrary to law.

Accordingly, Costco hereby respectfully objects under Federal Rule of Civil Procedure 72(a) and Local Rule for Magistrate Judges 72.2(a) to the February 5, 2026 Order, ECF 59, overruling Costco's objection to designating a Rule 30(b)(6) witness on the two topics set forth in the Court's prior Order, dated October 23, 2025, ECF 41. The Order should be reversed under Rule 72(a).

**BACKGROUND**

The Plaintiff's June 21, 2024 Complaint alleges that Costco's Enfield Warehouse parking lot was somehow defective. ECF 1 at 9, ¶¶ 7, 8 , 14.  On August 26, 2025, after the depositions of managers Cunningham and Lissee, plaintiff noticed the deposition of Construction Manager Stanfield and Costco's designee on four topics pertaining to Costco's guidelines, unlimited in temporal and geographic scope. ECF 30 at 28-34. Costco moved for a protective order. ECF 30. After hearing from counsel, on October 23, 2025, the Court granted the motion in part, restricting the deposition to two topics limited in temporal and geographic scope:

> As to the Rule 30(b)(6) deposition sought by plaintiff, defendants shall designate a corporate representative to testify with respect to the following topics: (1) training, education, instructions and guidelines provided by Costco Wholesale to its managers concerning traffic safety, traffic warnings, and traffic patterns in Costco Wholesale parking lots during the period June 17, 2017, to June 22, 2022, which were applicable to warehouses in District 2 of the Northeast region; and (2) corporate policies, procedures, guidelines and instructions regarding pedestrian safety and risk mitigation in Costco Wholesale parking lots, parking areas and exterior walkways for the period June 17, 2017 to June 22, 2022, which were applicable to District 2 of the Northeast region.

ECF 41. On December 5, 2025, Costco contacted the Court to advise that after reasonable inquiry, there were no Costco employees who could be designated regarding the topics ordered, because Costco did not provide guidelines to managers concerning traffic safety "during this time period" and did not have guidelines concerning pedestrian safety in parking lots applicable "for the specific time period." Ex. C.

On December 8, 2025, Stanfield, the Construction Project Manager for the 2022 ADA upgrade of the Enfield Warehouse, was deposed. When asked about the Warehouse Development

4

Guidelines, he testified that those Guidelines concerned only new construction of Costco Warehouses, not modifications like the 2022 ADA upgrade of the Enfield Warehouse:

> Q. Have you utilized the Costco Wholesale Development Requirements in connection with projects in which a site is being modified as opposed to a ground-up?
> **A. Not really, no.**
> Q. All right. And at any time have you ever utilized Exhibit B, Costco Wholesale Development Requirements, in connection with a modification of existing site?
> **A. No.**

Ex. D at 50-52 (emphasis added). Stanfield, Construction Project Manager for the 2022 ADA upgrade of the Enfield Warehouse, was asked no further questions about the Warehouse Development Guidelines thereafter. Stanfield's testimony also included that Costco "predesigned" the lots, Ex. D at 26-31, but that "predesign" comprised only requests for preliminary designs from its architects for the purpose of evaluating pricing, permitting, and feasibility:

> Q. All right. And you referenced just a moment ago predesign operations; is that a separate part of the company that deals with —
> A. No.
> Q. — projects?
> A. No. It's just that operations works with the architect to determine what exactly they're going to approve or not approve to be built. And a lot of times — well, it depends on what's being built. **I mean, if you want it in simple — simple terms, and I think it's easy to illustrate. They say they want an addition onto the side of the building. The architect will put some schematics together and very light detail on it and show it to the operations top management** …

Ex. D at 26-31. After a status conference on January 8, 2026, the Court directed the parties to subsequently brief the issues. Plaintiff's letter brief elided the temporal nature of Costco's objection–that there were no relevant guidelines during the time period. *See* ECF 51 at 2.

