## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL ACTION NO. 3:24-cv-01102 |
| | : | |
| **PLAINTIFF** | : | |
| | : | |
| V. | : | |
| | : | |
| COSTCO WHOLESALE CORP. | : | |
| | : | |
| COSTCO WHOLESALE | : | MAY 28, 2026 |
| MEMBERSHIP, INC. | : | |
| | : | |
| **DEFENDANTS** | | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LIMITED PROTECTIVE ORDER

### I. PRELIMINARY STATEMENT

Pursuant to Federal Rules of Civil Procedure 26(c), the plaintiff moves for a limited protective order limiting the testimony and areas of inquiry at the plaintiff's deposition. As set forth herein, the plaintiff currently suffers from memory loss and is unable to recall historical events with any degree of reliability, as documented by her treating primary care physician, whose letter is submitted hereto. According to her physician, the plaintiff is no longer able to reliably recall events occurring years in the past, and subjecting her to questioning concerning such events would be unproductive and physically and emotionally stressful.

The plaintiff does not seek an absolute bar preventing her deposition. Rather, the plaintiff moves for a limited protective order under Rule 26(c) that (i) confines the deposition to topics within her present capacity to describe — namely, her current physical condition, ongoing pain and limitations, and present losses; (ii) precludes inquiry into the historical facts and circumstances that her physician has concluded she cannot reliably recount; and (iii) limits the deposition to one hour on the record, or such other time frame as the Court may deem proper.

Good cause for this relief is established by the plaintiff's age, her physical condition, and the contemporaneous medical opinion of her treating physician. The order requested strikes the proper balance under Rule 26 by giving the defendant full discovery on the topics relevant to damages while protecting an elderly, infirm party from the undue burden and stress of an unbounded deposition that would not, in any event, produce reliable evidence. Furthermore, given that the plaintiff is willing to stipulate that her trial testimony will be limited to the subjects covered in the deposition, there is no prejudice to the defendant.

## II. FACTUAL BACKGROUND

The plaintiff is currently 81 years old. As a result of the incident at issue in this action, she sustained serious orthopedic injuries and remains wheelchair-bound. Her

present condition, ongoing pain, functional limitations, and her activities of daily living are all matters about which she remains able to provide accurate information. As has been noted in previous filings, the entirety of the incident giving rise to the subject action was captured on video. In the course of discovery, the defendant identified and provided portions of the video which depict the plaintiff exiting the store and being struck by a motor vehicle operated by the apportionment defendant Regina Felper.

As a result of the injuries sustained in the subject collision, the plaintiff has sustained multiple traumatic fractures to both lower extremities. She has undergone multiple surgical interventions related to the same, as documented in her extensive medical records that have been provided through discovery. Currently, she is confined to a wheelchair.

At the same time, the plaintiff suffers from documented memory loss. Her treating primary care physician — who is in the best position to assess her cognitive capacity — has provided correspondence outlining the extent of her cognitive limitations. A copy of the same has been provided to counsel and is appended hereto as *Exhibit A*. In that letter, Dr. Craig Kannel confirms the diagnosis of memory loss and states that the plaintiff cannot reliably testify regarding events that occurred several years ago and that prolonged questioning on such matters would cause her undue physical and emotional stress.

Counsel for the parties have conferred regarding the appropriate scope and conditions of the plaintiff's deposition in light of Dr. Kannel's letter. The parties were unable to reach agreement, necessitating this Motion.

## III.  ARGUMENT

Federal Rule of Civil Procedure 26(c)(1) provides that, upon a showing of good cause, the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Rule expressly contemplates orders that, among other things, forbid the disclosure or discovery sought, specify the terms for the discovery, prescribe a discovery method other than that selected by the requesting party, and limit the scope of the discovery to certain matters. *See* Fed. R. Civ. P. 26(c)(1)(A)–(D).

A court is given broad discretion regarding whether to issue a protective order under Rule 26(c). *Dove v. Atl. Capital Corp.,* 963 F.2d 15, 19 (2d Cir.1992) (grant and nature of protection is singularly within the district court's discretion). However, a court may issue a protective order only after the moving party demonstrates that good cause exists for the protection of the material. *See, In re Agent Orange Prod. Liab. Litig.,* 821 F.2d 139, 145 (2d Cir.1987). To establish good cause under Rule 26(c), courts require a particular and

specific demonstration of fact. *Haidon v. Town of Bloomfield*, 552 F. Supp. 3d 265, 269 (D. Conn. 2021).

If the moving party establishes good cause for protection, "the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Rofail v. U.S.A.*, 227 F.R.D. 53, 55 (E.D.N.Y.2005). "Such countervailing interests might include whether the order will prevent the threatened harm, whether there are less restrictive means of preventing the threatened harm, the interests of the party opposing the motion, and the interests of the public." *DaCosta v. City of Danbury*, 298 F.R.D. 37, 39 (D. Conn. 2014).

In determining whether a protective order is appropriate, the court should consider "(1) the evidence of annoyance, embarrassment, oppression, or undue burden or expense; (2) how central or tangential the evidence sought is in relation to the central issues in the litigation; (3) the importance of the issues in the litigation to the public; (4) the parties' stakes in the outcome of the litigation; (5) whether the evidence sought is available from other sources; and (6) whether the discovery of the evidence can be conditioned on terms that would alleviate the hardship in producing it." *Graham v. City of New York*, No. 08-CV-3518, 2010 WL 3034618, at *3 (E.D.N.Y. Aug. 3, 2010) (quoting *In re Initial Public Offering Sec. Litig.*, 220 F.R.D. 30, 36 (S.D.N.Y. 2003) ).

