**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NANCY LABROAD
    *Plaintiff*
                                No. 3:24-cv-01102-KAD

v.

COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.,
FRESHWATER MZL LLC,
    *Defendants*

v.

FRESHWATER MZL LLC,
REGINA FELPER,
    *Apportionment Defendants*
                                May 29, 2026

**DEFENDANTS' MOTION TO COMPEL**
**DEPOSITION OF PLAINTIFF NANCY LABROAD**

Plaintiff's position in this case is apparently "broad and disproportionate discovery for me, but none for thee." Despite taking three depositions of Costco, including Warehouse General Manager Todd Cunningham, Warehouse Assistant General Manager Jason Lisee, and Costco Construction Project Manager Bill Stanfield, and requesting and receiving production of 1,799 pages of records concerning the parking lot where plaintiff was allegedly knocked down, plaintiff has pressed for fourth and further depositions of Costco concerning the "existence or nonexistence" of guidelines on pedestrian safety in parking lots guidelines provided to managers, despite Costco's response that there were no guidelines specifically applicable during that time and in that region. *See* ECF 51. Meanwhile, plaintiff has not sought the deposition of the driver that knocked her down, Regina Felper–and, most critically, **continuously refuses to sit for her own deposition**. Costco hereby moves to compel Plaintiff's presence at her deposition without limitations to the scope of the deposition. Plaintiff has been properly noticed with the deposition and has repeatedly refused to attend. Her continued refusal further delays discovery and is detrimental to Costco, particularly following repeated cancellations by plaintiff and extensive

efforts by Costco's counsel to find a date and time that would be suitable for plaintiff. In addition, Plaintiff is the only current party to the action with first-hand knowledge as to the alleged incident and the circumstances surrounding it, and limiting Costco from asking any and all pertinent questions would severely hinder Costco from building its defense and ascertaining the events that transpired. The Court should reject plaintiff's attempts to expand discovery at every turn against Costco while thwarting the most basic attempts by Costco to establish its defenses in this case. The motion to compel should be granted.

Respectfully submitted,

DEFENDANTS COSTCO WHOLESALE
CORPORATION AND COSTCO
WHOLESALE MEMBERSHIP, INC.

By their attorneys,

_____/s/Miles Esty_____
Miles Esty
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
mesty@estyandbuckmir.com

## CERTIFICATION

I hereby certify that on May 29, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/Miles Esty_____
Miles Esty

2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NANCY LABROAD
    *Plaintiff*

v.

COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.,
FRESHWATER MZL LLC,
    *Defendants*

v.

FRESHWATER MZL LLC,
REGINA FELPER,
    *Apportionment Defendants*

No. 3:24-cv-01102-KAD

May 29, 2026

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO COMPEL DEPOSITION OF PLAINTIFF NANCY LABROAD**

Plaintiff's position in this case is apparently "broad and disproportionate discovery for me, but none for thee." Despite taking three depositions of Costco, including Warehouse General Manager Todd Cunningham, Warehouse Assistant General Manager Jason Lisee, and Costco Construction Project Manager Bill Stanfield, and requesting and receiving production of 1,799 pages of records concerning the parking lot where plaintiff was allegedly knocked down, plaintiff has pressed for fourth and further depositions of Costco concerning the "existence or nonexistence" of guidelines on pedestrian safety in parking lots guidelines provided to managers, despite Costco's response that there were no guidelines specifically applicable during that time and in that region. *See* ECF 51. Meanwhile, plaintiff has not sought the deposition of the driver that knocked her down, Regina Felper–and, most critically, **continuously refuses to sit for her own deposition**. Costco hereby moves to compel Plaintiff's presence at her deposition without limitations to the scope of the deposition. Plaintiff has been properly noticed with the deposition and has repeatedly refused to attend. Her continued refusal further delays discovery and is detrimental to Costco, particularly following repeated cancellations by plaintiff and extensive

efforts by Costco's counsel to find a date and time that would be suitable for plaintiff. In addition, Plaintiff is the only current party to the action with first-hand knowledge as to the alleged incident and the circumstances surrounding it, and limiting Costco from asking any and all pertinent questions would severely hinder Costco from building its defense and ascertaining the events that transpired. The Court should reject plaintiff's attempts to expand discovery at every turn against Costco while thwarting the most basic attempts by Costco to establish its defenses in this case. The motion to compel should be granted.

