UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. 3:24-CV-01102-KAD |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION; COSTCO | : | |
| WHOLESALE MEMBERSHIP, INC.; | : | |
| FRESHWATER MZL LLC | : | |
| | : | |
| Defendants | : | JUNE 9, 2026 |

## <u>OBJECTION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER</u>

After being given extraordinarily wide latitude in discovery to conduct multiple depositions of Costco employees, obtain thousands of pages of documents, some of which span years and concern more than 17 Warehouses spread throughout New England, plaintiff now seeks to prevent Costco from deposing the named plaintiff Nancy Labroad, due to a claimed sudden onset of "memory loss[1]" that had not been documented or disclosed during the two years since she filed her lawsuit under Rule 26(e).

For the reasons discussed below, plaintiff's motion is not only misleading, but it is factually and legally unsupported.

Preliminarily, plaintiff tries to minimize the relief sought and make it sound reasonable by calling it a "*Limited* Motion for Protective Order" and claims they do not seek to avoid her deposition altogether. (Emphasis added.) In fact, plaintiff goes so far as to state that the protective order sought is "narrowly tailored." It is not.

---

[1] As will be set forth herein, plaintiff's "memory loss" seemingly only applies to topics she does not wish to answer questions about but, uniquely, does not apply to issues pertaining to her damages claims.

Plaintiff's motion seeks the deposition to be limited to "plaintiff's current physical condition, present pain, and limitations, and current losses." See plaintiff's Motion for Protective Order, para. 3(a). That is, plaintiff's alleged "memory loss" does not apparently preclude her from testifying about her claimed damages. On the other hand, her "memory loss" does preclude her from testifying about the happening of this knock-down accident: the motion seeks to prevent the defendants from inquiring "into the facts and circumstances of the incident." Id., para. 3(b). This is fatal to plaintiff's motion, which motion should be denied at the outset because lack of memory is "an insufficient basis on which to quash the deposition subpoena." Lynch v. City of N.Y., 2021 U.S. Dist. LEXIS 213938, at *14-15 (S.D.N.Y. Nov. 4, 2021) (Preska, J.); City of Almaty v. Sater, 2020 U.S. Dist. LEXIS 93694 at *9 (S.D.N.Y. May 28, 2020) (same); SEC v. Tourre, 2013 U.S. Dist. LEXIS 206324 at *3 (S.D.N.Y. June 26, 2013) (holding that a subpoena would be enforced over the non-party's claim that he had "no independent recollection" given the importance of the potential testimony).

Indeed, under plaintiff's so-called "limited" and "narrowly tailored" motion, the defendants would not be able to defend the case and develop the factual record necessary to contest both liability and damages.

In its Answer and Affirmative Defenses dated November 25, 2024, Costco asserted plaintiff's contributory negligence as a defense. See Costco's Answer and Affirmative Defense dated November 25, 2024.  Further, Costco filed an Apportionment Complaint against Regina Felper, the driver of the vehicle that struck plaintiff, and is therefore entitled to have a percentage of negligence assigned against Ms. Felper at

trial. See Costco's Apportionment Complaint dated October 4, 2024. However, plaintiff's motion seeks to  prevent the defendants from being able to develop evidence regarding these defenses.

Similarly, the subject incident occurred on June 17, 2022. In the Motion for Protective Order, plaintiff claims "serious orthopedic injuries as a result of this incident." Further, plaintiff is claiming past economic and non-economic damages as a result of the incident. Under plaintiff's "limited" and "narrowly tailored" motion, Costco would not be able to ask any questions about the nature of plaintiff's injuries, her medical treatment, the impact of her alleged injuries, plaintiff's pre-existing conditions, plaintiff's pre-existing level of activities, or numerous other issues that are relevant to plaintiff's claims for damages. In essence, plaintiff is suing Costco to collect past damages, but wants to prevent Costco from asking questions about those very damages. In sum, under plaintiff's "limited" and "narrowly tailored" motion, Costco would be precluded from deposing the plaintiff regarding:

a) the incident, including what plaintiff saw and was aware of prior to the incident;

b) plaintiff's conduct at the time of the incident and plaintiff's contributory negligence;

c) apportionment defendant Regina Felper's conduct and negligence;

d) plaintiff's interactions with Costco personnel;

e) plaintiff's injuries and damages; and

f) plaintiff's pre-incident level of activities.

The plaintiff's requested relief fails as a matter of law, and even if it did not, it is neither limited nor narrowly tailored. The motion should be denied.

