**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NANCY LABROAD, | ) | NO. 3:24-CV-1102(KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, *et al.*, | ) | JUNE 17, 2026 |
| *Defendants*. | ) | |

**ORDER OVERRULING**
**DEFENDANTS' [60] OBJECTION TO MAGISTRATE JUDGE VATTI'S [59] ORDER**
**DATED FEBRUARY 5, 2026**

Kari A. Dooley, United States District Judge:

Pending before the Court is Defendants' Costco Wholesale Corporation and Costco Wholesale Membership, Inc. (collectively, "Costco" or "Defendants") objection to Magistrate Judge Vatti's February 5, 2026 Order (ECF No. 59) (the "Order") overruling Costco's objection to designating a Rule 30(b)(6) witness. *See* Objection, ECF No. 60. Specifically, Costco objects to the Order on the grounds that Judge Vatti erroneously required discovery that is disproportionate to the needs of this case, and otherwise improperly expanded the scope of the Plaintiff's initial Notice of Deposition as to Costo's corporate designee (the "30(b)(6) Notice"). For the reasons that follow, Costco's Objection is **OVERRULED**.

**Procedural History**

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. In short, Plaintiff asserts a negligence claim against Costco arising from an accident in the parking lot of a Costco warehouse in Enfield, Connecticut, whereby Plaintiff was struck by a vehicle and injured.

As relevant here, on September 15, 2025, Costco filed a Motion to Quash the 30(b)(6) Notice. ECF No. 30. On October 23, 2025, Judge Vatti granted in part and denied in part Costco's Motion to Quash, narrowing the scope of the 30(b)(6) Notice and ordering that:

> [D]efendants shall designate a corporate representative to testify with respect to the following topics: (1) training, education, instructions and guidelines provided by Costco Wholesale to its managers concerning traffic safety, traffic warnings, and traffic patterns in Costco Wholesale parking lots during the period June 17, 2017, to June 22, 2022, which were applicable to warehouses in District 2 of the Northeast region; and (2) corporate policies, procedures, guidelines and instructions regarding pedestrian safety and risk mitigation in Costco Wholesale parking lots, parking areas and exterior walkways for the period June 17, 2017 to June 22, 2022, which were applicable to District 2 of the Northeast region.

October 23rd Order, ECF No. 41.

Judge Vatti further ordered Costco's corporate designee to produce various categories of related documents to Plaintiff, and otherwise indicated that "[Costco's] motion objecting to the remaining areas of inquiry and production requests relating to the [30(b)(6) Notice] is GRANTED but without prejudice to [P]laintiff seeking additional areas of inquiry or documents following the depositions of [Bill] Stanfield and the corporate designee." *See id.* On January 5, 2026, Costco requested that Judge Vatti convene a further hearing, insofar as "[a]fter reasonable inquiry," Costco was unable to designate a corporate representative who could testify regarding the topics enumerated in the October 23rd Order.[1] *See* ECF No. 53. Plaintiff, for her part, argued that notwithstanding Costco's assertions that it did not provide any training and instructions to managers concerning traffic safety in its parking lots ("Topic 1"), and does not otherwise have any "policies, provisions [or] instructions" regarding pedestrian safety and risk management in Costco parking areas ("Topic 2"), Costco should still be required to produce a corporate representative to

---

[1] It appears that Costco's January 5, 2026 Letter was initially mailed directly to Judge Vatti (as well as Plaintiff's counsel), as opposed to being filed on the public docket. Moving forward, Costco is directed to refrain from engaging in such practice.

testify in accordance with the 30(b)(6) Notice, as narrowed by the October 23rd Order.  *See* ECF No. 51.  Plaintiff additionally requested that Costco's corporate designee be required to "testify regarding the operation and 'predesign' efforts undertaken by [Costco]" in connection with the 2022 construction of a new pedestrian crosswalk at the subject Enfield location (the "2022 Project"), in light of related testimony adduced from Costco employee Bill Stanfield at a deposition on December 8, 2025.  *See id.*

Judge Vatti convened a hearing on the foregoing dispute (hereinafter, the "30(b)(6) Dispute") on February 4, 2026.  On February 5, 2026, Judge Vatti issued the Order, overruling Costco's objection and concluding that, notwithstanding Costco's concern as to designating a Rule 30(b)(6) witness with knowledge that does not exist, "the alleged nonexistence of responsive materials is, itself, a relevant fact on which an opposing party is entitled to develop evidence via Rule 30(b)(6)." ECF No. 59.  Judge Vatti further ordered that, in light of Mr. Stanfield's deposition testimony, Costco's corporate representative "must be prepared to address, as a subset of Topic 2, whether (and why or why not) design directives regarding vehicular traffic from the 2003 build of the Enfield warehouse were considered or implemented in the [2022 Project], and whether (and why or why not) Costco discussed parking lot/vehicular traffic related safety issues with the architect during the [2022 Project]." *See id.*

On February 17, 2026, Costco filed the instant Objection.  Plaintiff responded on March 9, 2026.  Pl. Response, ECF No. 62.  Costco filed a reply on March 13, 2026.  Costco Reply, ECF No. 64.

