**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

NANCY LABROAD
*Plaintiff* — No. 3:24-cv-01102-KAD

v.

COSTCO WHOLESALE CORPORATION,
COSTCO WHOLESALE MEMBERSHIP, INC.,
FRESHWATER MZL LLC,
*Defendants*

v.

FRESHWATER MZL LLC,
REGINA FELPER,
*Apportionment Defendants* — July 16, 2026

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL SUBPOENAED RECORDS OF REGINA FELPER

In this case, there are only two percipient witnesses to the accident that is the subject of the lawsuit–the plaintiff herself, and the driver of the car that allegedly knocked her down, Regina Felper. The facts of the accident in this case are not in dispute as it was captured on CCTV video. Felper "turns left without stopping and collides with Labroad who was in the crosswalk." ECF 60-1 at 7. Felper "failed to perceive a pedestrian who was approximately 14 feet into a clearly marked crosswalk" and admitted "she felt it was time for her not to drive based on her age and knowing this incident could have been a lot worse." *Id.* Felper's license was seized after the accident. *Id.* All of these facts demonstrate the fact that the medical status of Felper is relevant to the defense of Costco in this case. Yet, while the Court, Vatti, J., recently granted Costco's motion to serve a deposition subpoena upon Felper by mailing a copy to Felper and serving a copy on the assisted living facility where she resides, ECF 75, that facility has resisted attempts to subpoena her relevant medical records concerning her health around the time of the accident in advance of her deposition. Specifically, counsel for the assisted living facility, Glenmeadow, have refused to comply with a subpoena for Felper's medical records. First, Glenmeadow argued that the subpoena

sought the production of documents without proper authorization under HIPAA. Then, after acknowledging that the records could be produced under HIPAA in view of the Court's protective order, Glenmeadow objected and argued that Massachusetts law precluded compliance. Because state laws like Massachusetts' are preempted by HIPAA, the Court should overrule Gleanmeadow's objection and compel the production of Felper's records.

## BACKGROUND

On May 14, 2026, Costco served a subpoena on the Keeper of Records of Glenmeadow Retirement Community seeking any and all documents related to Felper, including but not limited to her medical records from June 22, 2019 to present. Ex. A. As the police report from the accident shows, Felper herself admitted that she failed to perceive the plaintiff pedestrian due to her age and health. The purpose of this subpoena therefore was to obtain in advance of Felper's deposition relevant medical records concerning her physical and mental condition around the time of the accident, which relate directly to Costco's defenses concerning the causation of the accident.

On May 18, 2026, Glenmeadow served its objections to the subpoena under Rule 45. Ex. B. Glenmeadow objected to the subpoena insofar as it sought the production of documents "without proper authorization," Ex. B. at 1, and further argued that "compliance with the request would be violative of privacy and confidence reality obligations to which Glenmeadow is subject, including, but not limited to those provide provided by 940 C.M.R. 4.08 (12) and G.L.C 93A § 2, Ex. B at 2-4.

On June 1, 2026, Costco responded to Glenmeadow with a copy of the Court's Standing Protective Order, as well as a copy of the court docket that reflects the Protective Order was entered on June 25, 2024. Ex. C. Costco advised that "[t]he Court's Standing Protective Order complies with 45 CFR §§ 164.512(e)(1)(iv) (setting forth when an authorization is not required)" and further stated that it would "designate all records produced as CONFIDENTIAL under the Order." Ex. C at 2.

On June 3, 2026, Glenmeadow acknowledged that the standing protective order "satisfies HIPAA concerns." Ex. C at 2. Yet Glenmeadow nevertheless insisted that under "940 C.M.R. sec. 4.08(12), Glenmeadow is bound not to release its residents personal or medical records without authorization or "as required by law …" *Id.* Glenmeadow argued that under the state regulation, it would "need a court order to relieve us of the CMR obligations." *Id.* On June 8, 2026, Costco responded that HIPAA preempted State law, and, even if not preempted, the issuance of a lawful subpoena mandated compliance "as required by law." *Id.* Glenmeadow replied that "Massachusetts courts interpret HIPAA as a floor, not a ceiling, and therefore more stringent Massachusetts laws related to patient privacy are not preempted." *Id.* On June 23, 2026, counsel for Costco and Glemeadow discussed the matter further and advised that unless Costco obtained an authorization from Felper or an order from the Court on a motion to compel, it would not comply with the subpoena.