5

Plaintiff's letter brief further incorrectly implied that the "predesign" involved some affirmative role by Costco in the design of the parking lot. ECF 51 at 2, 5 ("With regards to the defendant's argument concerning its use of architects, it is clear that Costco has a direct role in the planning and implementation of projects at its store before it reaches the construction division."). Plaintiff's letter brief also incorrectly implied the Warehouse Development Guidelines applied to modifications, instead of new builds. ECF 51 at 4-5.[1] Indeed, the referenced exhibit excerpted by plaintiff in her letter brief, ECF 51 at 15, expressly and repeatedly refers to "a new Costco Wholesale Warehouse."

Yet, the Court's resulting February 5, 2026 Order [1] excluded the significance of Costco's objection as to temporal limitations, [2] accepted the plaintiff's conflation of the Guidelines as to new build in contradistinction to modifications, and [3] accepted the plaintiff's improper characterization of the "predesign" testimony. The Order further expanded the scope of the October 23, 2025 Order on the motion to quash, directing Costco to produce a witness on the abstract and abstruse topic of whether the Warehouse Development Guidelines, which concern the development of new Costco Warehouses only, were considered when the Enfield Warehouse

---

[1] "In part, these documents direct that personnel are to "[a]void layout schemes that direct vehicular traffic in front of the main entrance to the Warehouse." Exhibit B. In reviewing these documents, it is plain that the defendant does promulgate at least some manner of instructions and materials that bear on the construction and maintenance of parking lots."

6

was modified during the ADA upgrade 20 years after it was built.[2]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 72(a) provides:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

F.R.C.P. 72(a); *see also* D. Conn. L. Civ. R. Mag. 72.2(a).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

---

[2] "Accordingly, Costco shall designate a corporate representative who is adequately prepared to testify regarding the existence or nonexistence of the information described in the Rule 30(b)(6) topics including, but not limited to, the efforts Costco took to investigate both topics. As discussed during the hearing, this representative is most probably someone from Costco corporate who was part of defense counsel's due diligence in establishing the nonexistence of training materials, instructions, and guidelines as to Topic 1 in the ECF 41 order, or someone from the Costco Operations Department (in light of testimony in the Stanfield deposition that the Operations Department is the liaison with the architect on the warehouse design process).

Additionally, based on the foundation plaintiff developed during the Stanfield deposition, the designated witness must be prepared to address, as a subset of Topic 2, whether (and why or why not) design directives regarding vehicular traffic from the 2003 build of the Enfield warehouse were considered or implemented in the 2021/2022 ADA upgrade process for the parking lot, and whether (and why or why not) Costco discussed parking lot/vehicular traffic related safety issues with the architect during the 2021/2022 ADA project." ECF 59.

whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." F.R.C.P. 26(b)(1). "A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Committee Notes on Rules—2015 Amendment.

## ARGUMENT

### I. The Ordered Designee Deposition Is Erroneously Disproportionate to the Needs of the Case

As with "other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26–deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (Aaron, J.) (citing Fed. R. Civ. P. 26(b)(1)), *citing Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, N.A.*, 2017 U.S. Dist. LEXIS 133373, 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (Netburn, J.). Even in situations where "information may be relevant, the court must still balance a plaintiff's need for the information against a defendant's interest in not being required to produce responses to overly burdensome requests for evidence which may have little relevant value to the claims. In other words, the court must still evaluate the basis for the plaintiff's request and make a determination of whether the material is relevant to the claims or likely to lead to relevant material." *Pratt v. Indian River Cent. Sch. Dist.*, 2012 U.S. Dist. LEXIS 202565, 2012 WL 13172930, at *3 (N.D.N.Y. Nov. 5, 2012) (Dancks, J.). Applying these standards to the case at bar, the Order is clearly erroneous and contrary to law.