The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders. *See, Sidhi Vinayak Petroleum, Inc. v. Hess Corp.,* No. 3: 16 CV 1792 (WWE), 2019 WL 3051595, at *1 (D. Conn. July 12, 2019) (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). This is particular so where the trial court must weigh the burden that discovery will place upon a party. *Travelers Indem. Co. v. Metro. Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005)

In this matter the Court should enter an order limiting the scope and duration of the plaintiff's deposition, taking into account the factors referenced above. The harm and impact of an unfettered deposition to the plaintiff is firmly established; her treating physician has stated that in light of her medical condition, she is unable to provide reliable or useful testimony concerning events that happened years ago. Given that the incident giving rise to the present action occurred in 2022 and there is medical evidence establishing that extended inquiry into these matters will not yield reliable or useful evidence, there is good cause for the narrowly tailored order proposed.

The Federal Rules permit a court to impose certain limitations where the discovery sought will impose medical difficulty upon the deponent. Indeed, where a deposition would produce little or no reliable evidence and would impose substantial burden on the deponent, Rule 26(b)(2)(C) independently requires the Court to limit it. Under that subsection, the

Court "must limit" discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Because the Plaintiff's physician has opined that questioning concerning events from years ago would not yield reliable testimony and would impose undue stress on her, the proportionality analysis weighs heavily in favor of the relief requested.

As it pertains to these historical subjects, such as the incident itself and her follow up treatment regarding the same is documented amply in the plaintiff's medical records which have all been provided to counsel, Furthermore, as the defendant itself has noted repeatedly in discovery related filings, the incident itself is captured on video. Thus, there is little that the plaintiff's testimony will add to the evidentiary record that is not a already available to the defendant.

Furthermore, the one-hour limit requested is consistent with the Court's authority under Rule 30(d)(1) to "alter the limits in this rule on the length of a deposition," and is amply justified by the Plaintiff's age, orthopedic injuries, and cognitive condition. Courts have approved similar or shorter limits in comparable circumstances. In this regard, District courts generally have broad discretion to set the length of depositions appropriate to the

circumstances of the case. *See, Tritt v. Automatic Data Processing, Inc.,* No. 3:06-CV-2065 (CFD), 2009 WL 10687951, at *3 (D. Conn. Sept. 15, 2009).

The proposed protective order would preserve the defendant's legitimate interest in discovery while protecting the Plaintiff from undue burden. The defendant will be permitted full inquiry, within the one-hour deposition, into the topics on which the Plaintiff remains able to testify — her current physical condition, present symptoms, ongoing treatment, functional limitations, and current losses. These are precisely the topics that bear on the plaintiff's damages and on which the defendant has a recognized need for discovery.

At the same time, the plaintiff would be prepared to stipulate, as part of the proposed order, that she will *not* be called as a witness at trial to offer testimony concerning historical facts and events that she is unable to testify reliably to at deposition. This stipulation is dispositive of any prejudice argument the defendant might advance. Because the plaintiff will not testify at trial beyond the subjects outlined in her deposition testimony, the defendant suffers no loss of cross-examination opportunity, no risk of trial-by-ambush, and no asymmetric access to information. Any matter that the protective order excludes from the deposition is, by the same order, also unavailable to the plaintiff at trial. The defendant therefore receives the only deposition information that is reliably obtainable from this witness, with full freedom to use it at trial, while the plaintiff is spared the burden

of an unbounded deposition, portions of which her physician has confirmed she cannot meaningfully participate in.

Any protective order under Rule 26(c) should be no broader than necessary. *See In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987). The order requested here is carefully limited. It does not seek to preclude the plaintiff's deposition and does not limit the defendant's ability to depose any other witness, to obtain documentary discovery, to take Rule 35 examinations, or to retain experts. It further does not foreclose follow-up discovery should circumstances change. It simply confines the deposition of one elderly, cognitively impaired plaintiff to the subjects on which she can usefully testify and to a duration she can physically tolerate, in exchange for her promise not to testify at trial.

No less restrictive measure would accomplish the same protective purpose. A conventional deposition without scope limits would expose the plaintiff to hours of questioning on events her physician has confirmed she cannot recall reliably, which would generate no useful evidence, cause her undue stress, and risk producing a record that would be misleading rather than informative. This is all the more so in the present case where the accident is captured on video. The proposed order avoids those harms while leaving the defendant in possession of all of the deposition testimony the plaintiff is actually capable of providing.

## IV.  CONCLUSION

For the foregoing reasons, the plaintiff respectfully requests that this Court grant her Motion for Limited Protective Order.

<div style="margin-left: 50%">

Respectfully submitted,
THE PLAINTIFF

By:   /s/  ct 30224
Brendan K. Nelligan, Esq. [ct30224]
Kennedy, Johnson, Schwab & Roberge, LLC
Long Wharf Maritime Center
555 Long Wharf Dr. Suite 13A
New Haven, CT 06511
Tel:  203-865-8430
E-mail:  bnelligan@kennedyjohnson.com

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Connecticut by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Miles David Newman Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Ave
Hamden, CT  06518
mesty@estyandbuckmir.com

_/s/  ct30224_
Brendan K. Nelligan, Esq.

# EXHIBIT A

# Baystate ⚕ Health | ADVANCING CARE. ENHANCING LIVES.

March 31, 2026

To Whom it May Concern:

via fax 203-865-5345

Nancy Labroad ▮▮▮▮▮▮▮ has been my patient as her care primary physician for more then 20 years. She is currently suffering from memory loss which would make her ability to provide useful information in the context of a deposition regarding events from several years ago extremely unlikely and quite stressful for her.

Sincerely,

Craig E. Kannel MD

Sincerely,

Craig Kannel, MD
2344 Boston Road
BMP Wilbraham Adult Med
Wilbraham, MA 01095
(413) 596-5550

Name: LABROAD, NANCY            Page 1 of 1            DOB: 6/22/1941