## BACKGROUND

The Plaintiff's June 21, 2024 Complaint alleges that Costco's Enfield Warehouse parking lot was somehow defective. ECF 1 at 9, ¶¶ 7, 8 , 14. Since filing her complaint, plaintiff has sought and taken the depositions of Warehouse General Manager Todd Cunningham; Warehouse Assistant General Manager Jason Lisee; and Costco Construction Project Manager Bill Stanfield. Plaintiff has also requested the production of documents from Costco, and Costco has produced 1,799 pages of documents comprising reports, guidelines, photographs, the design documents for the parking lot including plans, architectural drawings, contracts, correspondence, and studies, dating from the original construction of the warehouse in 2003 to the ADA upgrade of the parking lot in 2022. Plaintiff has never sought the deposition of Felper or any discovery from Felper.

When ordered by the Court to still further produce a corporate witness to testify concerning guidelines concerning traffic safety provided to managers in District 2 of the Northeast region between 2017 and 2022 and guidelines concerning pedestrian safety in parking lots applicable that region during that time, ECF 41, Costco objected that it could not produce such a witness after reasonable inquiry. ECF 60-3. After the parties were directed to brief the

2

issue, the Court, at the Plaintiff's urging, ordered Costco to nevertheless produce a witness to testify concerning the "existence or nonexistence" of such guidelines; the "efforts Costco took to investigate;" whether "design directives regarding vehicular traffic from the 2003 build of the Enfield warehouse were considered or implemented in the 2021/2022 ADA upgrade process;" and whether "Costco discussed parking lot/vehicular traffic related safety issues with the architect during the 2021/2022 ADA project." ECF 59.

Meanwhile, plaintiff's own duly-noticed deposition was scheduled to take place by agreement of the parties on March 23, 2026. *See* Ex. A. On March 22, 2026, on the eve of the scheduled deposition, it was unilaterally canceled by plaintiff's counsel. Plaintiff's counsel called and stated that plaintiff's health had deteriorated "both physically and mentally." Plaintiff's counsel stated he would discuss with plaintiff and her family to discuss how to proceed with the deposition.

It bears noting that plaintiff never supplemented her discovery responses under Federal Rule of Civil Procedure 26(a)(2)(E) to reflect this apparent change in her medical status–not before March 22, 2026, not on March 22, 2026, and not on any subsequent date. Plaintiff did not and has not stated whether her health meaningfully changed immediately prior to the deposition, or, if it had not changed prior to the deposition, why she did not disclose this information as the Rules require. Further, Plaintiff brought her case individually and is not a conserved individual or incapacitated. In response to plaintiff's unilaterally cancelling the deposition, Costco demanded that Plaintiff provide a declaration under the pains and penalties of perjury from a medical provider stating in specific terms that the plaintiff cannot go forward with her deposition at the present time, otherwise Costco would require it go forward immediately. On Friday April 3, 2026, plaintiff's counsel provided an unsworn letter from Craig Kannel, MD, stating in full:

3

> Nancy Labroad DOB ███████ , has been my patient as her care primary physician for more then 20 years. She is currently suffering from memory loss which would make her ability to provide useful information in the context of a deposition regarding events from several years ago extremely unlikely and quite stressful for her.

Ex. B. Plaintiff's counsel requested that Costco contact his office to discuss how Costco wished to proceed, and further proffered plaintiff's daughter as an alternative deponent given her involvement in the plaintiff's day-to-day activities.  In response, Costco stated that it required a date to depose the plaintiff, because Dr. Kannel's note did not raise medical issues as to why the deposition should not proceed. Plaintiff's counsel stated that he would provide dates for the deposition, and with the agreement of the parties, the plaintiff's deposition was re-noticed for May 18, 2026. Ex. C.