## **BACKGROUND**

The Plaintiff's June 21, 2024 Complaint alleges that Costco's Enfield Warehouse parking lot was somehow defective. ECF 1 at 9, ¶¶ 7, 8 , 14. Since filing her complaint, plaintiff has sought and taken the depositions of Warehouse General Manager Todd Cunningham; Warehouse Assistant General Manager Jason Lisee; and Costco Construction Project Manager Bill Stanfield. Plaintiff has also requested the production of documents from Costco, and Costco has produced 1,799 pages of documents comprising reports, guidelines, photographs, the design documents for the parking lot including plans, architectural drawings, contracts, correspondence, and studies, dating from the original construction of the warehouse in 2003 to the ADA upgrade of the parking lot in 2022. Plaintiff has gone so far as to compel testimony of Costco witnesses merely to say that there is no such information being sought.  Thus, Plaintiff has, disproportionately to the needs of this case, sought to leave no stone, indeed, no pebble, unturned. Yet, Plaintiff now seeks to block defendant from taking a meaningful deposition of the Plaintiff herself.

Plaintiff's own duly-noticed deposition was scheduled to take place on March 23, 2026. *See* Ex. A. On March 22, 2026, on the eve of the scheduled deposition, it was unilaterally canceled by plaintiff's counsel. Plaintiff's counsel called and stated that plaintiff's health had deteriorated "both physically and mentally." Plaintiff's counsel stated he would discuss with plaintiff and her family to discuss how to proceed with the deposition.

It bears noting that plaintiff never supplemented her discovery responses under Federal Rule of Civil Procedure 26(a)(2)(E) to reflect this apparent change in her medical status–not before March 22, 2026, not on March 22, 2026, and not on any subsequent date. Plaintiff did not, and has not, stated whether her health meaningfully changed immediately prior to the deposition, or, if it had not changed prior to the deposition, why she did not disclose this information as the Rules require. Further, Plaintiff brought her case individually and is not a conserved individual or incapacitated. In response to plaintiff's unilaterally cancelling the deposition, Costco demanded that Plaintiff provide documentation from a medical provider stating in specific terms that the plaintiff cannot go forward with her deposition at the present time, otherwise Costco would require it go forward immediately. On Friday April 3, 2026, plaintiff's counsel provided a two sentence office note from Craig Kannel, MD, stating in full:

> Nancy Labroad DOB [], has been my patient as her care primary physician for more then 20 years. She is currently suffering from memory loss which would make her ability to provide useful information in the context of a deposition regarding events from several years ago extremely unlikely and quite stressful for her.

ECF 69 at 18. Plaintiff's counsel requested that Costco contact his office to discuss how Costco wished to proceed, and further proffered plaintiff's daughter as an alternative deponent given her involvement in the plaintiff's day-to-day activities.

In response, Costco stated that it required a date to depose the plaintiff, because Dr. Kannel's note did not raise medical issues as to why the deposition should not proceed. Costco requested that plaintiff's counsel provide an acceptable date for the deposition. Plaintiff's counsel did not respond to two separate inquiries for an

acceptable date and, therefore, the plaintiff's deposition was re-noticed for May 18, 2026. ECF 69 at 20.

On May 14, 2026, plaintiff's counsel again contacted Costco and requested that limits be placed on plaintiff's deposition both in terms of time as well as subject matter. Counsel for plaintiff stated that plaintiff's memory is poor, and therefore he wanted the questioning limited to her current injuries and symptoms. Counsel for Costco advised that this was unacceptable, that Costco is entitled to question plaintiff on all relevant issues, and that plaintiff should file a motion for protective order as soon as possible so that it could obtain a ruling from the court.

## **ARGUMENT**

## **PLAINTIFF'S MOTION FAILS TO MEET HER BURDEN UNDER FRCP 26(c) FOR A PROTECTIVE ORDER TO ISSUE**

Rule 26(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

"The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

Fed. R. Civ. P. 26(c)(1).

Further, the movant bears the burden of demonstrating good cause for the issuance of the protective order. See Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. Appx. 504, 505 (2d Cir. 2011).

"To establish good cause under Rule 26(c), the party must set forth a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."

Bernstein v. Mafcote, Inc., 43 F. Supp. 3d 109, 113 (D. Conn. 2014) (citing Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006)).

In applying Rule 26(c) and the good cause requirement as to whether a deposition should proceed, Courts have applied a stringent burden. In <u>Stanek v. St. Charles Cmty. Unit Sch. Dist.</u>, 303, No. 13 C 3106, 2020 WL 1304828 (N.D. ILL. 2020), the court held:

> "A prohibition against taking an oral deposition is a very unusual procedure and  a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order."
>
> <u>Stanek</u>, citing <u>Armstrong v. MGC Mortgage, Inc.</u>, 1:09-CV-00131, 2010 WL

3835703 (N.D.W.VA. 2010).