**Standard of Review**

"Under Federal Rule of Civil Procedure 72, a district judge reviews a 'pretrial matter not dispositive of a party's claim or defense' under the clearly erroneous or . . . contrary to law'

standard." *Royal Park Investments SA/NV v. U.S. Bank Nat'l Ass'n*, 285 F. Supp. 3d 648, 652 (S.D.N.Y. 2018) (quoting Fed. R. Civ. P. 72(a)); *see also* 28 U.S.C. § 636(b)(1)(A). "A ruling is 'clearly erroneous' if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Ungar v. City of New York*, 329 F.R.D. 8, 11 (E.D.N.Y. 2018) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "Similarly, under the 'contrary to law' standard of review, a district court may reverse a finding only if it finds that the magistrate failed to apply or misapplied relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (quotation marks, alterations, and citation omitted). "Pursuant to this highly deferential standard of review, magistrates are afforded broad discretion in resolving discovery disputes and reversal is appropriate only if their discretion is abused." *Ungar*, 329 F.R.D. at 11 (citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) ("This is a highly deferential standard, and the objector thus carries a heavy burden.").

"However, a pretrial matter that is 'dispositive of a claim or defense' is reviewed de novo." *Royal Park Investments*, 285 F. Supp. 3d at 652 (quoting Fed. R. Civ. P. 72(b)). "A ruling is 'dispositive' if it resolves substantive claims for relief rather than mere issues in the litigation." *In re Hulley Enterprises Ltd.*, 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019) (quotation marks and citation omitted). "Discovery orders generally are non-dispositive." *On-Line Techs., Inc. v. Perkin-Elmer Corp.*, 428 F. Supp. 2d 76, 80 (D. Conn. 2006) (citation omitted).

**Discussion**

Costco argues that Judge Vatti's Order erroneously required discovery that is disproportionate to the needs of this case, and expanded the scope of the 30(b)(6) Notice. Plaintiff asserts that Costco's Objection seeks to relitigate previously resolved discovery issues, and

otherwise fails to demonstrate that the Order is contrary to law and clearly erroneous.  The Court agrees with Plaintiff, and therefore, Costco's Objection is OVERRULED.

As a threshold matter, as posited by Plaintiff, the Objection appears to challenge the October 23rd Order, which required Costco to designate a corporate representative to testify with respect to Topic 1 and Topic 2.  Costco essentially asserts that complying with the October 23rd Order at this juncture would be overly burdensome and disproportionate to the needs of this case.  But Costco failed to timely object to the October 23rd Order.  Any challenges thereto have thus been waived.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).  Accordingly, to the extent the instant Objection is a challenge to the October 23rd Order, it is overruled.

As to the Order actually under consideration, the Court cannot conclude that it is clearly erroneous or contrary to law.  In issuing the Order, Judge Vatti overruled Costco's objection to designating a 30(b)(6) witness, and reiterated that Costco was still required to comply with the October 23rd Order notwithstanding its purported inability to identify a 30(b)(6) witness that could testify as to Topic 1 and Topic 2.  *See* ECF No. 59.  Judge Vatti correctly determined that the purported nonexistence of any materials regarding Costco's "training, education, instructions and guidelines" or "corporate policies, procedures, guidelines and instructions" concerning parking lot safety "is, itself, a relevant fact on which [Plaintiff] is entitled to develop evidence via Rule 30(b)(6)." *Id.*  In this regard, the Court agrees with Plaintiff that declarations or "[t]he arguments of counsel are no substitute for a deposition."  *See* Pl. Response at 8.  If Costco's corporate designee "*genuinely* does not have knowledge on [Topic 1 and Topic 2], [the designee] should be prepared testify concerning [Costco's] efforts to obtain this information and why it lacks sufficient knowledge to testify . . ." *Klorczyk v. Sears, Roebuck & Co.*, No. 3:13-CV-257 (HBF), 2015 WL 1600299, at *5 (D. Conn. Apr. 9, 2015) (emphasis in original).  And as Judge Vatti correctly

observed, Costco's "'we-don't-know' response can be binding on the corporation and prohibit it from offering evidence at trial on those points." *See id.* at *4. Moreover, it is not disproportionate, much less clearly erroneous or contrary to law, to require Costco to produce a corporate designee to assert under oath that, indeed, Costco has no knowledge as to Topic 1 and/or Topic 2— particularly where Costco appears to have already compiled the materials required to support its "we don't know" response(s).[2] *See* Objection at 7.