## LEGAL STANDARDS

### I. Disclosures for which an authorization or opportunity to agree or object is not required.

The HIPAA regulations provide, as relevant here, that "[a] covered entity may disclose protected health information in the course of any judicial or administrative proceeding: (ii) in response to a subpoena, discovery request, or other lawful process, that is not accompanied by an

order of a court or administrative tribunal, if: (A) the covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section." 45 CFR §§ 164.512(e)(1)(ii)(B).

"For the purposes of paragraph (e)(1)(ii)(B) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information, if the covered entity receives from such party a written statement and accompanying documentation demonstrating that: (A) The parties to the dispute giving rise to the request for information have agreed to a qualified protective order and have presented it to the court or administrative tribunal with jurisdiction over the dispute." 45 CFR § 164.512(e)(1)(iv).

**II. Preemption Of State Law**

The HIPAA regulations further provide, as relevant here, that "A standard, requirement, or implementation specification adopted under this subchapter that is contrary to a provision of State law preempts the provision of State law. This general rule applies, except if one or more of the following conditions is met: (b) The provision of State law relates to the privacy of individually identifiable health information and is more stringent than a standard, requirement, or implementation specification adopted under subpart E of part 164 of this subchapter." 45 CFR § 160.203(b).

## ARGUMENT

**I. HIPAA Permits Production Of Records Under Protective Order**

As Glenmeadow has already conceded, Ex. C at 2, the HIPAA regulations expressly permits the production of protected health records where, as in this case, there is a protective

order entered by the Court. *See* ECF 9 (standing protective order); 45 CFR §§ 164.512(e)(1)(ii)(B) (authorization not required for disclosure of protected health information); 45 CFR § 164.512(e)(1)(iv) (such disclosure permitted where protective order entered by Court). This is fatal to Glenmeadow's argument that unless Costco obtained an authorization from Felper,, it would not comply with the subpoena. The motion should be granted.

**II. HIPAA Preempts State Law**

Massachusetts' Attorney General promulgated 940 CMR 4.00 under the Unfair Practices statute, M.G.L. c. 93A, § 2(c) in respect oof consumers of services provided by long-term care facilities. Advisory notes 940 CMR 4.00. That section "defines certain unfair or deceptive acts or practices." *Id.* § 4.08(12) provides that it is an unfair or deceptive act for a long term care facilities administrator "to release a resident's personal or medical record to any individual outside the facility without the prior written authorization of the resident or his/her legal representative except in case of his/her transfer to another health care institution **or as required by law** or third-party contract." (emphasis added).

The Massachusetts regulation is no more stringent than HIPAA: both require patient consent before disclosure but provide for certain exceptions to that rule. Here, the issuance of a lawful subpoena under Federal Rule of Civil Procedure 45 mandates compliance by Glenmeadow "as required by law" consistent with 940 CMR 4.08(12). Specifically, upon the issuance of a proper subpoena under Rule 45 as in the instant case, a person responding to a subpoena "must produce" the requested documents, 45(e)(1)(A), and, if that person fails without adequate excuse to obey the subpoena, may be held in Contempt. Rule 45(g).

Indeed, a Massachusetts court applied the foregoing reasoning in respect of the exact same statute to order the production of records by a nursing home like Glenmeadow in *Mercier*

*v. Courtyard Nursing Care Ctr.*, 25 Mass. L. Rep. 461 (Middlesex Sup. Ct. June 11, 2009) (Fremont-Smith, J.). There, the nursing home defendants "contend[ed] that both the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and Massachusetts law (940 C.M.R. 4.08) prohibit the disclosure of the requested medical records." *Id.* However, the Court expressly found that "both HIPAA and 940 C.M.R. 4.081 contain exceptions to the general prohibition against disclosure of medical records without a patient's authorization, that permit disclosure of medical records as "required by law." *Id.* Because the Massachusetts regulation is not more stringent than the HIPAA regulation, the Massachusetts regulation is preempted.

Indeed, it bears emphasis that the *Mercier* Court further held that, even if preemption somehow did not apply, the records should be ordered to be produced:

> Although our research has disclosed no case interpreting the phrase "as required by law" as used in 940 C.M.R. 4.08(12), Massachusetts courts have interpreted that phrase, as it appears in other Massachusetts laws, in at least one case to permit disclosure. The Supreme Judicial Court held that G.L.c. 147, §28, which, prior to its amendment had prohibited disclosure by a private investigator "except as his employer may direct, or as he may be required by law to do," did not create a testimonial privilege. Attorney General v. Pelletier, 240 Mass. 264, 307, 134 N.E. 407 (1922), holding private investigators are required by law to provide information "concerning an issue under investigation in court" and that G.L.c. 147, §28 "was not intended to hamper the administration of justice." Id. **Accordingly, this Court finds that disclosure of the requested medical records in response to this Court's order would not be prohibited by HIPAA and that, even if Massachusetts law controls (i.e. is not preempted by HIPAA) this Court's order requiring the production of the nursing home records of the assailant in this case will comport with the "as required by law" exception in 940 C.M.R. §4.08(12).**

*Mercier*, 25 Mass. L. Rep. 461 (emphasis added), *citing* 940 C.M.R. 4.08(12) (ordering production of records). Glenmeadow's objection should be overruled, and the motion to compel granted.

## CONCLUSION

The Court has given Costco leave to effectuate alternate service of a deposition subpoena on Felper, one of two percipient witnesses to the accident that is the subject of this case. Her medical records–concerning her physical and mental condition around the time of the accident–are undisputedly relevant to the claims of the plaintiff and the defenses of Costco concerning the causation of the accident, and must be obtained and reviewed in advance of Felper's deposition. Glenmeadow has been provided with a duly entered protective order which it concedes complies with the requirements of HIPAA, yet still refuses to comply with the lawfully-issued subpoena for Felper's records. The motion to compel should be granted.

Respectfully submitted,

DEFENDANTS COSTCO WHOLESALE CORPORATION AND COSTCO WHOLESALE MEMBERSHIP, INC.

By their attorneys,

______/s/Miles Esty___________________
Miles Esty
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678
Fax: (203) 288-9974
mesty@estyandbuckmir.com

**CERTIFICATION**

I hereby certify that on July 16, 2026, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing, and by email to counsel for Glenmeadow, Elizabeth S. Zuckerman, Bulkley, Richardson and Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA 01115, ezuckerman@bulkley.com. Parties may access this filing through the Court's CM/ECF System.

______/s/Miles Esty___________________
Miles Esty

**EXHIBIT A**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

DISTRICT OF CONNECTICUT

NANCY LABROAD
*Plaintiff*
v.
COSTCO WHOLESALE CORPORATION, ET AL
*Defendant*

Civil Action No. 3:24-CV-01102-KAD

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Keeper of Records of Glenmeadow Retirement Community, 24 Tabor Xing, Longmeadow, MA 01106

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Coughlin Betke LLP, 175 Federal Street, 14th Floor, Boston, MA O2110 | Date and Time: 05/28/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically recorded

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents related to Regina Felper (DOB: 5/4/1929) including, but not limited to: 1.Resident applications and forms. 2.Glenmeadow Intake forms. 3.Medical records from June 22, 2019 to present. 4.Assessments of physical and cognitive functions. 5.Assessments related to her ability to do activities of daily living including but not limited to driving a car. 6.Glenmeadow observation evaluation and/or update reports.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/14/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Costco Wholesale Corp. & Costco Wholesale Membership, Inc. , who issues or requests this subpoena, are:

Miles Esty, Esq., Esty & Buckmir, LLC, 2285 Whitney Avenue, Hamden, CT 06518, mesty@estyandbuckmir.com, 203-248-5678

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:24-CV-01102-KAD

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

☐ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD<br><br>Plaintiff<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; FRESHWATER MZL LLC<br><br>Defendants | : | CIVIL NO. 3:24-CV-01102<br><br><br><br><br><br><br><br>MAY 14, 2026 |

**NOTICE OF DEPOSITION**

TO: All Counsel of Record

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, defendants, Costco Wholesale Corporation and Costco Wholesale Membership, Inc., will take the deposition of the **Keeper of Records of Glenmeadow Retirement Community** to be used for discovery purposes and/or at the trial thereof, and/or any other purpose permitted by law, on **May 28, 2026** at **10:00 a.m.** in person at **Coughlin Betke LLP, 175 Federal Street, 14th Floor, Boston, MA 02110**.

Said deposition will be recorded by stenographic means as well as videotaped and will continue until it is adjourned. The examination will be subject to further continuance from time-to-time and place-to-place until completed.

Further, you are requested to produce the following at the time of the deposition:

**Any and all documents related to Regina Felper (DOB: 5/4/1929) including, but not limited to:**

1. **Resident applications and forms.**
2. **Glenmeadow Intake forms.**
3. **Medical records from June 22, 2019 to present.**
4. **Assessments of physical and cognitive functions.**
5. **Assessments related to her ability to do activities of daily living including but not limited to driving a car.**
6. **Glenmeadow observation, evaluation and/or update reports.**

***The above documents may be produced in lieu of appearing for the deposition.**

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.
/s/ Miles Esty
Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY LABROAD<br><br>Plaintiff<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION; COSTCO WHOLESALE MEMBERSHIP, INC.; FRESHWATER MZL LLC<br><br>Defendants | : | CIVIL NO. 3:24-CV-01102<br><br><br><br><br><br><br><br>MAY 14, 2026 |

**CERTIFICATE OF SERVICE**

I certify that a copy of the above was or will immediately be mailed or delivered electronically or non-electronically on this date to all counsel and self-represented parties of record and that written consent for electronic delivery was received from all counsel and self-represented parties of record who were or will immediately be electronically served:

Andrew Boivin, Esq.
Law Offices of Balzano & Tropiano PC
321 Whitney Avenue
New Haven, CT 06511
aboivin@balzanoandtropiano.com

Brendan K. Nelligan
Kennedy, Johnson, Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT 06511
bnelligan@kennedyjohnson.com

THE DEFENDANTS,
COSTCO WHOLESALE CORPORATION &
COSTCO WHOLESALE MEMBERSHIP, INC.

/s/ Miles Esty

Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
Tel: (203) 248-5678/Fax: (203) 288-9974
E-Mail: mesty@estyandbuckmir.com
Fed Bar No. CT#: 08867

**EXHIBIT B**

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| NANCY LABROAD,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, ET AL.<br><br>Defendants | Civil Action No.<br>3:23-CV-01102-KAD |

## GLENMEADOW RETIREMENT COMMUNITY'S OBJECTION TO SUBPOENA

Pursuant to Federal Rule of Civil Procedure 26 and 45(d)(2)(B), Glenmeadow Retirement Community ("Glenmeadow") hereby objects to the subpoena duces tecum ("Subpoena") served upon it in the above-captioned matter as follows:

## GENERAL OBJECTIONS TO THE SUBPOENA

Glenmeadow incorporates the following general objections and reservations of rights in response to each of the Subpoena's document requests.

1. Glenmeadow objects to the Subpoena to the extent it seeks the production of documents without proper authorization or outside the jurisdiction permitted by law.
2. Glenmeadow objects to the production of any documents or information protected by the attorney-client privilege or the work-product doctrine.
3. Glenmeadow objects to the Subpoena to the extent it surpasses the scope of discovery permitted by the Federal Rules of Civil Procedure.
4. Glenmeadow objects to the disclosure of any confidential, personal, or private information to any person without the requisite authorization.

5. Glenmeadow objects to the disclosure of documents which are no longer in its possession, custody or control.
6. Glenmeadow objects to the Subpoena to the extent that it seeks documents already in the possession, custody or control of the proponent of the subpoena or more readily attainable from sources other than Glenmeadow.

## SPECIFIC OBJECTIONS TO THE DOCUMENT REQUESTS

**Any and all documents related to Regina Felper (DOB: 5/4/1929) including but not limited to:**

1. **Resident applications and forms**

   **Response No 1.**: Glenmeadow objects to Request No. 1 as overbroad, unduly burdensome, oppressive, and disproportionate to its role as a non-party. The request is not temporally limited and calls for any and all documents regarding a specific individual, regardless of relevance to the matter in question. Furthermore, compliance with the request would be violative of privacy and confidentiality obligations to which Glenmeadow is subject, including but not limited to those provided by 940 C.M.R. 4.08(12) and G.L. c. 93A, § 2.

2. **Glenmeadow Intake forms**

   **Response No. 2**. Glenmeadow objects to Request No. 2 as overbroad, unduly burdensome, oppressive, and disproportionate to its role as a non-party. The request is not temporally limited, and calls for confidential, proprietary business information. Furthermore, compliance with the request would be violative of privacy and confidentiality obligations to which Glenmeadow is subject, including but not limited to those provided by 940 C.M.R. 4.08(12) and G.L. c. 93A, § 2.

3. **Medical records from June 22, 2019 to present**

**Response No. 3.** Glenmeadow objects to Request No. 3 as overbroad, unduly burdensome, oppressive, and disproportionate to its role as a non-party. The request is not temporally limited. Furthermore, compliance with the request would be violative of privacy and confidentiality obligations to which Glenmeadow is subject, including but not limited to those provided by 940 C.M.R. 4.08(12) and G.L. c. 93A, § 2.

4. **Assessments of physical and cognitive functions**

**Response No. 4.** Glenmeadow objects to Request No. 4 as overbroad, unduly burdensome, oppressive, and disproportionate to its role as a non-party. The request is not temporally limited, and calls for confidential, proprietary business information. Furthermore, compliance with the request would be violative of privacy and confidentiality obligations to which Glenmeadow is subject, including but not limited to those provided by 940 C.M.R. 4.08(12) and G.L. c. 93A, § 2.

5. **Assessments related to her ability to do activities of daily living including but not limited to driving a car**

**Response No. 5.** Glenmeadow objects to Request No. 5 as overbroad, unduly burdensome, oppressive, and disproportionate to its role as a non-party. The request is not temporally limited and calls for confidential, proprietary business information. Furthermore, compliance with the request would be violative of privacy and confidentiality obligations to which Glenmeadow is subject, including but not limited to those provided by 940 C.M.R. 4.08(12) and G.L. c. 93A, § 2.

**6. Glenmeadow Observation evaluation and/or update reports.**

Glenmeadow objects to Request No. 6 as overbroad, unduly burdensome, oppressive, and disproportionate to its role as a non-party. The request is not temporally limited and calls for confidential, proprietary business information. Furthermore, compliance with the request would be violative of privacy and confidentiality obligations to which Glenmeadow is subject, including but not limited to those provided by 940 C.M.R. 4.08(12) and G.L. c. 93A, § 2.

THE SUBPOEANED NON-PARTY,
GLENMEADOW RETIREMENT COMMUNITY
By Its Attorney,

Dated: May 18, 2026

Elizabeth S. Zuckerman, Mass. BBO # 673190
Bulkley, Richardson and Gelinas, LLP
1500 Main Street - Suite 2700
P.O. Box 15507
Springfield, MA 01115
Tel.: (413) 781-2820
Fax: (413) 272-6803
ezuckerman@bulkley.com

**CERTIFICATE OF SERVICE**

I, Elizabeth S. Zuckerman, hereby certify that I served a true copy of the foregoing document upon the following counsel of record via first-class mail and e-mail on this 18th day of May, 2026:

Miles Esty, Esq.
Esty & Buckmir, LLC
2285 Whitney Avenue
Hampden, CT 06518
mesty@estyandbuckmir.com

Andrew Boivin, Esq.
Law Offices of Balzano & Tropiano, PC
321 Whitney Avenue
New Haven, CT 06511
aboivin@balzanoandtropiano.com

Brendan K. Nelligan, Esq.
Kennedy, Johnson, Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT 06511
bnelligan@kennedyjohnson.com

Elizabeth S. Zuckerman

**EXHIBIT C**

**From:** "Zuckerman, Elizabeth" <ezuckerman@bulkley.com>
**Subject:** **RE: Nancy Labroad v. Costco Wholesale Corporation, et al.**
**Date:** June 8, 2026 at 2:49:00 PM EDT
**To:** Miles Esty <mesty@estyandbuckmir.com>
**Cc:** "aboivin@balzanoandtropiano.com" <aboivin@balzanoandtropiano.com>, "bnelligan@kennedyjohnson.com" <bnelligan@kennedyjohnson.com>, "Bond, Catherine" <cbond@bulkley.com>, Ashley Erickson <adeangelo@estyandbuckmir.com>

CAUTION: **This email originated from outside of the organization. Do not respond if sender claims to be somebody from within the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.**

Miles,

Based upon past issues with overlapping Massachusetts state law and HIPPA, our understanding is that Massachusetts courts interpret HIPPA as a floor, not a ceiling, and therefore more stringent Massachusetts laws related to patient privacy are not preempted.

That said, I'd be happy to discuss this. When are you available tomorrow or later in the week?

Thank you.

**Elizabeth S. Zuckerman**
Partner
E: ezuckerman@bulkley.com
P: 413-272-6219 F: 413-707-0073
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700, Springfield, MA 01115
BULKLEY RICHARDSON

This e-mail communication, including all attachments to it, contains information from the law firm of Bulkley, Richardson and Gelinas, LLP that may be confidential and privileged. This information is intended only for the use of the listed recipient(s). If you are not an intended recipient, you may not review, copy, or distribute this message or any attachment thereto. If you have received this communication in error, please notify the sender immediately by e-mail and delete the original message.

**From:** Miles Esty <mesty@estyandbuckmir.com>
**Sent:** Monday, June 8, 2026 10:59 AM
**To:** Zuckerman, Elizabeth <ezuckerman@bulkley.com>
**Cc:** aboivin@balzanoandtropiano.com; bnelligan@kennedyjohnson.com; Bond, Catherine <cbond@bulkley.com>; Ashley Erickson <adeangelo@estyandbuckmir.com>
**Subject:** Re: Nancy Labroad v. Costco Wholesale Corporation, et al.

[EXTERNAL EMAIL]

Dear Elizabeth,

Please accept the following in response to your email of last week.

As an initial matter, the HIPAA regulation cited below preempts the Massachusetts regulation you referenced. *See* 45 C.F.R. § 160.203 (preemption regulation); *see also* 42 USCS § 1320d-7(a) (statute). The purpose of this regulation was to prevent the application of state laws or regulation in the manner you suggest. *See Standards for Privacy of Individually Identifiable Health Information*, 64 Fed. Reg. 59918,60000 (Nov. 3, 1999) ("Rather, the effect of [the statute] is to give preemptive effect to State laws that would otherwise be in effect, to extent they conflict with and are more stringent than the requirements promulgated under the Administrative Simplification authority of HIPAA."). As you have agreed that the HIPAA requirements have been satisfied, Glenmeadow Retirement must comply with the lawful subpoena.

Second, even if somehow the Massachusetts regulations was not preempted, the issuance of a lawful subpoena under Federal Rule of Civil Procdure 45 mandates compliance by Glenmeadow "as required by law" consistent with 940 CMR 4.08(12). Specifically, upon the issuance of a proper subpoena under Rule 45 as in the instant case, a person responding to a subpoena "must produce" the requested documents, 45(e)(1)(A), and, if that person fails without adequate excuse to obey the subpoena, may be held in Contempt. Rule 45(g).

Please contact me after you have had the opportunity to review the above.

Thank you.

Miles

Miles N. Esty

Miles N. Esty
Esty & Buckmir, LLC
2285 Whitney Avenue
Hamden, CT 06518
203-248-5678
https://url.avanan.click/v2/r01/___www.estyandbuckmir.com___.YXAzOmVzdHlhbmRidWNrbWlyOmE6bzpiODkzZjNhNzNlZTQzNmE5ZDA5MjVjOTg3NWVkMDRhMDo3OjU3Nml6NjFhMjkyOWEwM2NhZjY1OWIyYTU2NGI3NzAzYmQwODNlMzgwNTQ5ZGFhMzY0NDMwYTI0YjlxNWUzYTUwYWYyNzp0OkY6Rg

On Jun 3, 2026, at 1:56 PM, Zuckerman, Elizabeth <ezuckerman@bulkley.com> wrote:

CAUTION: This email originated from outside of the organization. Do not respond if sender claims to be somebody from within the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Miles,

Thank you for providing a copy of the standing protective order. I agree with you that this satisfies HIPAA concerns. However, as stated in the section of the Code of Massachusetts Regulations which I cited in the objections, 940 C.M.R. sec. 4.0908(12), Glenmeadow is bound not to release its residents personal or medical records without authorization or "as required by law…." Our reading of the regulation is that we need a court order to relieve us of the CMR obligations.

In order to potentially find a path through this, can you please tell me whether there has been any effort to get Ms. Felper or her representative's authorization for the release of these records, or at minimum, to give them notice of the subpoena?

Thanks very much.

**Elizabeth S. Zuckerman**
Partner
E: ezuckerman@bulkley.com
P: 413-272-6219 F: 413-707-0073
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700, Springfield, MA 01115
<~WRD2401.jpg>

This e-mail communication, including all attachments to it, contains information from the law firm of Bulkley, Richardson and Gelinas, LLP that may be confidential and privileged. This information is intended only for the use of the listed recipient(s). If you are not an intended recipient, you may not review, copy, or distribute this message or any attachment thereto. If you have received this communication in error, please notify the sender immediately by e-mail and delete the original message.

**From:** Miles Esty <mesty@estyandbuckmir.com>
**Sent:** Monday, June 1, 2026 1:18 PM
**To:** Zuckerman, Elizabeth <ezuckerman@bulkley.com>
**Cc:** aboivin@balzanoandtropiano.com; bnelligan@kennedyjohnson.com; Bond, Catherine <cbond@bulkley.com>; Ashley Erickson <adeangelo@estyandbuckmir.com>
**Subject:** RE: Nancy Labroad v. Costco Wholesale Corporation, et al.

[EXTERNAL EMAIL]

Dear Atty Zuckerman,

I am writing to you in response to your objections to the subpoena and requests directed to Glenmeadow Retirement Community.

I have attached hereto a copy of the Court's Standing Protective Order as well as a copy of the court docket that reflects the Protective Order was entered on June 25, 2024. The Court's Standing Protective Order complies with 45 CFR §§ 164.512(e)(1)(iv) (setting forth when an authorization is not required). Please note that we are willing to designate all records produced as "CONFIDENTIAL" under the Order.

Based on the foregoing, we believe that an authorization is not required and would request that you contact me to discuss the production of the materials requested.

I look forward to hearing from you.

Regards,

Miles

Miles N. Esty
Esty & Buckmir, LLC
2285 Whitney Ave.
Hamden, CT 06518
Phone: 203-248-5678
Fax: 203-288-9974
https://www.esty-buckmir.com/

---

**From:** Bond, Catherine <cbond@bulkley.com>
**Sent:** Monday, May 18, 2026 12:25 PM
**To:** Miles Esty <mesty@estyandbuckmir.com>
**Cc:** Zuckerman, Elizabeth <ezuckerman@bulkley.com>; aboivin@balzanoandtropiano.com; bnelligan@kennedyjohnson.com
**Subject:** Nancy Labroad v. Costco Wholesale Corporation, et al.

CAUTION: This email originated from outside of the organization. Do not respond if sender claims to be somebody from within the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Mr. Esty:

In connection with the above-captioned matter, attached please find correspondence from Attorney Elizabeth Zuckerman along with Glenmeadow Retirement Community's Objection to Subpoena.

Best Regards,
Catherine

**Catherine Bond**
Legal Assistant
E: cbond@bulkley.com
P: 413-272-6336 F: 413-707-0073
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700, Springfield, MA 01115
<image001.jpg>

---

This e-mail communication, including all attachments to it, contains information from the law firm of Bulkley, Richardson and Gelinas, LLP that may be confidential and privileged. This information is intended only for the use of the listed recipient(s). If you are not an intended recipient, you may not review, copy, or distribute this message or any attachment thereto. If you have received this communication in error, please notify the sender immediately by e-mail and delete the original message.

---