8

"In his 2015 Year-End Report, United States Supreme Court Chief Justice John Roberts discussed the December 1, 2015 amendment to Rule 26(b), stating that the amended rule requires lawyers to "size and shape their discovery requests to the requisites of a case. Specifically, the pretrial process must provide parties with efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Williams v. Rushmore Loan Mgmt. Servs., LLC,* 2016 U.S. Dist. LEXIS 22807, at *9 (D. Conn. Feb. 16, 2016) (Martinez, J.), *citing Roberts, J.,* 2015 YEAR-END REPORT ON THE FEDERAL JUDICIARY (Dec. 31, 2015). Plaintiff cannot show that the ordered deposition is necessary to prove her claims, or that it would be anything other than a wasteful and unnecessary exercise, as is required under Rule 26(b).

*First*, the importance of the discovery is minimal: as set forth above, the plaintiff already has in her possession the "corporate policies, procedures, guidelines and instructions regarding pedestrian safety and risk mitigation in Costco Wholesale parking lots, parking areas and exterior walkways for the period June 17, 2017 to June 22, 2022, which were applicable to District 2 of the Northeast region," ECF 49, including the ADA Improvement Plan for Costco Wholesale; Upcoming ADA Parking Revisions; the correspondence between the Enfield Warehouse and Rose Paving concerning the ADA upgrade; Town of Enfield Planning and Zoning materials; the Contract between Rose Paving and Costco concerning the ADA upgrades for the Enfield Warehouse and the related Drawings by the architect MG2; and correspondence from Bohler, MG2's consultant in respect of the ADA upgrades for the Enfield Warehouse. *See* ECF 30 at 9-10. Plaintiff further could have, but has not, sought testimony from the architect of record who designed the allegedly defective parking lot. Equally, plaintiff has her answer concerning what "training, education, instructions and guidelines provided by Costco Wholesale to its managers

9

concerning traffic safety, traffic warnings, and traffic patterns in Costco Wholesale parking lots during the period June 17, 2017, to June 22, 2022, which were applicable to warehouses in District 2 of the Northeast region": for that specific period and region, "Costco did not provide training and information to its managers in District 2 during this time period." ECF 52 at 1. Plaintiff could have further evidence on this statement by way of a Request to Admit as proffered by Costco, but plaintiff instead insists on another deposition. Yet another deposition (what would be the 4th Costco deposition) on these issues is not proportional.

*Second,* concerning the access to information factor, the Advisory Committee counsels that often "the burden of responding to discovery lies heavier on the party who has more information," which can include "information that is more difficult to retrieve" Committee Notes on Rules—2015 Amendment. Here, plaintiff demanded Costco undertake extensive efforts to secure information and produce deponents concerning information that bears tangentially to this case of a pedestrian, in plain sight, getting knock down by an elderly motorist who failed to yield to someone adjacent to a clearly marked crosswalk[3]. Costco has complied with those efforts, made its employees available to testify, and produced extensive documentation concerning the design of the lot, the design of the warehouse, the lack of prior incidents, but plaintiff still demands more. This is not proportional.

*Third,* concerning the party's resources, "consideration of the parties' resources does not foreclose discovery requests addressed to an impecunious party, nor justify unlimited discovery requests addressed to a wealthy party … the court must apply the standards in an even-handed manner that will prevent use of discovery to wage a war of attrition or as a device to coerce a

---

[3] Again, all shown clearly on CCTV footage of the incident.

party, whether financially weak or affluent." Committee Notes on Rules—2015 Amendment. Here, plaintiff insists on further depositions despite the documents and witnesses produced to resolve the issue and the irrelevance of the testimony sought. She has yet to seek information from percipient witnesses like Felper, the contractor Rose Paving, or relevant third-parties like the design professionals of record, the architect MG2. "[T]he appropriate course of action is to complete the depositions of the fact witnesses" identified to date.[4] *Kemp, supra*, at *3-5. Further depositions of a designee or designees are not proportional.

*Fourth,* the designee's or designees' testimony cannot and will not resolve the issues in this case: it has no import, and indeed is cumulative. Further testimony on the Warehouse Development Guidelines or the ADA upgrade documents that have already been produced in discovery and were marked as exhibits in the deposition of the Construction Project Manager for the ADA upgrade of this parking lot will not shed any further light on whether there was, or was not a defect in the parking lot–the parking lot, where, it bears repeating, the plaintiff was hit by a driver who turned into oncoming traffic and failed to yield to a pedestrian. "[A] court may properly deny 30(b)(6) deposition requests that are unduly burdensome, particularly where preparation for the depositions is likely to be costly, the potential benefit to the plaintiff is low, and more convenient, less costly, and less burdensome options exist." *Kemp v. CSX Transp.*, 2020 U.S. Dist. LEXIS 197051, at *3-5 (N.D.N.Y. Oct. 23, 2020) (Stewart, J.), *citing Sahu v. Union Carbide Corp.*, 528 Fed. Appx. 96, 103 (2d Cir. 2013); *Jasco Tools, Inc., v. Dana Corp.*,

---

[4] Minimally, the the fact that Costco has produced three employee witnesses–the General Manager, Assistant Manager, and Construction Project Manager–and has been ordered to produce a fourth in short order by March 4, 2026, while the plaintiff's deposition, Felper's deposition, the and the architect's deposition are all still outstanding, militates against a finding of proportionality.

11

574 F.3d 129, 150 (2d Cir. 2009) ("A court plainly has discretion to reject a request for discovery if the evidence sought would be cumulative or if the request is based only on speculation as to what potentially could be discovered …"). This fourth deposition is burdensome, the preparation is costly, the benefit to plaintiff is low, and plaintiff has sought none of the more convenient, less costly, and less burdensome options for discovery, including deposing the only two eyewitnesses to the accident or the designer of the parking lot claimed to be defective, or propounding discovery to them. This cumulative and burdensome deposition is not proportional.

*Fifth,* the burden significantly outweighs the benefit insofar as both parties will be required to incur the costs of the deposition, and further designee testimony is irrelevant to the plaintiff's claims and cumulative to the documents and testimony produced to her already. After all, Rule 26(b)(1) "does not allow a party to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Id*. at *1; *see also E.A. Miller, Inc. v. S. Shore Bank*, 405 Mass. 95, 102 (1989) ("On the record before us, the plaintiffs lacked a minimal basis in fact for their allegations before they sought discovery. Parties may not "fish" for evidence on which to base their complaint "in hopes of somehow finding something helpful to [their] case in the course of the discovery procedure."), *quoting Charbonnier v. Amico*, 367 Mass. 146, 153 (1975); *quoting* 4 Moore's Federal Practice par. 26.56[1], at 26-95 n.3 (1987) ("[D]iscovery cannot be used as a vehicle for discovering a right of action."). Here, the plaintiff has merely repeated the incantation that the designee testimony sought is "highly germane" and "highly relevant and germane." *See* ECF 42 at 4 ("[t]he substance of the discovery ordered by Judge Vatti is highly relevant and germane to issues of negligence and liability"); ("[t]he information sought by way of the remaining depositions and

production are highly germane to the issues in this matter"). She has made no particularized showing that the information is, in fact, highly relevant and germane, and why she needs it to prosecute her action despite having all the relevant design documents in her possession already. But, she has not, to date, actually explained "the ways in which the underlying information bears on the issues." Committee Notes on Rules—2015 Amendment. The designee deposition is not proportional, and the Order is accordingly clearly erroneous and contrary to law. The objection to the Order should be sustained.

**II. The Order Erroneously Expanded The Scope Of The Deposition**

**1. Costco Previously Stated That It Did Not Provide Training And Information On Traffic Patterns In Parking Lots To Its Managers In District 2 Between 2017 and 2022**

Not only was the testimony ordered by the Court disproportionate, the Order erroneously expanded the scope of the notice of deposition, as revised on the motion to quash, exacerbating the issue. Specifically, the Order required Costco to produce a witness to testify about the "existence or nonexistence" of "training, education, instructions and guidelines provided by Costco Wholesale to its managers concerning traffic safety, traffic warnings, and traffic patterns in Costco Wholesale parking lots during the period June 17, 2017, to June 22, 2022, which were applicable to warehouses in District 2 of the Northeast region." ECF 49. However, for that specific period and region, Costco has already stated on the record that it "did not provide [such] training and information to its managers in District 2 during this time period." ECF 52 at 1. Thus, the Order erroneously expanded the scope of the deposition.

**2. The Warehouse Development Guidelines Apply To New Construction Only**

The Order further erroneously expanded the scope of the deposition by requiring Costco to produce a witness to additionally testify as to "whether (and why or why not) design directives

13

regarding vehicular traffic from the 2003 new build of the Enfield warehouse were considered or implemented in the 2021/2022 ADA upgrade process for the parking lot, and whether (and why or why not) Costco discussed parking lot/vehicular traffic related safety issues with the architect during the 2021/2022 ADA project." ECF 49. This was based on a misapprehension of the Warehouse Development Guidelines. *First*, the excerpt of the Warehouse Development Guidelines cited by the plaintiff expressly states that it concerns a "new Costco Wholesale Warehouse." ECF 51 at 15 (" 1) The site area for a new Costco Warehouse, including the Tire Center and Fuel Facility Components, is a minimum of approximately eighteen (18) acres (7.28 ha). 2) Identify the location of the new Warehouse and required site Improvements (i.e. entry drives, parking, drive aisles, etc.) on a Site Plan for Review and approval by Costco Wholesale."). *Second*, Stanfield testified that the Guidelines concerned *new* builds, not modifications. Ex. D at 50-52 ("Q. Have you utilized the Costco Wholesale Development Requirements in connection with projects in which a site is being modified as opposed to a ground-up? A. Not really, no. Q. All right. And at any time have you ever utilized Exhibit B, Costco Wholesale Development Requirements, in connection with a modification of existing site? A. No."). Thus, the (minimally relevant) question, such as it is, has already been answered.

### 3. "Predesign" Comprises Requests for Architectural Plans Only

The Order also erroneously expanded the scope of the deposition by directing that Costco designate a witness "most probably someone from Costco corporate who was part of defense counsel's due diligence in establishing the nonexistence of training materials, instructions, and guidelines as to Topic 1 in the ECF 41 order, or someone from the Costco Operations Department (in light of testimony in the Stanfield deposition that the Operations Department is

14

the liaison with the architect on the warehouse design process)." ECF 49. However, Stanfield did not testify that the Operations Department served as a "liaison" to the architect on the warehouse design process, which would seems to imply a significant collaboration on the actual design of the warehouses. Instead, Stanfield testified, that the Operations Department (not surprisingly) requests designs, and the architect MG2 prepares and furnishes those designs to Costco. Plaintiff has the relevant design documents. Plaintiff is aware of the design professional who prepared the design. Plaintiff should take the deposition of the design professionals and Costco should not be required to produce further witnesses to address this issue pertaining to construction done 20+ years before this incident.

## CONCLUSION

One central purpose of the proportionality requirement set forth in Federal Rule of Civil Procedure 26(b) is to "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Advisory Committee Note to 2015 Amendment. The Court's Order directs Costco to produce a fourth and possibly more witnesses, before the only two percipient witnesses in this case have been deposed–the plaintiff herself, and the driver of the car that knocked her down. The Order directs still further depositions concerning parking lot design and safety, before the architect has been deposed, and before the contractor has been deposed. The Order expands the scope of the deposition by requiring testimony on subjects in respect of which plaintiff did not seek testimony, and contrary to the record evidence. This is clearly erroneous and contrary to law. Accordingly, the Court's Order should be reversed.

Respectfully submitted,

Defendants,
COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC
By its attorneys,

/s/Miles Esty
_____
Miles Esty, ct08867
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com

## CERTIFICATION

I hereby certify that on Tuesday, February 17, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Miles Esty
_____
Miles Esty