On May 14, 2026, plaintiff's counsel again contacted Costco and requested that limits placed on plaintiff's deposition both in terms of time as well as subject matter. Counsel for plaintiff stated that plaintiff's memory is poor, and therefore he wanted the questioning limited to her current injuries and symptoms. Counsel for Costco advised that this was unacceptable, that that Costco is entitled to question plaintiff on all relevant issues, and that plaintiff should file a motion for protective order as soon as possible so that we could obtain a ruling from the court. To date, plaintiff has filed no such motion, continuing a pattern of delay and dilatory tactics in this simple pedestrian knockdown case and precipitating the instant motion.

4

## ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure provides that "a party may move for an order compelling … discovery," including a deposition, if the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Plaintiff's counsel has represented that Plaintiff will not attend her scheduled deposition and that, in the event the deposition does take place, the deposition should be exclusively limited to Plaintiff's damages. Plaintiff has no legal merit to either refuse to attend her duly noticed deposition or limit the scope of the deposition. In fact, Costco is entitled to depose Plaintiff, subject to no constraints.

## I.    THE COURT SHOULD COMPEL PLAINTIFF'S PRESENCE FOR HER SCHEDULED DEPOSITION.

By bringing a lawsuit, a plaintiff takes on various responsibilities, including discovery obligations. For example, a plaintiff must "submit to a deposition so that the defendants can learn the basis of [her] claims and obtain [her] testimony in an attempt to defend against her claims." *Miller v. Lamont*, 2021 U.S. Dist. LEXIS 227757, at *2 (D. Conn. Nov. 29, 2021) (Shea, J.). A plaintiff who refuses to submit to a deposition or fails to answer questions during a deposition "deprives the defendants of an opportunity to obtain evidence to defend against the plaintiff's claims, which they are entitled to do." *Id.* A properly noticed deposition requires the party to attend and failing to do so "subjects the offending party to the full panoply of sanctions available under Rule 37 of the Federal Rules of Civil Procedure. *O'Bar v. Borough of Naugatuck*, 2002 U.S. Dist. LEXIS 27335, at *4 (D. Conn. Feb. 26, 2002). One of those sanctions includes dismissal of the complaint in its entirety. *See Miller, supra*, 2002 U.S. Dist. LEXIS 27335, at *2; Fed. R. Civ. P. 37(d)(1)(A)(i).

5

Here, plaintiff has repeatedly refused to sit for her deposition. First, on the eve of her deposition, she claimed new and undisclosed medical conditions prevented her from testifying. Then, after being pressed to substantiate this claim by way of medical records, plaintiff conceded that the deposition should be rescheduled, and agreed to do so. Finally, and incredibly, on the eve of the re-noticed deposition, plaintiff insisted that the deposition be limited in scope and temporally–to only those topics favorable to her case.

A plaintiff's deposition, especially in a personal injury action, is arguably the most crucial evidence to enable a defendant to defend the claims brought against it. Plaintiff was properly noticed and re-noticed with the deposition and Costco's counsel communicated at length with Plaintiff's counsel in a good faith attempt to schedule days and times that were suitable to Plaintiff. Plaintiff's shifting and last-minute refusals to be deposed are a blatant attempt to preclude Costco from properly establishing a defense to the claims brought against it.

Accordingly, Costco respectfully asks the Court to compel Plaintiff's attendance at her deposition. In the event that Plaintiff fails to attend the deposition, Costco ask that the Court dismiss this action in its entirety.

## II.    THE SCOPE OF PLAINTIFF'S DEPOSITION SHOULD NOT BE LIMITED IN SCOPE.

"The Federal Rules of Civil Procedure set out an extremely permissive deposition-discovery regime, providing for the taking of discovery, including by oral depositions, 'regarding any matter, not privileged, that is relevant to the claim or defense of any party' and that '[r]elevant information need not be admissible.'" *Miller v. Nat'l Life Ins. Co.*, 2008 U.S. Dist. LEXIS 136544, at *1-2 (D. Conn. Mar. 13, 2008) (*quoting* Fed. R. Civ. P. 26(b)(1)). Rule 30 of the Federal Rules of Civil Procedure also provides that a "deponent may only refuse to testify under three specific circumstances: to preserve a privilege; to enforce a Court ordered limitation; or to present a motion

6

under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2); *see Mirlis v. Greer*, 249 F. Supp. 3d 611, 614 (D. Conn. 2017) (holding that deponent cannot refuse to testify because none of the circumstances allowing him to do so were present). F.R.C.P. 30(d)(1). Plaintiff here is not refusing to testify under any of these three exceptions. She therefore cannot refuse to testify.

A deposed party who deems the questioning to be objectionable shall object on the record and later renew his or her objection if the answer is raised before the court. *See Mirlis v. Greer*, 249 F. Supp. 3d 611, 614 (D. Conn. 2017) ("If examining counsel engages in irrelevant and objectionable questioning, the appropriate course for opposing counsel is to enter an objection. The witness may then answer the question. If the answer is offered at trial, opposing counsel may then renew the objection and obtain a ruling from the court."). In fact, whether he or she objects to a particular line of questioning, a deposed party must nonetheless answer the posed question. *See United States ex rel. Tiesinga v. Dianon Sys.*, 240 F.R.D. 40, 43 (D. Conn. 2006) ("it is improper for counsel to direct a witness not to answer a question posed at a deposition, even if the question is improper or beyond the scope of a deposition notice"). "While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at that time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as to the form of a question or the responsiveness of an answer. Under Rule 32(b), other objections can, even without the so-called usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition." Notes of Advisory Committee on Rules—1993 Amendment.

Plaintiff's counsel, after cancelling the deposition the day before, then rescheduling it for months later, is now, again on the eve of deposition, seeking to limit the scope of Plaintiff's deposition exclusively to the damages she allegedly sustained, and the duration of the deposition.

That is, plaintiff intends to testify only to those facts favorable to her case–contrary to the Rules 26 and 30. She also apparently intends to testify for less than 1 day of 7 hours as required by the Rule. F.R.C.P. 30(d)(1). Plaintiff's counsel's only argument for limiting the scope of Plaintiff's deposition is due to Plaintiff's age and memory. This argument is meritless and irrelevant. *First,* Plaintiff has neglected to move for a protective order or any other means to limit the scope of the deposition, *See Riddell Sports, Inc. v. Brooks,* 158 F.R.D. 555, 558 (S.D.N.Y. 1994) ("[t]he party resisting discovery has the burden of supporting its position"). *Second,* Costco has every right to inquire into any and all relevant questioning in order to make its defense to plaintiff's claims; if Plaintiff does not know an answer to a question posed or does not remember about, for instance, what happened on the day of the accident–the video-recorded accident for which she now claims Costco is liable and–she may simply state as much under oath. Moreover, as demonstrated above, Plaintiff's counsel may object on the record to the form of the question during the deposition if any line of questioning warrants an objection. The motion to compel should be granted.

## CONCLUSION

Accordingly, Costco respectfully asks the court to enter an order compelling plaintiff to sit for her deposition without limitation.

Respectfully submitted,

DEFENDANTS COSTCO WHOLESALE
CORPORATION AND COSTCO
WHOLESALE MEMBERSHIP, INC.

By their attorneys,

_____/s/Miles Esty_____
Miles Esty
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
mesty@estyandbuckmir.com

## CERTIFICATION

I hereby certify that on May 29, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/Miles Esty_____
Miles Esty

9

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD                           :      CIVIL NO. 3:24-CV-01102
                                        :
        Plaintiff                       :
                                        :
v.                                      :
                                        :
COSTCO WHOLESALE                        :
CORPORATION; COSTCO                     :
WHOLESALE MEMBERSHIP, INC.;             :
FRESHWATER MZL LLC                      :
                                        :
        Defendants                      :      FEBRUARY 6, 2026

## NOTICE OF DEPOSITION

TO: All Counsel of Record

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of

Civil Procedure, defendants, Costco Wholesale Corporation and Costco

Wholesale Membership, Inc., will take the deposition of the plaintiff **Nancy**

**Labroad** to be used for discovery purposes and/or at the trial thereof, and/or any

other purpose permitted by law, on **March 23, 2026** at **10:00 a.m.** at the law

offices of **Kennedy, Johnson, Schwab & Roberge, LLC, 555 Long Wharf Drive,**

**13th Floor, New Haven, CT 06511** or via **remote videoconferencing**.

Said deposition will be recorded by stenographic means as well as

videotaped and will continue until it is adjourned. The examination will be subject

to further continuance from time-to-time and place-to-place until completed.

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
            /s/ Miles Esty
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD                          :        CIVIL NO. 3:24-CV-01102
                                       :
        Plaintiff                      :
                                       :
v.                                     :
                                       :
COSTCO WHOLESALE                       :
CORPORATION; COSTCO                    :
WHOLESALE MEMBERSHIP, INC.;            :
FRESHWATER MZL LLC                     :
                                       :
        Defendants                     :        FEBRUARY 6, 2026

## CERTIFICATE OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on this date to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served:

Andrew Boivin, Esq.
Law Offices of Balzano & Tropiano PC
321 Whitney Avenue
New Haven, CT 06511
aboivin@balzanoandtropiano.com

Brendan K. Nelligan
Kennedy, Johnson, Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT 06511
bnelligan@kennedyjohnson.com

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.

_____/s/ Miles Esty_____

Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

**EXHIBIT B**

**Baystate ⊞ Health** | ADVANCING CARE.
ENHANCING LIVES.

March 31, 2026

To Whom it May Concern:

via fax 203-865-5345

Nancy Labroad DOB ▮▮▮▮▮▮, has been my patient as her care primary physician for more then 20 years.  She is currently suffering from memory loss which would make her ability to provide useful information in the context of a deposition regarding events from several years ago extremely unlikely and quite stressful for her.

Sincerely,

Craig E. Kannel MD

Sincerely,

Craig Kannel,  MD
2344 Boston Road
BMP Wilbraham Adult Med
Wilbraham, MA 01095
(413) 596-5550

Name: LABROAD, NANCY          Page 1 of 1          DOB: ▮▮▮▮▮▮

**EXHIBIT C**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY LABROAD | :    CIVIL NO. 3:24-CV-01102 |
|    Plaintiff | : |
| v. | : |
| COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; FRESHWATER MZL LLC | : |
|    Defendants | :    MAY 8, 2026 |

## NOTICE OF DEPOSITION

TO: All Counsel of Record

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., will take the deposition of the plaintiff **Nancy Labroad** to be used for discovery purposes and/or at the trial thereof, and/or any other purpose permitted by law, on **May 18, 2026** at **10:00 a.m.** at the law offices of **Kennedy, Johnson, Schwab & Roberge, LLC, 555 Long Wharf Drive, 13th Floor, New Haven, CT 06511**.

Said deposition will be recorded by stenographic means as well as videotaped and will continue until it is adjourned. The examination will be subject to further continuance from time-to-time and place-to-place until completed.

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NANCY LABROAD                          :        CIVIL NO. 3:24-CV-01102
                                       :
    Plaintiff                          :
                                       :
v.                                     :
                                       :
COSTCO WHOLESALE                       :
CORPORATION; COSTCO                    :
WHOLESALE MEMBERSHIP, INC.;            :
FRESHWATER MZL LLC                     :
                                       :
    Defendants                         :        MAY 8, 2026

## CERTIFICATE OF SERVICE

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on this date to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served:

Andrew Boivin, Esq.
Law Offices of Balzano & Tropiano PC
321 Whitney Avenue
New Haven, CT 06511
aboivin@balzanoandtropiano.com

Brendan K. Nelligan
Kennedy, Johnson, Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT 06511
bnelligan@kennedyjohnson.com

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
    /s/ Miles Esty
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867