In <u>Boim v. American Muslims for Palestine</u>, the court relied on <u>Stanek</u> and described this burden and held as follows:

> "A prohibition against taking an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order."
>
> <u>Boim</u> (Citing <u>Stanek v. St. Charles Cmty. Unit Sch. Dist.</u>, 303, No. 13 C 3106, 2020 WL 1304828, at *3 (N.D. Ill. Mar. 19, 2020)).
>
> "A strong showing is required before a party will be denied entirely the right to take a deposition."
>
> <u>Washtenaw Cnty. Emps. Ret. Sys. v. Walgreen Co.</u>, No. 15 C 3187, 2020 WL 13613270, at *1 (N.D. Ill. Sept. 25, 2020).
>
> "While it is thus clear that any movant faces a difficult burden in seeking to prevent a deposition, that burden is even higher when, as in this case, a party to the lawsuit seeks to do so. The standard for prohibiting a witness's deposition is high, but to prohibit the deposition of a party, the showing must be even more extraordinary."
>
> <u>Harris v. Clay Cnty., Mississippi</u>, 514 F. Supp. 3d 880, 882 (N.D. Miss. 2021); *see also* <u>Newson v. Oakton Cmty. Coll.</u>, No. 19 CV 2462, 2021 WL 9793333, at *2 (N.D. Ill. Nov. 5, 2021).

Here, plaintiff has submitted a conclusory two sentence office note of Dr. Kannel to justify the extraordinary relief sought. However, Dr. Kannel's office note fails to establish good cause.

As an initial matter, even if Dr. Kannel's note established that plaintiff had memory loss–which it does not–**memory loss is not a sufficient reason for a protective order to issue in this case.** *See* Lynch v. City of N.Y., 2021 U.S. Dist. LEXIS 213938 at *14-15 ("lack of memory is "an insufficient basis on which to quash the deposition subpoena." And, it should not be lost on the Court that until the eve of plaintiff's deposition, this alleged recent onset of the selective "memory loss" was never disclosed to Costco as required under Rule 26(e). No documentation of this apparent diagnosis has been provided to Costco to date. Had Costco not forced the issue of plaintiff's deposition, this Court would have been forced to resolve this issue on the eve of trial.

In any event, Dr. Kannel's note is insufficient to justify the extraordinary relief that plaintiff seeks and which would severely prejudice Costco. First, Plaintiff has not established that Dr. Kannel has the requisite foundation to determine what constitutes "useful information" in this lawsuit against Costco when he wrote that "She is currently suffering from memory loss which would make her ability to provide useful information in the context of a deposition regarding events from several years ago extremely likely and quite stressful for her".[2]

Second, Dr. Kannel's note is conclusory and does not contain any actual information regarding Ms. Labroad's mental or cognitive functioning. The note does not

---

[2] This phrase begs the question: useful to whom?

establish when plaintiff was seen by Dr. Kannel, what symptoms she presented with, what her prognosis was, what information she was able to provide, what objective tests were administered regarding her mental and/or cognitive functioning, the results of those tests, her diagnosis, her prognosis and any treatment recommendations. There was no MRI, no consultation with a neurologist, and no neuropsychological testing–all of which are required to make a diagnosis of any neurological, cognitive disorder[3].

Third, plaintiff's motion seems to suggest that plaintiff is permitted to testify as to certain topics from this date forward, but nothing earlier. This argument is arbitrary and is an improper attempt to sanitize plaintiff's case by limiting the defendants' ability to challenge plaintiff's claims and credibility. Specifically, at trial the defendants will be permitted to cross-examine the plaintiff.

> "Cross-examination is the greatest aid to the ascertainment of the truth, which the advocate possesses. It's extent must often rest in the sound discretion of the court; that discretion must never be so far abused as to restrict the legitimate search for the truth. All witnesses must be treated by the one standard of impartiality, equality and fairness, whatever their station or occupation in life, and every litigant, and his lawyer must be accorded those fundamental rights which our law gives. One of the most important of these is the right to fair and reasonable cross-examination."

Fordiani's Petition for Naturalization, 99 Conn. 551, 561 (1923); See also SJ. Wigmore, Evidence (4th Ed. 1974) §1367, p. 32.

In fact, the right to cross examine a witness is so inviolate that should it not be conducted in full, the direct testimony of the witness is subject to being stricken. Gordon v. Indusco Management Corp., 164 Conn. 262 (1973).

---

[3] It would be unfortunate if Plaintiff does, in fact, suffer from a cognitive disease that impacts her ability to testify. However, as sad as that would be, it would be relevant both to her motion herein and to damages issues in this case as it would be relevant to activities of daily living that would be impacted by that disease as opposed to the accident giving rise to this case. Either way, Plaintiff should be required to come forward with more than a generic doctor's note in order to justify the relief sought or to comply with discovery requests regarding Plaintiff's damages.

The defendants require the deposition of the plaintiff regarding all issues in the case, so that they may prepare for trial and establish a factual record upon which they may prepare the examination and cross-examination of all witnesses. Preventing the defendants from deposing plaintiff regarding issues concerning liability and damages will substantially impair the defendants' right to effectively cross-examine plaintiff and other witnesses at trial.

Fourth, Dr. Kannel states that a deposition would be quite stressful for the plaintiff. However, in <u>Boim</u>, the Court addressed this specific claim and held that the fact that a plaintiff finds a deposition stressful and emotionally taxing is not grounds to prevent the deposition from proceeding. See <u>Boim</u> cited <u>supra</u>; see also <u>Lynch</u>, <u>supra</u>. Tellingly, Plaintiff however, cannot cite a single case in which memory loss was a proper reason to limit the length or scope of a plaintiff's deposition–or even any case at all in which a deposition was limited under Rule 26. See ECF 76-1 at 9, citing <u>Tritt v. Automatic Data Processing, Inc.,</u> 2009 WL 10687951 at *3 (D. Conn. Sept. 15, 2009). In fact, in <u>Tritt</u>, the Court ruled on a motion for a protective order to limit a deposition to a single day and held that the presumptive limit of 1 day of 7 hours would apply under Rule 30.

Fifth, the opinion set forth are not based upon a reasonable degree of medical probability which is the legal standard for admissibility of expert opinion. See, e.g. <u>Struckman v. Burns</u>, 205 Conn. 542 (1987).  Accordingly, plaintiff is asking the Court to grant this highly unusual relief based on a document that would not even be admissible in a Court proceeding.  It is also worth noting that the doctor's note contains no details whatsoever that would be supportive of a finding that plaintiff has cognitive issues.

Costco has a right under the Federal Rules of Civil Procedure to question plaintiff about the claims she is asserting against it. In this matter, plaintiff is claiming that Costco was negligent resulting in injuries and damages. Further, plaintiff is seeking damages from Costco for her alleged injuries. Costco is entitled to question plaintiff regarding the allegations of the Complaint and the damages she alleges the defendants have inflicted on her. Stanek at 13.

The irony of plaintiff's motion and the arguments advanced therein should not be lost on the Court.

First, plaintiff argues that because the incident was captured on videotape that the deposition is unnecessary. This was the exact argument that the defendants made when the plaintiff started filing discovery requests that went far beyond the subject incident at the Enfield Warehouse, but rather sought information regarding Costco Warehouses worldwide, and requesting records that went back decades. However, plaintiff argued the overly broad and disproportionate discovery was necessary.

Second, plaintiff previously filed a motion and argued to this very Court that Costco should be required to produce corporate witnesses to testify as to what they did not know and policies and procedures that did not exist. The fact that these witnesses could not provide useful information was of no significance to the plaintiff. Yet plaintiff now claims that she should be permitted to be deposed only about topics that she unilaterally selects notwithstanding that information from her is *direct* evidence regarding the accident and her injuries.

A review of plaintiff's motion reflects that plaintiff's position concerning the scope of permissible discovery changes depending on whether she is the party seeking the discovery. While pressing for discovery at every turn from Costco, the Plaintiff waited to the last second to disclose a purported medical issue on the eve of her deposition. When pressed for documentation, plaintiff provided none forcing the defendant to re-notice the deposition.  On the eve of the re-noticed deposition, the plaintiff canceled again, this time insisting that while she can sit for a deposition, it can only be an hour long and she can only be asked questions on topics she picks (her damages, of course).  This Court should not condone Plaintiff's "unfettered discovery for me, but none for thee" approach.

Based on the foregoing, the defendants object to plaintiff's Motion for Protective Order.

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
          /s/ Miles Esty
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD | : | CIVIL NO. 3:24-CV-01102-KAD |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| COSTCO WHOLESALE | : | |
| CORPORATION; COSTCO | : | |
| WHOLESALE MEMBERSHIP, INC.; | : | |
| FRESHWATER MZL LLC | : | |
| | : | |
| Defendants | : | JUNE 9, 2026 |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of this document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
_____/s/ Miles Esty_____
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867