Costco also challenges the Order insofar as Judge Vatti purportedly expanded the scope of the 30(b)(6) Notice by requiring, "based on the foundation [P]laintiff developed during the Stanfield deposition," that Costco's corporate designee testify, "as a subset of Topic 2, whether (and why or why not) design directives regarding vehicular traffic from the 2003 build of the Enfield warehouse were considered or implemented in the 2021/2022 ADA upgrade process for the parking lot, and whether (and why or why not) Costco discussed parking lot/vehicular traffic related safety issues with the architect during the [2022 Project]."[3] *See* Objection at 13–14. In short, Costco argues that the Order erroneously compels its corporate designee to testify on subjects to which Plaintiff did not seek testimony. The Court is not persuaded.

Bill Stanfield is a Costco employee, and was the project manager purportedly involved in the 2022 Project. At his deposition, Mr. Stanfield testified that he was not involved in the 2022 Project until after the completion of its "predesign" phase involving architects and Costco

---

[2] Costco urges that the importance of the 30(b)(6) discovery at issue is "minimal," insofar as Plaintiff already has in her possession hundreds of pages of documents pertaining to Topic 1 and Topic 2 (or Costco's lack of knowledge thereof). To be sure, "[l]ike other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26—deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'" *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-9371 (SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (citations omitted). Nevertheless, Costco has not sufficiently demonstrated that the Order, in reaffirming Costco's obligation to designate a 30(b)(6) witness despite its purported lack of knowledge as to Topic 1 and Topic 2, requires disproportionate discovery and was clearly erroneous.

[3] To the extent Costco otherwise contends that the October 23rd Order erroneously expanded the scope of the 30(b)(6) Notice, *see* Objection at 13, as set forth above, such arguments have been waived.

6

operations.  Plaintiff argues that in light of this testimony, it is clear that Costco operations "is directly involved in the planning and predesign of construction projects at its locations," and thus, "Plaintiff is entitled to depose a representative who can testify regarding [Costco's] position and knowledge, if any, regarding pedestrian safety and risk mitigation in projects and ongoing operation of [Costco's] locations."  Costco urges that the Order, in requiring such testimony, misapprehends both Mr. Stanfield's deposition testimony, as well as Costco's "Warehouse Development Guidelines."

The Court first observes that the parties' arguments derive from competing interpretations of Mr. Stanfield's testimony and the resulting import of his testimony on the issues in the case. But these competing narratives are not for the Court to resolve on a discovery dispute.  Indeed, such competing narratives support the conclusion that additional discovery may well be warranted.

Further, Judge Vatti reasonably concluded that the testimony sufficiently suggests that Costco employees are involved, in some fashion, in the planning and implementation of construction projects at their warehouse locations, and that evidence regarding the same is properly within the scope of Rule 26 discovery.  Additionally, Judge Vatti did not commit clear error by basing the Order, in part, on the text of Costco's Warehouse Development Guidelines.  Indeed, that such Guidelines might pertain only to "new builds" does not preclude further inquiry into whether Costco employees other than Mr. Stanfield (*see* Objection at 14), in fact, consulted the Guidelines in connection with the 2022 Project, or were (or were not) otherwise involved in planning and/or implementing the 2022 modifications.  Finally, the Court observes that during the deposition of the 30(b)(6) designee, Costco's designee is free to testify as to any purported misapprehension regarding the extent to which design directives applicable to the initial construction of the Enfield Costco warehouse in 2003 were applicable (or not) to the 2022 Project.

Ultimately, the standard of review on a Rule 72 objection is "highly deferential," and in light of all of the foregoing, the Court is not left with a "definite and firm conviction" that the Order was clearly erroneous or contrary to law. *See Ungar*, 329 F.R.D. at 11. Therefore, the Objection is OVERRULED.

**Conclusion**

For all of the above-stated reasons, Costco's Objection is **OVERRULED** in its entirety.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of June 2026.


 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE